United States District Court
Southern District of Texas
FILED

OCT 1 5 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CLAUDIA GONZALEZ | § § | |
| VS. | § § | CIVIL ACTION NO. B-03-125 |
| STAPLES THE OFFICE SUPERSTORE d/b/a STAPLES THE OFFICE SUPERSTORE EAST, INC. | § § § § | |

## DISCOVERY/CASE MANAGEMENT PLAN

TO THE HONORABLE COURT:

NOW COMES STAPLES THE OFFICE SUPERSTORE d/b/a/ STAPLES THE OFFICE SUPERSTORE EAST, INC., Defendant (hereinafter, "Defendant") in the above entitled and numbered cause, and file this its Discovery/Case Management Plan, pursuant to this Court's order. Defendant attempted to confer with Plaintiff's counsel, as required by Rule 26(f), prior to the filing of this Plan. Attached to this Plan as Exhibit "A" is the most recent attempt to confer with counsel, at which time a draft plan was provided for review.

Because no Rule 26(f) conference has been conducted, Defendant cannot represent to the Court whether Plaintiff is in agreement with the information set forth herein. Defendant's counsel will continue to attempt to confer with Plaintiff's counsel prior to the Initial Pre-Trial Conference, which is scheduled for Thursday, October 23 at 1:30 p.m.

1. **State where and when the meeting of the parties required by Rule 26(f) was held, and identify who attended for each party.**

   Counsel for Plaintiff and Defendant have not conducted a Rule 26(f) conference. *See* Exhibit "A".

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

   Defendant is not aware of any related cases in any pending state or federal court.

3. **Briefly describe what this case is about.**

   Plaintiff has brought this premises liability case for injuries allegedly sustained when Plaintiff was allegedly struck by the sliding doors at the store exit/entrance. The incident occurred on or about September 1, 2001.

4. **Specify the allegation of federal jurisdiction.**

   Federal jurisdiction is proper in this case based on diversity of citizenship, 28 U.S.C. § 1332.

5. **Name the parties who disagree and the reasons.**

   It is unknown whether Plaintiff disputes diversity jurisdiction.

6. **List anticipated additional parties that should be included, when they can be added, and by whom they were wanted.**

   The company that contracted to provide maintenance service for the door in question may be necessary. Defendant would prefer to conduct initial discovery before making a decision as to whether this additional party should be included. This additional party may be included by Defendant.

7. **List anticipated interventions.**

   Defendant is unaware of any anticipated interventions at this time.

8. **Describe class-action issues.**

   Defendant is unaware of any class-action issues.

9. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangement that have been made to complete the disclosures.**

   Defendant will make the initial disclosures required by Rule 26(a) in accordance with Rule 26(a)(1). Accordingly, these disclosures will be made by Monday, October 27, 2003.

10. **Describe the proposed agreed discovery plan, including:**

    A. **Responses to all the matters raised in Rule 26(f).**

    (1) Defendant will serve the required the initial disclosures by Monday, October 27, 2003.

    (2) Discovery may be needed on all issues of liability and damages. Defendant does not believe that discovery should be conducted in phases or will be limited to certain issues at this time. Furthermore, Defendant contends that discovery should be completed by May 31, 2004.

    (3) Defendant is not aware of any changes that should be made in the limitations on discovery.

    (4) Defendant is not aware of any other Orders that should be entered by the Court at this time pursuant to Rule 26(c) or 16(b).

    B. **When and to whom the plaintiff anticipates it may send interrogatories.**

    Unknown

    C. **When and to whom the defendant anticipates it may send interrogatories.**

    Defendant anticipates sending interrogatories to Plaintiff. Defendant anticipates sending these interrogatories during the next two to three months.

      D.    **Of whom and by when the plaintiff anticipates taking oral depositions.**

           Unknown

      E.    **Of whom and by when the defendant anticipates taking oral depositions.**

           Defendant anticipates taking the oral depositions of Plaintiff, and her physicians, if necessary, sometime in February or March, 2004. Defendant will also take the oral deposition of any expert designated pursuant to Rule 26(a)(2)(B).

      F.    **When the plaintiff (or the party with the burden of proof of an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

           It is unknown when Plaintiff will be able to designate experts. Defendant as the opposing party, will designate responsive experts and provide their reports in compliance with Rule 26(a)(2)(C).

      G.    **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

           Unknown

      H.    **List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

           For any experts designated by Plaintiff, Defendant anticipates the depositions of these experts will take place in April, 2004.

**11.**    **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

      The Rule 26(f) conference has not been conducted. Accordingly, Defendant is unable to state whether Plaintiff is in agreement or disagreement with any part of this Plan.

12. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

    No discovery beyond initial disclosures has been undertaken to date.

13. **State the date the planned discovery can reasonably be completed.**

    Plaintiffs and Defendant agree that discovery can reasonably be completed by May 31, 2004.

14. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

    Defendant believes that settlement or resolution will be discussed after the exchange of preliminary discovery. Defendant anticipates this will occur in the next two to three months.

15. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

    Defendant has attempted to confer, pursuant to Rule 26(f), at which time settlement would be discussed.

16. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

    Defendant believes that mediation may be a reasonably suitable alternative dispute resolution technique for use in this case, following the deposition and possible independent medical examination of Plaintiff.

17. **Magistrate judges may now hear jury and non-jury trials. Indicated the parties' joint position on a trial setting before a magistrate judge.**

    It is unknown at this time whether all parties consent to trial before a magistrate judge.

18. **State whether a jury demand has been made and if it was made on time.**

    A jury demand was made by Defendant. The jury demand was timely.

19. **Specify the number of hours it will take to present the evidence in this case.**

   Defendant anticipates it will take three to five days to present the evidence in this case.

20. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

   There are no pending motions at this time.

21. **List other motions pending.**

   There are no pending motions at this time.

22. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

   Defendant is not aware of any matters peculiar to this case that deserve the special attention of the court at the conference.

23. **Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.**

   Defendant has filed the Disclosure of Interested Parties as directed by the Court. The Disclosure was filed on July 31, 2003. No amendments have been made to Defendants' Disclosure of Interested Parties at this time.

24. **List the names, bar numbers, addresses and telephone numbers of all counsel.**

   **For the Plaintiff:**

   > Ronald W. Armstrong
   > Law Offices of Ronald W. Armstrong
   > State Bar No. 01323500
   > 2600 Old Alice Road, #A
   > Brownsville, Texas 78521
   > (956) 546-5556
   > Fax (956) 546-0470

**For the Defendant:**

Norton A. Colvin, Jr.
State Bar No. 04632100
Federal Admissions No. 1918
Sarah A. Nicolas
State Bar No. 24013543
Federal Admissions No. 32122
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
(956) 542-7441
Fax (956) 541-2170

Respectfully submitted,

By: _____
Norton A. Colvin, Jr.
State Bar No. 04632100
Federal Admissions No. 1918
Sarah A. Nicolas
State Bar No. 24013543
Federal Admissions No. 32122
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
(956) 542-7441
Fax (956) 541-2170
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served upon all counsel of record, to-wit:

>Ronald W. Armstrong
>Law Offices of Ronald W. Armstrong
>State Bar No. 01323500
>2600 Old Alice Road, #A
>Brownsville, Texas 78521
>(956) 546-5556
>Fax (956) 546-0470

by certified mail, return receipt requested, hand delivery, and/or facsimile transmission pursuant to the Federal Rules of Civil Procedure, on this the 15th day of October, 2003.

_____
Sarah A. Nicolas

**RODRIGUEZ, COLVIN & CHANEY, L.L.P.**
ATTORNEYS AT LAW
A REGISTERED LIMITED LIABILITY PARTNERSHIP

1201 EAST VAN BUREN
P O BOX 2155
BROWNSVILLE, TEXAS 78522
TELEPHONE (956) 542-7441
TELECOPIER (956) 541-2170
www.rcclaw.com

EDUARDO ROBERTO RODRIGUEZ
NORTON A. COLVIN, JR.
MITCHELL C. CHANEY
MARJORY C. BATSELL
JAIME A. SAENZ*
JOSEPH A (TONY) RODRIGUEZ
ALISON D. KENNAMER

OF COUNSEL
BENJAMIN S. HARDY (1912-1993)
ORRIN W. JOHNSON
NEIL E. NORQUEST
CHRIS A BRISACK
RAYMOND A COWLEY‡

LAURA J. URBIS
LECIA L. CHANEY
R PATRICK RODRIGUEZ
ROSAMARIA VILLAGÓMEZ-VELA
TERI L. DANISH
SARAH A. NICOLAS
SHAWN MATHIS ISBELL

*BOARD CERTIFIED IN PERSONAL
INJURY TRIAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

‡BOARD CERTIFIED IN LABOR AND
EMPLOYMENT LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

October 13, 2003

<u>*Via Facsimile* (956) 546-0470</u>
Ronald W. Armstrong
2600 Old Alice Road, #A
Brownsville, Texas 78521

Re: Civil Action No. B-03-125
Claudia Gonzalez v. Staples The Office Superstore East, Inc.

Dear Mr. Armstrong:

In connection with the above referenced matter, I am enclosing a DRAFT of the *Joint Discovery/Case Management Plan*, which is due to be filed with the Court tomorrow. I have called your office a couple of times to discuss this matter with you. Unfortunately, however, I have not been able to reach you.

I will leave the office before 5:00 p.m. this afternoon, and will be out of the office all day tomorrow. I look forward to discussing this matter with you soon.

Very truly yours,

RODRIGUEZ, COLVIN & CHANEY, L.L.P.

Sarah A. Nicolas

SAN:mf
Enclosure (as indicated above)



EXHIBIT A

## RODRIGUEZ, COLVIN & CHANEY, L.L.P.
### ATTORNEYS AT LAW
A REGISTERED LIMITED LIABILITY PARTNERSHIP

1201 EAST VAN BUREN
P O BOX 2155
BROWNSVILLE, TEXAS 78522
TELEPHONE (956) 542-7441
TELECOPIER (956) 541-2170
www.rcclaw.com

EDUARDO ROBERTO RODRIGUEZ
NORTON A. COLVIN, JR.
MITCHELL C. CHANEY
MARJORY C. BATSELL
JAIME A. SAENZ*
JOSEPH A. (TONY) RODRIGUEZ
ALISON D. KENNAMER

OF COUNSEL
BENJAMIN S. HARDY (1912-1993)
ORRIN W. JOHNSON
NEIL E. NORQUEST
CHRIS A. BRISACK
RAYMOND A. COWLEY‡

LAURA J. URBIS
LECIA L. CHANEY
R. PATRICK RODRIGUEZ
ROSAMARIA VILLAGÓMEZ-VELA
TERI L. DANISH
SARAH A. NICOLAS
SHAWN MATHIS ISBELL

*BOARD CERTIFIED IN PERSONAL
INJURY TRIAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

‡BOARD CERTIFIED IN LABOR AND
EMPLOYMENT LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

## FAX TRANSMITTAL COVER SHEET

**CONFIDENTIALITY NOTICE:** The documents accompanying this telecopy transmission contain confidential information which is legally privileged. The information is intended only for the use of the recipient named below. If you have received this telecopy in error, please immediately notify us by telephone to arrange for return of the original documents to us, and you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this telecopy's information is strictly prohibited.

*****************************************************************************

TO:     **Ronald W. Armstrong**

FAX:    **(956) 546-0470**

DATE:   October 13, 2003

FROM:   Sarah A. Nicolas

RE:     Civil Action No. B-03-125
        Claudia Gonzalez v. Staples The Office Superstore East, Inc.

RODRIGUEZ, COLVIN & CHANEY FILE NO.   19,277

*****************************************************************************

NUMBER OF PAGES
INCLUDING COVER:   Ten (10)

DOCUMENT SENT:   Draft Joint Discovery/Case Management Plan

IF PROBLEMS OCCUR DURING TRANSMISSION, CALL: (956) 542-7441 ASK FOR: Merriwood

```
* * * COMMUNICATION RESULT REPORT ( OCT. 13. 2003  1:18PM ) * * *
                                                TTI  Rodriguez, Colvin & Chaney

TRANSMITTED/STORED OCT. 13. 2003 12:59PM
FILE MODE            OPTION              ADDRESS                    RESULT         PAGE
-----------------------------------------------------------------------------------------
2799 MEMORY TX                           9*19277*5460470            OK             10/10


-----------------------------------------------------------------------------------------
REASON FOR ERROR
E-1) HANG UP OR LINE FAIL                E-2) BUSY
E-3) NO ANSWER                           E-4) NO FACSIMILE CONNECTION
```

## RODRIGUEZ, COLVIN & CHANEY, L.L.P.
### ATTORNEYS AT LAW
A REGISTERED LIMITED LIABILITY PARTNERSHIP
1201 EAST VAN BUREN
P. O. BOX 2155
BROWNSVILLE, TEXAS 78522
TELEPHONE (956) 542-7441
TELECOPIER (956) 541-2170
www.rcclaw.com

EDUARDO ROBERTO RODRIGUEZ
NORTON A. COLVIN, JR.
MITCHELL C. CHANEY
MARJORY C. BATSELL
JAIME A. SAENZ*
JOSEPH A. (TONY) RODRIGUEZ
ALISON D. KENNAMER

OF COUNSEL
BENJAMIN S. HARDY (1912-1993)
ORRIN W. JOHNSON
NEIL E. NORQUEST
CHRIS A. BRISACK
RAYMOND A. COWLEY*

LAURA J. URBIS
LECIA L. CHANEY
R. PATRICK RODRIGUEZ
ROSAMARIA VILLAGÓMEZ-VELA
TERI L. DANISH
SARAH A. NICOLAS
SHAWN MATHIS ISBELL

*BOARD CERTIFIED IN PERSONAL INJURY TRIAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

*BOARD CERTIFIED IN LABOR AND EMPLOYMENT LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

### FAX TRANSMITTAL COVER SHEET

**CONFIDENTIALITY NOTICE:** The documents accompanying this telecopy transmission contain confidential information which is legally privileged. The information is intended only for the use of the recipient named below. If you have received this telecopy in error, please immediately notify us by telephone to arrange for return of the original documents to us, and you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this telecopy's information is strictly prohibited.

********************************************************************************

TO:      Ronald W. Armstrong

FAX:     (956) 546-0470

DATE:    October 13, 2003

FROM:    Sarah A. Nicolas

RE:      Civil Action No. B-03-125
         Claudia Gonzalez v. Staples The Office Superstore East, Inc.

         RODRIGUEZ, COLVIN & CHANEY FILE NO.   19.277

********************************************************************************

NUMBER OF PAGES
INCLUDING COVER:   Ten (10)

DOCUMENT SENT:     Draft Joint Discovery/Case Management Plan

IF PROBLEMS OCCUR DURING TRANSMISSION, CALL: (956) 542-7441 ASK FOR: Merriwood

MCALLEN, TEXAS OFFICE: 4900 NORTH 10TH STREET, BUILDING A-2, 78504, TELEPHONE (956) 686-1287 TELECOPIER (956) 686-6197
HARLINGEN, TEXAS OFFICE:

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CLAUDIA GONZALEZ | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-03-125 |
| | § | |
| STAPLES THE OFFICE SUPERSTORE | § | |
| d/b/a STAPLES THE OFFICE SUPERSTORE | § | |
| EAST, INC. | § | |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN

TO THE HONORABLE COURT:

NOW COME STAPLES THE OFFICE SUPERSTORE d/b/a/ STAPLES THE OFFICE SUPERSTORE EAST, INC., Defendant, and CLAUDIA GONZALEZ, Plaintiff, in the above entitled and numbered cause, and file this their Joint Discovery/Case Management Plan, pursuant to this Court's order.

1. **State where and when the meeting of the parties required by Rule 26(f) was held, and identify who attended for each party.**

    Counsel for Plaintiff and Defendant met telephonically on Monday, October 13, 2003. Plaintiff was represented by Ron Armstring. Defendant was represented by Sarah A. Nicolas.

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

    The parties are not aware of any related cases in any pending state or federal court.

3. **Briefly describe what this case is about.**

    Plaintiff has brought this premises liability case for injuries allegedly sustained when Plaintiff was struck by the sliding doors at the store exit/entrance. The incident occurred on or about September 1, 2001.

4. **Specify the allegation of federal jurisdiction.**

   Federal jurisdiction is proper in this case based on diversity of citizenship, 28 U.S.C. § 1332.

5. **Name the parties who disagree and the reasons.**

   No disagreements as to diversity jurisdiction.

6. **List anticipated additional parties that should be included, when they can be added, and by whom they were wanted.**

   The company that contracted to provide maintenance service for the door in question may be necessary. Defendant would prefer to conduct initial discovery before making a decision as to whether this additional party should be included. This additional party may be included by Defendant.

7. **List anticipated interventions.**

   Plaintiff and Defendant are unaware of any anticipated interventions at this time.

8. **Describe class-action issues.**

   This case present no class-action issues.

9. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangement that have been made to complete the disclosures.**

   Plaintiff and Defendant have agreed that the initial disclosures required by Rule 26(a) will be made in accordance with Rule 26(a)(1). Accordingly, these disclosures will be made by Monday, October 27, 2003.

10. **Describe the proposed agreed discovery plan, including:**

    A. **Responses to all the matters raised in Rule 26(f).**

       (1) Plaintiff and Defendant have agreed that the initial disclosures shall be made on Monday, October 27, 2003.

       (2) Discovery may be needed on all issues of liability and damages. Plaintiff and Defendant do not believe that discovery should be conducted in phases or will be limited to certain issues at this time. Furthermore, Plaintiff and Defendant agree that discovery should be completed by _____.

       (3) Plaintiff and Defendant are not aware of any changes that should be made in the limitations on discovery.

    (4)    Plaintiff and Defendant are not aware of any other Orders that should be entered by the Court at this time pursuant to Rule 26(c) or 16(b).

**B.**    **When and to whom the plaintiff anticipates it may send interrogatories.**

Plaintiff anticipate sending interrogatories to Defendant. Plaintiff anticipate sending these interrogatories within the next two to three months.

**C.**    **When and to whom the defendant anticipates it may send interrogatories.**

Defendant anticipates sending interrogatories to Plaintiff. Defendant anticipates sending these interrogatories during the next two to three months.

**D.**    **Of whom and by when the plaintiff anticipates taking oral depositions.**

Plaintiff anticipates taking the oral deposition of Defendant in _____ _____.

**E.**    **Of whom and by when the defendant anticipates taking oral depositions.**

Defendant anticipates taking the oral depositions of Plaintiff, and her physicians, if necessary, in _____. Defendant will also take the oral deposition of any expert designated pursuant to Rule 26(a)(2)(B).

**F.**    **When the plaintiff (or the party with the burden of proof of an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

Plaintiffs anticipates designating experts in _____.
Defendant as the opposing party, will designate responsive experts and provide their reports in compliance with Rule 26(a)(2)(C).

G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

For any experts designated by either Plaintiff or Defendant, Plaintiff and Defendant anticipate the depositions of these experts will take place in _____.

H. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

For any experts designated by either Plaintiff or Defendant, Plaintiff and Defendant anticipate the depositions of these experts will take place in_____.

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

The parties are in agreement with the discovery plan.

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

No discovery beyond initial disclosures has been undertaken to date.

13. **State the date the planned discovery can reasonably be completed.**

    Plaintiffs and Defendant agree Plaintiffs' discovery can reasonably be completed by _____.

14. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

    During the Rule 26(f) meeting, it was agreed that settlement or resolution will be discussed after the exchange of preliminary discovery. Plaintiff and Defendant anticipate this will occur in the next two to three months.

15. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

    During the Rule 26(f) meeting, it was agreed that settlement or resolution will be discussed after the exchange of preliminary discovery. Plaintiff and Defendant anticipate this will occur in the next two to three months.

16. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

    The parties agree that mediation may be a reasonably suitable alternative dispute resolution technique for use in this case. The parties further agree that mediation may be effectively used in this case following the depositions of Plaintiff and Defendant.

17. **Magistrate judges may now hear jury and non-jury trials. Indicated the parties' joint position on a trial setting before a magistrate judge.**

    All parties do <u>not</u> consent to a trial before a magistrate judge.

18. **State whether a jury demand has been made and if it was made on time.**

    A jury demand was made by Defendant. The jury demand was timely.

19. **Specify the number of hours it will take to present the evidence in this case.**

    Plaintiffs and Defendant anticipate it will take three to five days to present the evidence in this case.

20. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

    There are no pending motions at this time.

21. **List other motions pending.**

    There are no pending motions at this time.

22. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

    Plaintiff and Defendant are not aware of any matters peculiar to this case that deserve the special attention of the court at the conference.

23. **Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.**

    Defendant has filed the Disclosure of Interested Parties as directed by the Court. The Disclosure was filed on July 31, 2003. No amendments have been made to Defendants' Disclosure of Interested Parties at this time.

    Plaintiff has filed the Disclosures of Interested Parties as directed by the Court. The Disclosure was filed on _____. No amendments have been made to Plaintiff's Disclosure of Interested Parties at this time.

24. List the names, bar numbers, addresses and telephone numbers of all counsel.

**For the Plaintiff:**

>Ronald W. Armstrong
>State Bar No. 01323500
>2600 Old Alice Road, #A
>Brownsville, Texas 78521
>(956) 546-5556
>Fax (956) 546-0470

**For the Defendant:**

>Norton A. Colvin, Jr.
>State Bar No. 04632100
>Federal Admissions No. 1918
>Sarah A. Nicolas
>State Bar No. 24013543
>Federal Admissions No. 32122
>1201 East Van Buren
>Post Office Box 2155
>Brownsville, Texas 78522
>(956) 542-7441
>Fax (956) 541-2170

Respectfully submitted,


By: _____
      Ronald W. Armstrong
State Bar No. 01323500
2600 Old Alice Road, #A
Brownsville, Texas 78521
(956) 546-5556
Fax (956) 546-0470
**ATTORNEY FOR PLAINTIFF**


By: _____
      Norton A. Colvin, Jr.
State Bar No. 04632100
Federal Admissions No. 1918
      Sarah A. Nicolas
State Bar No. 24013543
Federal Admissions No. 32122
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
(956) 542-7441
Fax (956) 541-2170
**ATTORNEYS FOR DEFENDANT**