IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 23 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| CLAUDIA GONZALEZ | § § § § | |
| V. | § | CIVIL ACTION NO. B903-125 |
| | § § § § | |
| STAPLES THE OFFICE SUPERSTORE. d/b/a STAPLES THE OFFICE SUPERSTORE EAST , INC. | § § § | |

### DISCOVERY/ CASE MANAGEMENT PLAN

TO THE HONORBLE COURT:

NOW COMES CLAUDIA GONZALEZ., Plaintiff (hereinafter, "Plaintiff") in the above entitled and numbered cause, and file this her Discovery/Case Management Plan, Pursuant to this Court's order.

Because no Rule 26(f), conference has been conducted, Plaintiff cannot represent to the Court whether Plaintiff is in agreement with the information set forth herein

1. **State where and when the meeting of the parties required by Rule 26(f) was held, and identify who attended for each party.**

    Plaintiff retuned the call from Defendants' counsel, but because of scheduling problems the conference could not be completed.

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

    Plaintiff is not aware of any related cases in any pending state or federal court.

3. **Briefly describe what this case is about.**

    Plaintiff has brought this premises liability case for injuries sustained when Plaintiff was struck by the sliding doors at the store exit/entrance of Defendants' business. The incident occurred on or about September 1, 2001

gv/Disc. Case Management/ [01-451]

4. **Specify the allegation of federal jurisdiction.**

   Federal jurisdiction is improper. The case does not meet jurisdictional requirements to continue in this court.

5. **Name the parties who disagree and the reasons.**

   None

6. **List anticipated additional parties that should be included, when they can be added, and by whom they were wanted.**

   None

7. **List anticipated interventions.**

   None

8. **Describe class-action issues.**

   None

9. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangement that have been made to complete the disclosures.**

   Immediately following hearing on this matter on October 23, 2003 Plaintiffs' counsel will meet with Defendant's counsel to resolve any outstanding issues. Thereafter all disclosures will be made by October 27, 2003 in accordance with Rule 26 (c) (1)

10. **Describe the proposed agreed discovery plan, including:**

    A. **Responses to all the matters raised in Rule 26(f).**

    (1) Plaintiff will serve the required the initial disclosures by December 1, 2003.

    (2) Discovery may be needed on all issues of liability and damages. Plaintiff does not believe that discovery should be conducted in phases or will be limited to certain issues at this time. Furthermore, Plaintiff contends that discovery should be completed by May 31, 2004

  (3) Plaintiff is not aware of any changes that should be made in the limitations on discovery.

  (4) Plaintiff is not aware of any other Orders that should be entered by the Court at this time pursuant to Rule 26 (c) or 16(b).

**B. When and to whom the plaintiff anticipates it may send interrogatories.**

Unknown.

**C. When and to whom the Plaintiff anticipates it may send interrogatories.**

Plaintiff anticipates sending interrogatories to Defendant. Plaintiff anticipates sending these interrogatories during the next two to three months.

**11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

The Rule 26(f) conference has not been conducted. Accordingly, Plaintiff is unable to state whether Defendant is in agreement or disagreement with any part of this Plan.

**12. Specify the discovery beyond initial disclosures that has been undertaken to date.**

No discovery beyond initial disclosures has been undertaken to date.

**13. State the date the planned discovery can reasonably be completed.**

Plaintiffs and Defendant agree that discovery can reasonably be completed by May 31, 2004.

**14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

Plaintiff believes that settlement or resolution will be discussed after the exchange of preliminary discovery.

**15. Describe what each party has done or agreed to do to bring about a prompt resolution.**

Plaintiff has attempted to confer, pursuant to Rule 26(f), at which time settlement would be discussed.

16. **From the attorney's discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

    Plaintiff believes that mediation may be reasonably suitable alternative dispute resolution technique for use in this case, following the deposition and possible medical examination of Plaintiff.

17. **Magistrate judges may now hear jury and non-jury trials. Indicated the parties' joint position on a trial setting before a magistrate judge.**

    It is unknown at this time whether all parties consent to trial before a magistrate judge.

18. **State whether a jury demand has been made and if it was made on time.**

    A jury demand was made by Defendant.

19. **Specify the number of hours it will take to present the evidence in this case.**

    Plaintiff anticipates it will take three to five days to present the evidence in this case.

20. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

    There are no pending motions at this time.

21. **List other motions pending.**

    There are no pending motions at this time.

22. **Indicate other matters peculiar to this case, including discovery that deserve the special attention of the court at the conference.**

    Plaintiff is not aware of any matters peculiar to this case that deserve the special attention of the court at the conference.

23. **Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and may amendments.**

Plaintiff has filed the Disclosure of Interested Parties as directed by the Court. The Disclosure was filed on July 24, 2003. No amendments have been made to Plaintiff's Disclosure of Interested Parties at this time.

**24. List the names, bar numbers, addresses and telephone numbers of all counsel.**

**For the Plaintiff:**

> R. W. Armstrong
> State Bar No. 01323500
> 2600 Old Alice Rd, Ste. "A"
> Brownsville, Texas 78521
> (956) 546-5556
> Fax (956) 546-0470

**For the Defendant:**

> Norton A. Colvin, Jr.
> State Bar No. 04632100
> Federal Admissions No. 1918
> Sarah A. Nicolas
> State Bar No. 24013543
> Federal Admissions No. 32122
> 1201 East Van Buren
> Brownsville, Texas 78522
> (956) 542-7441
> Fax (956) 541-2170

RESPECTFULLY SUBMITTED,

**R. W. ARMSTRONG & ASSOCIATES**
2600 Old Alice Road, Suite A
Brownsville, Texas 78521
Telephone:   (956) 546-5556
Telecopier:   (956) 546-0470

By:_____
R. W. Armstrong
TBA01323500

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served upon all counsel of record, to-wit:

Norton A. Colvin, Jr.<br>
State Bar No. 04632100<br>
Federal Admissions No. 1918<br>
Sarah A. Nicolas<br>
State Bar No. 24013543<br>
Federal Admissions No. 32122<br>
1201 East Van Buren<br>
Brownsville, Texas 78522<br>
956) 542-7441<br>
Fax (956) 541-2170

by certified mail, return receipt requested, hand delivery, and /or facsimile transmission pursuant to the Federal Rules of Civil Procedure, on this the 23rd day of October 2003.

_____
R. W. Armstrong