United States District Court
Southern District of Texas
FILED

NOV 0 6 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

CLAUDIA GONZALEZ                    §
                                    §
        VS.                         §        CIVIL ACTION NO. B-03-125
                                    §
STAPLES THE OFFICE SUPERSTORE       §
d/b/a STAPLES THE OFFICE SUPERSTORE §
EAST, INC.                          §

## UNOPPOSED MOTION FOR LEAVE TO JOIN THIRD PARTY DEFENDANT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, STAPLES THE OFFICE SUPERSTORE d/b/a STAPLES THE OFFICE SUPERSTORE EAST, INC., Defendant in the above-entitled and numbered cause, and files this its Motion for Leave to Join Third Party Defendant, pursuant to Federal Rule of Civil Procedure 14 and this Court's order, and in support thereof shows the Court as follows:

I.

This lawsuit arises out of injuries allegedly sustained by Plaintiff, Claudia Gonzalez, when she was exiting Staples The Office Superstore in Brownsville, Texas. Plaintiff alleges that the automatic sliding door hit her, causing injuries to her. Plaintiff has sued only Staples The Office Superstore d/b/a Staples The Office Superstore East, Inc. (hereinafter, "Defendant").

II.

Defendant contracted with United Door Service to provide and perform maintenance on the automatic sliding door at issue in this case. Additionally, Defendant

is named as an additional insured on the insurance policy issued to United Door Service. Defendant contends that United Door Service should be added as a party to this action.

To the extent Plaintiff has suffered damages or injuries for which she is entitled to compensation, such injuries or damages are not due to any negligence of Defendant, but were instead proximately caused, in whole or in part, by the negligence and/or intentional conduct of United Door Service, in that it failed to exercise ordinary care in performing required maintenance and service on the automatic doors at issue in this case. Defendant thus asserts that, pursuant to Texas Civil Practice & Remedies Code section 33.004, United Door Service is a Responsible Third Party from whom Defendant is entitled to seek a determination by the jury of United Door Service's comparative responsibility, and, from whom Defendant is entitled to contribution and/or indemnity as to any damages awarded to Plaintiff in this action.

III.

Included with this Motion is a copy of Defendant's Third Party Petition, naming United Door Service as a Third Party Defendant in this case.

PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant prays that this Honorable Court grants its Motion for Leave to Join Third Party Defendant, and order the Clerk of the Court to file the Third Party Petition naming United Door Service as Third Party Defendant among the papers in this case, and for such other and further relief to which it may show itself justly entitled to receive.

Respectfully submitted,

RODRIGUEZ, COLVIN & CHANEY, LLP

By: _____
       Norton A. Colvin, Jr.
State Bar No. 04632100
Federal Admissions No. 1918
       Sarah A. Nicolas
State Bar No. 24013543
Federal Admissions No. 32122
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
(956) 542-7441
Fax (956) 541-2170
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF CONFERENCE

    I hereby certify that I have conferred with Plaintiff's counsel and he is not opposed to this motion.

_____
Sarah A. Nicolas

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served upon all counsel of record, to-wit:

> Ronald W. Armstrong
> Law Offices of Ronald W. Armstrong
> State Bar No. 01323500
> 2600 Old Alice Road, #A
> Brownsville, Texas 78521
> (956) 546-5556
> Fax (956) 546-0470

by certified mail, return receipt requested, hand delivery, and/or facsimile transmission pursuant to the Federal Rules of Civil Procedure, on this the 5th day of November, 2003.

_____
Sarah A. Nicolas