/3

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

NOV 0 6 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| CLAUDIA GONZALEZ | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-03-125 |
| | § | |
| STAPLES THE OFFICE SUPERSTORE | § | |
| d/b/a STAPLES THE OFFICE SUPERSTORE | § | |
| EAST, INC. | § | |

## DEFENDANT'S ORIGINAL THIRD PARTY PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, STAPLES THE OFFICE SUPERSTORE d/b/a STAPLES THE OFFICE SUPERSTORE EAST, INC., Defendant/Third Party Plaintiff, (hereinafter referred to as "Staples"), and files this its Original Third Party Petition, complaining of UNITED DOOR SERVICE, and in support thereof would show the Court as follows.

### I.

### PARTIES, JURISDICTION, AND VENUE

1.01  Plaintiff, CLAUDIA GONZALEZ, is an individual residing in Brownsville, Cameron County, Texas.

1.02  Defendant, STAPLES THE OFFICE SUPERSTORE d/b/a STAPLES THE OFFICE SUPERSTORE EAST, INC. is a foreign corporation, incorporated in the State of Delaware, with its principal place of business in Massachusetts.

1.03  Third Party Defendant, UNITED DOOR SERVICE, is a foreign corporation, incorporated in the State of North Carolina, with its principal place of business in North Carolina.  Third Party Defendant may be served with process through the Texas Secretary of State, Citations Section, 1019 Brazos, Austin, Texas 78701.

1.04  Venue in this action is proper in Cameron County, Texas, as all of the events, or a substantial part of the events, made the basis of this lawsuit occurred in Cameron County, Texas.

## II.

## FACTS

2.01  Plaintiff alleges that, as she was exiting the Staples store in Brownsville, Texas, the automatic sliding doors "came off their rails, released a greasy substance and collided into Plaintiff." Staples has denied Plaintiff's allegations.

2.02  Staples contracted with Third Party Defendant to provide inspection and essential lubrication, adjustment, and repair and replacement of components, as required, on all automatic doors at selected Staples locations, including the Brownsville location.

2.03  Staples is also named as an additional insured on the insurance policy maintained by Third Party Defendant.  Notice was given to United Door Service of this claim on July 21, 2002.

## III.

## CAUSES OF ACTION

3.01  Staples asserts that, to the extent Plaintiff has suffered damages or injuries for which she is entitled to compensation, which Staples denies, such injuries or damages are not due to any negligence of Staples, but were instead proximately caused, in whole or in part, by the negligence and/or intentional conduct of Third Party Defendant United Door Service, in that it failed to exercise ordinary care in performing required maintenance and service on the automatic doors at issue in this case.

3.02  Staples thus asserts that, pursuant to Texas Civil Practice & Remedies Code Section 33.004, Third Party Defendant is a Responsible Third Party from whom Staples is entitled to seek a determination by the jury of Third Party Defendant's comparative responsibility, and, from whom Staples is entitled to contribution and/or indemnity as to any damages awarded to Plaintiff in this action.

## IV.

## DAMAGES

4.01  Staples asks that, to the extent that any damages are awarded to Plaintiff in this action, it be granted judgment for contribution and/or indemnity against Third Party Defendant for damages in such an amount as the jury may find.

## V.

## JURY DEMAND

5.01  Staples continues to demand a trial by jury, having previously tendered the jury fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Third Party Defendant United Door Service be cited to appear and answer the allegations herein, that Third Party Defendant's percentage of responsibility for causing or contributing to cause in any way the harm for which recovery of damages is sought by Plaintiff be determined by the jury; and, in the unlikely event any recovery is had against Staples, that Staples in turn have judgment for contribution in whole or in part, from Third Party Defendant, and Staples further prays for such other and further relief, general or special, to which it may show itself justly entitled.

Respectfully submitted,

RODRIGUEZ, COLVIN & CHANEY, LLP

By: _Norton A. Colvin, Jr. upon_
        Norton A. Colvin, Jr.
State Bar No. 04632100
Federal Admissions No. 1918
        Sarah A. Nicolas
State Bar No. 24013543
Federal Admissions No. 32122
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
(956) 542-7441
Fax (956) 541-2170
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served upon all counsel of record, to-wit:

      Ronald W. Armstrong
      Law Offices of Ronald W. Armstrong
      State Bar No. 01323500
      2600 Old Alice Road, #A
      Brownsville, Texas 78521
      (956) 546-5556
      Fax (956) 546-0470

by certified mail, return receipt requested, hand delivery, and/or facsimile transmission pursuant to the Federal Rules of Civil Procedure, on this the _6th_ day of November, 2003.

_Sarah A. Nicolas_
      Sarah A. Nicolas