United States District Court
Southern District of Texas
FILED

MAR 3 1 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CLAUDIA GONZALEZ | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-03-125 |
| | § | |
| STAPLES THE OFFICE SUPERSTORE | § | |
| d/b/a STAPLES THE OFFICE SUPERSTORE | § | |
| EAST, INC. | § | |

## DEFENDANT'S MOTION TO COMPEL DISCOVERY

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, STAPLES THE OFFICE SUPERSTORE d/b/a STAPLES THE OFFICE SUPERSTORE EAST, INC., Defendant in the above-entitled and numbered cause, and files this its Motion to Compel Discovery, and in support thereof shows the Court as follows:

I.

INTRODUCTION

This lawsuit arises out of injuries allegedly sustained by Plaintiff, Claudia Gonzalez, when she was exiting Staples The Office Superstore in Brownsville, Texas. Plaintiff alleges that the automatic sliding door hit her, causing injuries to her. In connection with those claims, Defendant served Defendant's First Set of Interrogatories on Plaintiff on November 18, 2003. *See* Affidavit of Sarah A. Nicolas, ¶ 1.

On December 15, 2003, Plaintiff served her Responses to both the First Set of Interrogatories and First Set of Requests for Production. In response to the First Set of Interrogatories, Plaintiff lodged unfounded objections and failed to respond to nine of

the fifteen interrogatories. *See id.*, Ex. A (Plaintiff's Responses to Defendant's First Set of Interrogatories) at Interrogatory Nos. 7-15.

Subsequent to receiving the responses, Defendant's counsel corresponded with Plaintiff's counsel regarding the unfounded objections and requested complete responses to the Interrogatories. *See id.*, Ex. B. Plaintiff's counsel responded that he did not agree that the Interrogatories were proper and proposed answering a select few additional Interrogatories. *See id.*, Ex. C. Not able to agree to Plaintiff's counsel's proposal, Defendant's counsel made a counter-offer in an effort to resolve this discovery dispute without Court intervention, to which Plaintiff's counsel has never responded. *See id.*, Ex. D. Because Plaintiff has continued to refuse to respond to discovery, Defendant now must reluctantly seek this Court's intervention.

## II.

## ANALYSIS

Plaintiff lodged the same unfounded objection to each of the Interrogatories to which she failed to respond – that the First Set of Interrogatories exceeded the number of interrogatories allowed by the Federal Rules of Civil Procedure. *See id.*, Ex. 1 at Interrogatory Nos. 7 –15 (because each of these is the same, they will not be reproduced herein). Federal Rule of Civil Procedure 33(a) and Southern District Local Rule 33.1 limits the number of interrogatories a party may serve without an order of the court to twenty-five, *including all discrete subparts*. Defendant's counsel contends that all fifteen interrogatories propounded to Plaintiff are properly numbered and that each constitutes a single interrogatory under the applicable rules.

Various Federal Courts have articulated the standard applicable to the counting of interrogatories. In virtually all of those instances, the courts have stated that if a subpart is "logically or factually subsumed within and necessarily related to the primary

question," then the subpart will not be considered a separate interrogatory. *See* Federal Rule of Civil Procedure 33(a) and Advisory Committee Notes to Rule 33(a) (1993); *see also Krawczyk v. City of Dallas*, 2004 WL 614842, *2 (N.D. Tex. Feb. 27, 2004).

In the First Set of Interrogatories, the subparts as written are logically and factually subsumed within and necessarily related to the primary question. It is within Defendant's right to include explicit subparts. *See, e.g., Williams v. Board of Cty. Commisioners*, 192 F.R.D. 698, 701 (D. Kan. 2002) (subparts can be explicitly and separately numbered, or implicit and not separately numbered), *cited with approval in Yeager v. Corinthian Colleges, Inc.*, 89 Fair Empl. Pract. Cas. 1688, *2 (E.D. La. 2002). In fact, the subparts were separately included for the benefit of Plaintiff's counsel and so that no objection could be made that the Interrogatory was vague and ambiguous, or that Plaintiff was unable to determine what information was requested. *See id.* at ¶ 6.

### III.

### CONCLUSION

Defendant has not exceeded the limit on the number of interrogatories that may be propounded to Plaintiff. The subparts in the interrogatories propounded to Plaintiff are logically and factually subsumed within the primary question and, accordingly, are not separate interrogatories, Defendant requests that this Court order Plaintiff to respond to the Defendant's First Set of Interrogatories. Defendant further requests that Plaintiff be required to respond to Defendant's First Set of Interrogatories within ten days of an order of this Court granting Defendant's Motion.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant prays that this Honorable Court grants its Motion to Compel Discovery, and order Plaintiff to respond to the Defendant's First Set of Interrogatories within ten days of this Court's order granting the Motion, and for such other and further relief to which it may show itself justly entitled to receive.

Respectfully submitted,

RODRIGUEZ, COLVIN, CHANEY & SAENZ, L.L.P.

By: _____
Norton A. Colvin, Jr.
State Bar No. 04632100
Federal Admissions No. 1918
Sarah A. Nicolas
State Bar No. 24013543
Federal Admissions No. 32122
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
(956) 542-7441
Fax (956) 541-2170
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF CONFERENCE

I hereby certify that I have conferred with Plaintiff's counsel, via correspondence, regarding the substance of this motion. Plaintiff's counsel has not responded to my correspondence, and, therefore, I assume he is opposed to this motion.

_____
Sarah A. Nicolas

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served upon all counsel of record, to-wit:

> Ronald W. Armstrong
> Law Offices of Ronald W. Armstrong
> State Bar No. 01323500
> 2600 Old Alice Road, #A
> Brownsville, Texas 78521
> (956) 546-5556
> Fax (956) 546-0470

by certified mail, return receipt requested, hand delivery, and/or facsimile transmission pursuant to the Federal Rules of Civil Procedure, on this the 31st day of March, 2004.

_____
Sarah A. Nicolas