IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 3 1 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| CLAUDIA GONZALEZ | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-03-125 |
| | § | |
| STAPLES THE OFFICE SUPERSTORE | § | |
| d/b/a STAPLES THE OFFICE SUPERSTORE | § | |
| EAST, INC. | § | |

---

## AFFIDAVIT OF SARAH A. NICOLAS IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL DISCOVERY

---

STATE OF TEXAS            §      KNOW ALL MEN BY THESE
COUNTY OF CAMERON         §      PRESENTS:

BEFORE ME, the undersigned authority, in the State of Texas, on this day personally appeared SARAH A. NICOLAS, known to me as the person whose name is subscribed to the foregoing Affidavit, and who, being by me first duly sworn, on her oath deposed and stated as follows:

"My name is SARAH A. NICOLAS. I am over 18 years of age and competent to make this affidavit.

I am an attorney with the firm of Rodriguez, Colvin, Chaney & Saenz, L.L.P., attorneys of record for Defendant Staples The Office Superstore d/b/a Staples The Office Superstore East, Inc. in the above referenced matter. In connection with our representation of Defendant, I have personal knowledge of the following facts.

1.    Defendant's First Set of Interrogatories was served on Plaintiff on November 18, 2003.

2.    Attached hereto as Exhibit "A" is a true and correct copy of Plaintiff's Responses to Defendant's First Set of Interrogatories.

3.    Attached hereto as Exhibit "B" is a true and correct copy of correspondence from me to Plaintiff's counsel, wherein I request that Plaintiff provide a response to all interrogatories.

4,    Attached hereto as Exhibit "C" is a true and correct copy of correspondence Plaintiff's counsel to me, wherein Plaintiff's counsel denies to respond to the interrogatories as propounded, stating they exceed the permissible number of interrogatories.

5,    Attached hereto as Exhibit "D" is a true and correct copy of correspondence from me to Plaintiff's counsel, wherein I offer to allow Plaintiff to propound additional interrogatories to my client in exchange for an answer by Plaintiff to all interrogatories propounded to her. Plaintiff's counsel has never responded to this offer.

6.    The interrogatories in Defendant's First Set of Interrogatories were drafted with numbered subparts so that Plaintiff's counsel would know what information Defendant was seeking with the respective questions. They were drafted accordingly so that Plaintiff's counsel could not object that the interrogatories were vague and ambiguous or that Plaintiff was unable to determine what information was requested.

FURTHER AFFIANT SAYETH NAUGHT.

Executed this _____ 31st _____ day of _____ March _____, 2004.

_____
Sarah A. Nicolas

SUBSCRIBED AND SWORN TO BEFORE ME the undersigned authority, on this the _____ 31st _____ day of _____ March _____, 2004.

_____
Notary Public
State of Texas

MERRIWOOD FERGUSON
Notary Public
State of Texas
My Comm. Exp. 11-22-2006



12-15

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CLAUDIA GONZALEZ | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-03-125 |
| | § | |
| STAPLES THE OFFICE SUPERSTORE | § | |
| d/b/a STAPLES THE OFFICE SUPERSTORE | § | |
| EAST, INC. | § | |

**PLAINTIFFS CLAUDIA GONZALEZ' RESPONSES TO DEFENDANT
STAPLES FIRST SET OF INTERROGATORIES**

TO:   STAPLES THE OFFICE SUPERSTORE, Defendant, by and through their attorney of
record:

Hon. Norton Colvin
**RODRIGUEZ, COLVIN, & CHANEY**
1201 E. Van Buren
Brownsville, Texas 78520

COMES NOW, CLAUDIA GONZALEZ, Plaintiff in the above entitled and numbered

cause, and serves this, her Responses to Defendant STAPLES THE OFFICE SUPERSTORE'S

Interrogatories, under the provisions of Rule 33 of the Federal Rules of Civil Procedure.

RESPECTFULLY SUBMITTED,

**R.W. ARMSTRONG & ASSOCIATES**
2600 Old Alice Road, Suite A
Brownsville, Texas 78521
Telephone:    (956) 546-5556
Facsimile:    (956) 546-0470



BY: _____
R.W. Armstrong

**EXHIBIT**

**A**

## CERTIFICATE OF SERVICE

I hereby certify that **Plaintiff's Responses to the Defendant's First Set of Interrogatories** were on this the 15th day of December, 2003, served via Certified Mail to:

Hon. Norton Colvin
**RODRIGUEZ, COLVIN, & CHANEY**
1201 E. Van Buren
Brownsville, Texas 78520

R. W. Armstrong

## FIRST SET OF INTERROGATORIES TO PLAINTIFF CLAUDIA GONZALEZ

### INTERROGATORY NO. 1:

Please identify Plaintiff by stating the following:

    (a)    Date and place of birth, and current citizenship;

    (b)    Current address and all addresses for the past ten (10) years, with applicable time frames of residence provided;

    (c)    Name and address of all schools attended;

    (d)    Name and address of each employer for the last ten (10) years; (e) Social Security number;

    (f)    Marriage history; and

    (g)    Any name by which Plaintiff has been known other than Claudia Gonzalez.

### ANSWER:

    (a)    The Plaintiff Claudia Gonzalez was born May 30, 1962, in Brownsville, Texas; She is currently a U.S. citizen;

    (b)    Plaintiff Claudia Gonzalez currently resides at 1618 Harvard Avenue in Brownsville, Texas;

    (c)    The Plaintiff has attended the following schools and institutions:

    -Professor Miguel Saenz, for Pre-K through 6th grade, in Matamoros, Mexico

    -Se. Fed. Juan Jose de la Garza, for 7th through 9th grades, in Matamoros, Mexico;

    -Instituta de Idiomas, with Olga Lopez Padron, for one year of English in Matamoros, Mexico;

    -Instituta Iberoamericano Prepatorioa for two year, and graduation in Matamoros, Mexico;

    -Academia Comercial Justo Sierra, Secretaria Ejecutiva Bilingue, 2 years and certification in Matamoros, Mexico;

    -Centro de Accion Educativa Gregoria Saldana, Elaboracion y conservacion de Alimento y Reposteria Fina, 2 years and certification; Teatro y Declamacion during the same years and one (1) more year (3 years total) in Matamoros, Mexico;

    -C.E.C.A.T.I.(Centro Educativo de Capacitacion para el Trabajador de la Industria), Diseno y Confeccion de Modas, 1year in Matamoros, Mexico;

-G.E.D. certification in 1987, in Brownsville, Texas; and

-YMCA, for five months in Brownsville, Texas

(d)     The Plaintiff was employed by Alpha Assemblies, Inc. as Vice President and Secretary for 13

(thirteen)years in Brownsville, Texas; the company was closed in 2001, due to an accident

(e)     The Plaintiff's social security number is 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;

(f)     The Plaintiff is married to Alberto Gonzalez Guajardo; they were married on April 8, 1981.

(g)     The Plaintiff has been known by the following names:

-Claudia Zoraida Gonzalez

-Claudia Z. Gonzalez

-Claudia Aldaz Saenz

-Claudia Zoraida Aldaz

## INTERROGATORY NO. 2:

Please state the name and address, the date(s) of examination and/or treatment, the complaints
stated to each, and the diagnosis made and treatment received from:

a)     each and every hospital at which Plaintiff was ever treated or hospitalized
during the period between January 1, 1993 and the present; and,

b)     each and every physician or other health care provider, including any licensed
counselor, psychologist or psychiatrist, who treated Plaintiff or with whom she
consulted during the period between January 1, 1993 and the present

## ANSWER:

a)     The Plaintiff has been seen or rendered treatment by the following providers and practitioners:

-Dr. Mike Melton with
Brownsville Chiropractic Clinic
55 West Elizabeth Street
Brownsville, Texas 78520

Dr. Bliss Clark with
Valley Orthopedic Specialists
1629 Treasure Hills Blvd.
Harlingen, Texas 78550

Brownsville Open MRI
908 Paredes Line road
Brownsville, Texas 78520

b)      The Plaintiff has seen the following health care providers and practitioners between 1993 and the present:

-Dr. Jesus Vasquez Rivas
General Practitioner in
Matamoros, Mexico

-Dr. Gustavo Stern
Medicine
Brownsville, Texas
-Dr. Terrence Largan
General Practitioner
409 Boca Chica Blvd.
Brownville, Texas 78520

-Dr. Joel de la Garza
Nose Doctor
Matamros, Mexico

-Dr. Madhavan Psharodi
Surgeon
942 Wildrose Lane
Brownsville, Texas 78520

-Dr. Hernandez Arrona
Cardiologist

-Roberto Robles, M.D.
General practitioner
95 Price Road, Bldg. C
Brownsville, Texas 78520

-Brownsville Physical Therapy and Sports Medicine
Vicki Miles, M.S., L.P.T.
1714 Boca Chica Blvd.
Brownsville, Texas 78520

-Dr. Luevana
Matamoros, Mexico


## INTERROGATORY NO. 3:

Please describe in detail and in chronological fashion the incident made the basis of this lawsuit. Include in your answer the following:

a)      the date, time and location of the accident;

b)      a description of your activities before, during and after the incident;

c)      a description of the activities of any other involved persons;

d)      the names, addresses, telephone numbers, and current whereabouts of all persons at
        the scene of the incident, including any witnesses thereto, at the time of the
        accident;

e)      the names and locations of each government entity, agency or department who
        investigated the accident;

f)      the names, employers and addresses of all on-the-scene medical or
        emergency personnel.

## ANSWER:

a)      The accident, made the basis of this lawsuit occurred at the front entrance to Staples the
        Office Superstore, located at 2436 Pablo Kisel Blvd., Brownsville, Texas, at approximately
        12:20 p.m., on September 1, 2001.

b)      The Plaintiff arrived at Staples to return some items and shop. The Plaintiff, after returning
        said items, was attempting to leave the premises when the sliding door located at the front
        entrance to the store closed on her shoulder, knocking her to the ground, and causing the
        door to fall off its track; Immediately after the accident she called to the cashier to help her
        with the door; The Plaintiff went home after the incident.

c)      The Plaintiff was directly behind a family who had walked through the doorway when the
        incident occurred. The Manager and Assistant Manager both attended the accident scene,
        after being notified by the nearest cashier that the accident had occurred.

d)      The Plaintiff remembers the cashier, the assistant manager, and the store manager attending
        the scene of the accident, however, she does not know the names and addresses of the
        Defendant's employees;

e)      The Plaintiff is not aware of the names or locations for any government entity, agency, or
        department who investigated the accident, as she is unaware if they were given notification
        of the accident;

f)      There was no on-the-scene medical or emergency personnel.

## INTERROGATORY NO: 4:

Please describe the purpose of your trip or activity on the date of this incident, including the date and time of your arrival at the Staples store in Brownsville, your reason(s) for being there, and where you planned to go following your activities at the Staples store in Brownsville.

## ANSWER:

The Plaintiff visited Staples the Office Superstore, on Labor Day September 1, 2001, to return merchandise which had previously been purchased there and to shop. The Plaintiff entered the store at approximately 12:10 p.m. attempting to return her merchandise, and had planned to attend a mechanic's appointment.

## INTERROGATORY NO. 5:

Please detail the facts which would support your contention that this Defendant was negligent as stated in Plaintiffs' Original Petition. Specifically, please:

     a.     Describe in detail every such action or omission;

     b.     State the factual theory under which such action or omission might lead to liability on the part of the Defendant to you;

     c.     Describe in detail for each such action or omission, the manner in which you contend that Defendant should have acted or failed to act;

     d.     Describe in detail how every such action or omission contributed in any way to any incident at issue in this lawsuit; and

     e.     State the facts, assumptions, and conclusions upon which the above contentions are based, and identify every writing or other document influencing or supporting each such fact, assumption, or conclusion.

## ANSWER:

     The occurrence made the basis of this suit and the resulting injuries and damages were proximately caused by the negligent conduct of the Defendant. The Defendant, its agents, servants, and employees, negligently and willfully allowed the dangerous condition to remain and exist. On the occasion in question, the Defendant, its agents, servants, and employees, who were at all times acting in the course and scope of their employment, committed negligence toward the Plaintiff in the following respects:

     a)     In failing to warn of the defective condition of the automatic sliding doors;

     b)     By negligently and willfully failing to warn Plaintiff of the danger that could occur if the Plaintiff attempted to exit through the automatic sliding doors;

c)     In failing to inspect the automatic sliding doors so as to discover the dangerous condition of operation;

d)     In failing to correct a known dangerous condition that existed on the premises of the store;

Plaintiff further alleges that the condition of the sliding doors had continued for such a period of time that it should have been noticed and corrected if Defendant, its agents, servants, and employees had exercised ordinary care in the maintenance and operation of the doors in question.  Each of the foregoing negligent acts or omissions, whether taken singularly or in any combination, was the proximate cause of the Plaintiff's injuries and damage.  Furthermore, by failing to properly maintain the automatic sliding doors and not warning the Plaintiff of the danger s of said doors, the Defendant breached its duty of care towards the Plaintiff.  The Plaintiff held the legal status of an invitee as a shopper and customer in the store. As such, the Defendant had a duty to abate any danger posed by the automatic sliding doors, as the Defendant knew, or through reasonable and customary inspection should have known, that the automatic sliding doors presented an unreasonable danger to anyone entering or exiting the premises.  The failure of the Defendant to exercise reasonable care and caution in the reducing of or elimination of the danger was the proximate cause of the Plaintiff's injuries and damages.

## INTERROGATORY NO. 6:

If Defendant has given a statement or made any representations, oral and/or written, to anyone including yourself please state the name, address and telephone number of the person to whom such statement was given, the date on which the statement was given, the substance of such statement and whether such statement was a written or an oral statement.

## ANSWER:

The only statement related to the accident, made the basis of this lawsuit, which the Plaintiff has custody and control of is the accident report, filled out and submitted by employees of the Defendant Staples the Office Superstore.  Said report has been included in the Plaintiff's Responses to the Defendant's First Set of Requests for Production.

**INTERROGATORY NO. 7:**

Please describe all mental and/or physical injuries, disability, disease, abnormality, dysfunction, incapacity, ailments, or pains (whether full or partial, permanent or temporary) which you claim to have suffered as a result of the alleged occurrence made the basis of this lawsuit, stating the following:

a)    the parts of your body so affected;

b)    the severity of such injuries, disability, disease, abnormality, dysfunction, incapacity, ailments or pain;

c)    when each began;

d)    how long each lasted; and

e)    if you believe the injury, disability, disease, abnormality dysfunction, incapacity, ailment or pain will continue in the future, state how long into the future you believe it will last and any evidence supporting why you believe this will occur.

**ANSWER:**

a)    The Plaintiff has suffered injuries to the right side of her body, most noticeably her back, her right shoulder, and hip;

b)    Plaintiff has suffered severely painful and disabling injuries. The Plaintiff require surgery on her lower back, has trouble walking, standing, sitting, and shocking pains which prohibit her from even writing with her right hand.

c)    Plaintiff has suffered from injuries sustained as a result of the accident made the basis of this lawsuit, since the occurrence of said accident on September 1, 2001.

d.)    Plaintiff objects to this question pursuant to the provisions of Rule 33(a) of the Federal Rules of civil Procedure, as it exceeds the maximum allowable number of Interrogatories allowed to be served upon any other party, to include all subparts. Such limitation has not been duly overruled, as requires under the provisions of Rule 26(b)(2) of the Federal Rules of Civil Procedure, which require an order by the Court, granting the alteration of the limits of allowable interrogatories.

e.)     Plaintiff objects to this question pursuant to the provisions of Rule 33(a) of the

Federal Rules of civil Procedure, as it exceeds the maximum allowable number of

Interrogatories allowec to be served upon any other party; said interrogatories include all

subparts.  Such limitation has not been duly overruled, subject to the provisions of Rule

26(b)(2) of the Federal Rules of Civil Procedure, which require an order by the Court,

granting the alteration of the limits of allowable interrogatories.

## INTERROGATORY NO. 8:

If you are asserting or will assert a claim for mental anguish resulting from the incident(s) made the

basis of this lawsuit, please state in detail the following:

a)     the date or dates on which you claim to have first noticed the foregoing anguish;

b)     the specific reason(s) for such mental anguish,;

c)     any changes (e.g., sleep habits, body weight, personal relationships, work habits,

eating habits, recreational or hobby pastimes or participation) resulting from the

mental anguish; and

d)     any diagnosis provided by health care providers, including identification of all

health care providers consulted regarding mental anguish and any mental health

care providers seen or consulted for the ten (10) years prior to the incident made the

basis of this suit to the present date.

## ANSWER:

Plaintiff objects to this question pursuant to the provisions of Rule 33(a) of the Federal Rules of

Civil Procedure, as it exceeds the maximum allowable number of Interrogatories allowed to be

served upon any other party, to include all subparts.  Such limitations have not been duly

overruled, as required under the provisions of Rule 26(b)(2) of the Federal Rules of Civil

Procedure, which require an order by the Court, granting the alteration of the limits of allowable

interrogatories.

**INTERROGATORY NO. 9:**

Please state all things which you claim you can no longer perform or are physically limited from enjoying or doing due to the incident which forms the basis of this lawsuit (including, but not limited to, sports, household chores sexual activities, work related activities, hobbies or any other activities) which you were previously able to do, perform and/or enjoy and describe in detail under what circumstances and how often you did, performed and/or enjoyed the same before the subject accident and after said accident. If you have to hire or obtain the services of someone, including, but not limited to a relative or friend, to do these activities or assist you in doing these activities and you allege this assistance was necessitated by the accident which forms the basis of this lawsuit, please identify the person(s) so assisting you by providing the name(s), address(es) and telephone number(s).

**ANSWER:**

Plaintiff objects to this question pursuant to the provisions of Rule 33(a) of the Federal Rules of Civil Procedure, as it exceeds the maximum allowable number of Interrogatories allowed to be served upon any other party, to include all subparts. Such limitations have not been duly overruled, as required under the provisions of Rule 26(b)(2) of the Federal Rules of Civil Procedure, which require an order by the Court, granting the alteration of the limits of allowable interrogatories.

**INTERROGATORY NO. 10:**

Have you ever had any on the job injuries? If so, please state whether you or anyone on your behalf asserted any claim as a result of said injuries or brought any suit, against any person or entity arising out of the injury, including the following:

If the injury resulted in a claim, state:

    a)    The name and address of each person or entity against whom any claim or suit was brought;  .

    b)    The nature of each such claim;

    c)    The insurance policy number or numbers; and

    d)      Any claim number or numbers assigned to your claim or claims by each
insurance entity or company.

If the claim resulted in a lawsuit, state:

a)      The case number of each such suit;

b)      The location of the court in which each such case is or was pending;

c)      The name of al parties to each such suit;

d)      The subject matter of each such suit; and

e)      The resolution, if any, of each such suit.

**ANSWER:**

Plaintiff objects to this question pursuant to the provisions of Rule 33(a) of the Federal Rules of
Civil Procedure, as it exceeds the maximum allowable number of Interrogatories allowed to be
served upon any other party, to include all subparts. Such limitations have not been duly
overruled, as required under the provisions of Rule 26(b)(2) of the Federal Rules of Civil
Procedure, which require an order by the Court, granting the alteration of the limits of allowable
interrogatories.

**INTERROGATORY NO. 11:**

Have you ever had any other non-work related injuries or pain to the same parts of the body that
are the subject of this suit? If so, please state when that injury or pain began and whether you or
anyone on your behalf asserted any claim as a result of these injuries or pain, or brought any suit,
against any person or entity arising out of the injury or pain, including the following:

If the injury resulted in a claim, state:

a)      The name and address of each person or entity against whom any claim or suit was
brought;

b)      The nature of each such claim;

c)      The insurance policy number or numbers; and

d)      Any claim number or numbers assigned to your claim or claims by each
insurance entity or company.

If the claim resulted in a lawsuit, state:

a)    The case number of each such suit;

b)    The location of the court in which each such case is or was pending;

c)    The name of all parties to each such suit;

d)    The subject matter of each such suit; and

e)    The resolution, if any, of each such suit.

**ANSWER:**

Plaintiff objects to this question pursuant to the provisions of Rule 33(a) of the Federal Rules of Civil Procedure, as it exceeds the maximum allowable number of Interrogatories allowed to be served upon any other party, to include all subparts. Such limitations have not been duly overruled, as required under the provisions of Rule 26(b)(2) of the Federal Rules of Civil Procedure, which require an order by the Court, granting the alteration of the limits of allowable interrogatories.

**INTERROGATORY NO. 1 :**

If you have ever been convicted of a felony or any other crime involving moral turpitude, please state the following:

a)    The nature of each offense;

b)    The case number, the Court; and

c)    The date of each conviction

**ANSWER:**

Plaintiff objects to this question pursuant to the provisions of Rule 33(a) of the Federal Rules of Civil Procedure, as it exceeds the maximum allowable number of Interrogatories allowed to be served upon any other party, to include all subparts. Such limitations have not been duly overruled, as required under the provisions of Rule 26(b)(2) of the Federal Rules of Civil Procedure, which require an order by the Court, granting the alteration of the limits of allowable interrogatories.

## INTERROGATORY NO. 13:

Has anyone on your behalf asserted any claim or brought any suit, against any person or entity, arising out of this incident other than the claims in this lawsuit? If so, please state the following:

If a claim was brought, state:

a)  The name and address of each person or entity against whom any claim or suit was brought;

b)  The nature of each such claim;

c)  The insurance policy number or numbers; and

d)  Any claim number or numbers assigned to your claim or claims by each insurance entity or company.

If a lawsuit was brought, state

a)  The case number of each such suit;

b)  The location of the court in which each such case is or was pending;

c)  The name of all parties to each such suit;

d)  The subject matter of each such suit; and

## ANSWER:

Plaintiff objects to this question pursuant to the provisions of Rule 33(a) of the Federal Rules of Civil Procedure, as it exceeds the maximum allowable number of Interrogatories allowed to be served upon any other party, to include all subparts. Such limitation has not been duly overruled, as requires under the provisions of Rule 26(b)(2) of the Federal Rules of Civil Procedure, which require an order by the Court, granting the alteration of the limits of allowable interrogatories.

## INTERROGATORY NO. 14:

Please identify and describe the contents of any assignment, contribution, indemnity or settlement agreement(s) made with respect to this cause of action.

## ANSWER:

Plaintiff objects to this question pursuant to the provisions of Rule 33(a) of the Federal Rules of Civil Procedure, as it exceeds the maximum allowable number of Interrogatories allowed to be served upon any other party, to include all subparts. Such limitation has not been duly overruled, as requires under the provisions of Rule 26(b)(2) of the Federal Rules of Civil Procedure, which

require an order by the Court, granting the alteration of the limits of allowable interrogatories.

## INTERROGATORY NO. 15:

For each "consulting expert" whose opinions or impressions have been reviewed by a "testifying expert", please state the following:

    a)    the expert's name, address, and telephone number;

    b)    the subject matter on which a testifying expert will testify;

    c)    the facts known by the expert that relate to or form the basis of the expert's mental impressions and opinions formed or made in connection with the case in which the discovery is sought, regardless of when and how the factual information was acquired;

    d)    the expert's mental impressions and opinions formed or made in connection with the case in which discovery is sought, and any methods used to derive them; and

    e)    any bias of the expert

## ANSWER:

Plaintiff objects to this question pursuant to the provisions of Rule 33(a) of the Federal Rules of Civil Procedure, as it exceeds the maximum allowable number of Interrogatories allowed to be served upon any other party, to include all subparts. Such limitation has not been duly overruled, as requires under the provisions of Rule 26(b)(2) of the Federal Rules of Civil Procedure, which require an order by the Court, granting the alteration of the limits of allowable interrogatories.

### RODRIGUEZ, COLVIN & CHANEY, L.L.P.
ATTORNEYS AT LAW
A REGISTERED LIMITED LIABILITY PARTNERSHIP

EDUARDO ROBERTO RODRIGUEZ
NORTON A. COLVIN, JR.
MITCHELL C. CHANEY
MARJORY C. BATSELL
JAIME A. SAENZ*
JOSEPH A. (TONY) RODRIGUEZ
ALISON D. KENNAMER
LECIA L. CHANEY

OF COUNSEL
BENJAMIN S. HARDY (1912-1993)
ORRIN W. JOHNSON
NEIL E. NORQUEST
CHRIS A. BRISACK
RAYMOND A. COWLEY‡

1201 EAST VAN BUREN
P. O. BOX 2155
BROWNSVILLE, TEXAS 78522
TELEPHONE (956) 542-7441
TELECOPIER (956) 541-2170
www.rcclaw.com

LAURA J. URBIS
R. PATRICK RODRIGUEZ
ROSAMARIA VILLAGÓMEZ-VELA
TERI L. DANISH
SARAH A. NICOLAS
SHAWN MATHIS ISBELL

*BOARD CERTIFIED IN PERSONAL
INJURY TRIAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

‡BOARD CERTIFIED IN LABOR AND
EMPLOYMENT LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

December 17, 2003

**_Via Facsimile_**
Ronald W. Armstrong
2600 Old Alice Road, #A
Brownsville, Texas  78521

      Re:    Civil Action No. B-03-125
            Claudia Gonzalez v. Staples The Office Superstore East, Inc.

Dear Mr. Armstrong:

      I have conducted a preliminary review of Plaintiff's Responses to Defendant's First Set of Interrogatories. As you know, it is entirely permissible for interrogatories to have discrete subparts that do not constitute separate interrogatories for the purpose of the twenty five interrogatory limit.

      The applicable standard is whether the information sought is logically or factually subsumed within and related to the primary question. Under this standard, the interrogatories contained in Defendant's First Set of Interrogatories are proper and require a response from your client.

      I will await complete responses from your client. If you would like to discuss this matter, please call.

                Very truly yours,

                RODRIGUEZ, COLVIN & CHANEY, L.L.P.

                Sarah A. Nicolas

SAN:mf

**EXHIBIT**
**B**

* * *  COMMUNICATION RESULT REPORT ( DEC. 17. 2003  1:43PM )  * * *

TRANSMITTED/STORED DEC. 17. 2003  1:40PM

| FILE | MODE | OPTION | ADDRESS | RESULT | PAGE |
|------|------|--------|---------|--------|------|
| 5155 | MEMORY TX | | 9✱19277✱5460470 | OK | 2/2 |

REASON FOR ERROR
E-1) HANG UP OR LINE FAIL          E-2) BUSY
E-3) NO ANSWER                     E-4) NO FACSIMILE CONNECTION

---

# RODRIGUEZ, COLVIN & CHANEY, L.L.P.

### ATTORNEYS AT LAW
A REGISTERED LIMITED LIABILITY PARTNERSHIP
1201 EAST VAN BUREN
P. O. BOX 2155
BROWNSVILLE, TEXAS 78522
TELEPHONE (956) 542-7441
TELECOPIER (956) 541-2170
www.rcclaw.com

EDUARDO ROBERTO RODRIGUEZ
NORTON A. COLVIN, JR.
MITCHELL C. CHANEY
MARJORY C. BATSELL
JAIME A. SAENZ*
JOSEPH A. (TONY) RODRIGUEZ
ALISON D. KENNAMER
LECIA L. CHANEY

OF COUNSEL
BENJAMIN S. HARDY (1912-1993)
ORRIN W. JOHNSON
NEIL E. NORQUEST
CHRIS A. BRISACK
RAYMOND A. COWLEY*

LAURA J. URBIS
R. PATRICK RODRIGUEZ
ROSAMARIA VILLAGOMEZ-VELA
TERI L. DANISH
SARAH A. NICOLAS
SHAWN MATHIS ISRELL

*BOARD CERTIFIED IN PERSONAL
INJURY TRIAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

*BOARD CERTIFIED IN LABOR AND
EMPLOYMENT LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

## FAX TRANSMITTAL COVER SHEET

**CONFIDENTIALITY NOTICE:**     The documents accompanying this telecopy transmission contain confidential information which is legally privileged.   The information is intended only for the use of the recipient named below.  If you have received this telecopy in error, please immediately notify us by telephone to arrange for return of the original documents to us, and you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this telecopy's information is strictly prohibited.

TO:        **Ronald W. Armstrong**

FAX:       **(956) 546-0470**

DATE:      December 17, 2003

FROM:      Sarah A. Nicolas

RE:        Civil Action No. B-03-125
           Claudia Gonzalez v. Staples The Office Superstore East, Inc.

           RODRIGUEZ, COLVIN & CHANEY FILE NO.    19.277

NUMBER OF PAGES
INCLUDING COVER:          Two (2)

DOCUMENT SENT:   Correspondence dated today

IF PROBLEMS OCCUR DURING TRANSMISSION, CALL: (956) 542-7441 ASK FOR:  Merriwood

MCALLEN, TEXAS OFFICE: 4900 NORTH 10TH STREET, BUILDING A-2, 78504, TELEPHONE (956) 686-1287 TELECOPIER (956) 686-6197
HARLINGEN, TEXAS OFFICE: 402 EAST VAN BUREN STREET, 78550, TELEPHONE (956) 423-0213 TELECOPIER (956) 423-2033



L  A  W  Y  E  R

BOARD CERTIFIED

PERSONAL INJURY LAW

December 22, 2003

**Via Facsimile to (956) 541-2170**
Ms. Sarah A. Nicolas
Rodriguez, Colvin & Chaney, LLP
1201 East Van Buren, P.O. Box 2155
Brownsville, Texas 78522

Re:    Civil Action No. B-03-125
        Claudia Gonzalez v. Staples The Office Superstore East, Inc.

Dear Ms. Nicolas:

   This correspondence is in response to yours of December 17, 2003; the statement of controlling law regarding the permissible number of interrogatories, including discrete subparts is almost correct. Our review of the current state of the law (Kendall, Benas, Safeco, Yeager and SWEPI, among others) "subparts" are considered discrete if they are logically or factually subsumed within and <u>necessarily</u> related to the primary question. A review of the interrogatories propounded demonstrates they do not fall in this category; accordingly I cannot agree with your proposition that your First Set of Interrogatories are proper and require a response from my client under the existing case law.

   Giving you the benefit of doubt, I continue to calculate the questions propounded in your discovery at 39 discrete interrogatories; based upon the following, Interrogatories No. 2, 2. No. 3, 4. No. 4, 1. No. 5,5. No. 6, 1. No. 7,2. No. 8,2, No. 9, 2, No. 10,2, No. 10 (sic), 2. No. 11, 1. No. 12,2. No. 13,1. No. 14,5 contain questions that exceed the scope of the discret subparts.

   Plaintiff has responded to 25 interrogatories and we will propose to respond to an additonal 8; you may chose the interogatories or we will simply respond to the next 8 questions proponded. Please call me if there are any questions or concerns about our directions.

2600 OLD ALICE RD.
BROWNSVILLE, TX.
7 8 5 2 1 - 1 4 5 0

☎
9 5 6 - 5 4 6 - 5 5 5 6
FAX 5 4 6 - 0 4 7 0

Very truly yours,

Ronald W. Armstrong

**EXHIBIT**

**C**

## RODRIGUEZ, COLVIN, CHANEY & SAENZ, L.L.P.

ATTORNEYS AT LAW

A REGISTERED LIMITED LIABILITY PARTNERSHIP

EDUARDO ROBERTO RODRIGUEZ
NORTON A. COLVIN, JR.
MITCHELL C. CHANEY
MARJORY C. BATSELL
JAIME A. SAENZ*
JOSEPH A. (TONY) RODRIGUEZ
ALISON D. KENNAMER
LECIA L. CHANEY

OF COUNSEL
BENJAMIN S. HARDY (1912-1993)
ORRIN W. JOHNSON
NEIL E. NORQUEST
CHRIS A. BRISACK
RAYMOND A. COWLEY‡

1201 EAST VAN BUREN
P. O. BOX 2155
BROWNSVILLE, TEXAS 78522
TELEPHONE (956) 542-7441
TELECOPIER (956) 541-2170
www.rcclaw.com

LAURA J. URBIS
R. PATRICK RODRIGUEZ
ROSAMARIA VILLAGÓMEZ-VELA
TERI L. DANISH
SARAH A. NICOLAS
SHAWN MATHIS ISBELL
CHRISTOPHER E. MOORE

*BOARD CERTIFIED IN PERSONAL
INJURY TRIAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

‡BOARD CERTIFIED IN LABOR AND
EMPLOYMENT LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

January 6, 2004

*Via Facsimile* **(956) 546-0470**
Ronald W. Armstrong
2600 Old Alice Road, #A
Brownsville, Texas  78521

Re:    Civil Action No. B-03-125
       Claudia Gonzalez v. Staples The Office Superstore East, Inc.

Dear Mr. Armstrong:

Thank you for your response to my letter of December 17, 2003, regarding your client's responses to interrogatories.  Respectfully, I disagree with your assessment of the number of interrogatories propounded by my client.  I am comfortable that my client has only propounded fifteen interrogatories to your client, and I think the Court would agree.

Nonetheless, in a good faith effort to resolve this dispute without Court intervention and to confer prior to filing any motion, I propose the following:  in exchange for responding to all interrogatories propounded to her, your client may propound thirty interrogatories to my client.  This agreement would not waive any objections my client may have to those thirty interrogatories, other than that they exceed twenty-five in number.

If you are in agreement with this proposal, please sign below and this letter will be considered a written stipulation pursuant to Federal Rule of Civil Procedure 33(a).  If you cannot agree with this proposal, please let me know as soon as possible so that I can take whatever action is necessary to protect my client's interests, including filing a Motion to Compel Responses to Discovery.



EXHIBIT

D

Mr. Ronald W. Armstrong
January 6, 2004
Page 2

I look forward to your reply.

Very truly yours,

RODRIGUEZ, COLVIN, CHANEY & SAENZ
L.L.P.

Sarah A. Nicolas

SAN:mf

Ron W. Armstrong
Attorney for Plaintiff

P. 1

x  x  x  COMMU...CATION RESULT REPORT ( JAN. 6. 20..  4:25PM )  x  x  x

TTI  Rodriguez, Colvin & Chaney

| FILE MODE | OPTION | ADDRESS | RESULT | PAGE |
|-----------|--------|---------|--------|------|

TRANSMITTED/STORED JAN. 6. 2004  4:19PM

--------------------------------------------------------------------------------
5615 MEMORY TX                    9✻19277✻5460470              OK        3/3
--------------------------------------------------------------------------------

--------------------------------------------------------------------------------
REASON FOR ERROR
E-1) HANG UP OR LINE FAIL                    E-2) BUSY
E-3) NO ANSWER                               E-4) NO FACSIMILE CONNECTION
--------------------------------------------------------------------------------

## RODRIGUEZ, COLVIN & CHANEY, L.L.P.
### ATTORNEYS AT LAW
A REGISTERED LIMITED LIABILITY PARTNERSHIP
1201 EAST VAN BUREN
P. O. BOX 2155
BROWNSVILLE, TEXAS 78522
TELEPHONE (956) 542-7441
TELECOPIER (956) 541-2170
www.rcclaw.com

EDUARDO ROBERTO RODRIGUEZ
NORTON A. COLVIN, JR.
MITCHELL C. CHANEY
MARJORY C. BATSELL
JAIME A. SAENZ¹
JOSEPH A. (TONY) RODRIGUEZ
ALISON D. KENNAMER
LECIA L. CHANEY
OF COUNSEL
BENJAMIN S. HARDY (1912-1993)
ORRIN W. JOHNSON
NEIL E. NORQUEST
CHRIS A. BRISACK
RAYMOND A. COWLEY⁴

LAURA J. URBIS
H. PATRICK RODRIGUEZ
ROSAMARIA VILLAGOMEZ-VELA
TERI L. DANISH
SARAH A. NICOLAS
SHAWN MATHIS ISBELL
¹BOARD CERTIFIED IN PERSONAL
INJURY TRIAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION
⁴BOARD CERTIFIED IN LABOR AND
EMPLOYMENT LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

### FAX TRANSMITTAL COVER SHEET

**CONFIDENTIALITY NOTICE:**    The documents accompanying this telecopy transmission contain confidential information which is legally privileged.  The information is intended only for the use of the recipient named below.  If you have received this telecopy in error, please immediately notify us by telephone to arrange for return of the original documents to us, and you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this telecopy's information is strictly prohibited.

TO:        **Ronald W. Armstrong**

FAX:       **(956) 546-0470**

DATE:      January 6, 2004

FROM:      Sarah A. Nicolas

RE:        Civil Action No. B-03-125
           Claudia Gonzalez v. Staples The Office Superstore East, Inc.

RODRIGUEZ, COLVIN & CHANEY FILE NO.    19.277

NUMBER OF PAGES
INCLUDING COVER:         Three (3)

DOCUMENT SENT:    Correspondence dated today

IF PROBLEMS OCCUR DURING TRANSMISSION, CALL: (956) 542-7441 ASK FOR: Merriwood