United States District Court
Southern District of Texas
FILED

MAY 0 5 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| CLAUDIA GONZALEZ | § |
| | § |
| VS. | § |
| | § |
| STAPLES THE OFFICE SUPERSTORE | § |
| D/B/A STAPLES THE OFFICE | §   CIVIL ACTION NO. B-03-125 |
| SUPERSTORE EAST, INC. | § |
| | § |
| VS. | § |
| | § |
| UNITED DOOR SERVICE | § |

---

**PLAINTIFF CLAUDIA GONZALEZ OPPOSED MOTION FOR CONTINUANCE
AND TO EXTEND DISCOVERY DEADLINE AND TRIAL SETTING**

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, CLAUDIA GONZALEZ, Plaintiff in the above numbered and styled cause of action, and files this, her OPPOSED MOTION FOR CONTINUIANCE AND TO EXTEND DISCOVERY DEADLINE AND TRIAL SETTING, and for good cause would respectfully show the Court the following:

1.  Plaintiff Claudia Gonzalez filed this cause on June 10, 2003 (less than ten months ago). The original attorney Reynaldo G. Garza, withdrew and this Court substituted R.W. Armstrong on or about August 28th, 2003.

2.  A Scheduling Order was entered on the 23rd day of October 2003. The Scheduling Order provides for discovery to end on May 28th, 2004, and for trial to commence in August of 2004.

3.  After the Order was entered Defendant STAPLES THE OFFICE SUPERSTORE d/b/a STAPLES THE OFFICE SUPERSTORE, INC., joined an additional Third Party Defendant, UNITED DOOR SERVICE, on or about November 6, 2003.

4. In January of 2004, Plaintiff Claudia Gonzalez required shoulder surgery, which is directly related to the incident subject of this suit, and is currently undergoing rehabilitation and physical therapy. Plaintiff believes and expects that her medical treatment will continue through the August of 2004. For the foregoing reasons Plaintiff requires additional time to effectively and efficiently complete discovery.

5. During the Discovery period Plaintiff has sought the deposition of Defendant Staple's store manager, who was present on the day of the incident subject of this suit, and has knowledge of relevant facts pertaining to this cause. However, the manager in question has been relocated to another store, and Plaintiff has allowed the additional time to make arrangements with for Defendant to provide the testimony of this manager, who Plaintiff believes is in possession of information that is material, or who can direct Plaintiff to other sources of information that would me material and admissible at trial. Plaintiff is prepared to depose this manager at such a time as he may be provided.

6. The following discovery in process needs to be completed:

   a. Plaintiff submitted her First Set of Interrogatories and First Set of Requests for Production to Defendant Staples on the 27th day of April of 2004.

   b. Plaintiff requires the deposition of the store manager present at the time of the incident, subject of this suit, and has yet to receive information as to dates of availability, much less information indicating the manager's whereabouts.

7. The following new discovery needs to be implemented and completed:

   a. No discovery, aside from the initial disclosures issued by the Third Party Defendant to the Plaintiff on the 8th day of March 2004, has been received or submitted. As such, Plaintiff requires additional time to implement and complete discovery to the Third Party Defendant UNITED DOOR SERVICE.

   b. Plaintiff requires the depositions of all employees, agents, representatives, or other persons with relevant knowledge of the facts surrounding the incident, subject of this suit. As discovery is ongoing and Plaintiff has not received

responses to her discovery issued to the Defendant, persons whose depositions are needed have not been identified, and the Plaintiff requires additional time to recognize the persons with knowledge of relevant facts, and take their respective depositions, accordingly.

c. Any follow-up investigation indicated by the discovery responses that Plaintiff still has not received from Defendant.

d. Plaintiff will require the deposition of the treating doctor after "maximum medical improvement", or "MMI" has been accomplished.

8. The above discovery is relevant and material to Plaintiff's ability to put on her case as it relates directly to the duty of Defendant and Third Party Defendant to Plaintiff, the breach of that duty, and damages. Plaintiff will suffer actual and substantial prejudice if she is not permitted to obtain the evidence sought since they are essential elements of the negligence causes of action pleaded by Plaintiff and for which she seeks relief by this Court.

9. Plaintiff has been diligent in its discovery responsibilities. Plaintiff propounded discovery on Defendant on the 28th day of April of 2004, and has not yet received a response. Furthermore as Plaintiff's medical care and treatment is ongoing, discovery is incomplete, and will remain such until such a time as her treatment and rehabilitation is completed. Plaintiff has also not received or implemented any discovery from the Third Party Defendant, aside from their Requests for Disclosures. Without this information, Plaintiff has not been able to build and effect an efficient discovery plan. It has been in regular contact with Defendant, and the parties, Plaintiff in good faith believes, are working with one another diligently to prepare a case that focuses in on the real issues and will make trial of this matter alacritous for the Court and all parties. Additionally, the fact that Plaintiff just underwent surgery for injuries that are the subject of this action has made it impossible to provide definitive expert evaluation of the injuries and the prognosis for damages and future treatment. Now that the surgeries have been completed and Plaintiff is in therapy, this aspect of the case now can be addressed by both plaintiff and Defendant..

10. This Motion to Extend Discovery and Trial Setting is not being made for delay but rather so that justice may be done.

11. This motion does not create any undue inconvenience for the Court. Indeed, this Motion is in the best interests and convenience of the Court in that it seeks time to lay the groundwork that will make trial of this matter efficient and expeditious. By the additional time for pre-trial discovery, fewer witnesses will need to be called and the witnesses that are called will testify about ultimate issues rather than broader matters made necessary by their not having already been deposed and otherwise interviewed. Plaintiff will know exactly who in Defendant's organization needs to be called, and she will know exactly what those individuals will have to say. In this way, the trier of fact will not be bombarded with information that in retrospect was extraneous and not dispositive.

12. This Motion and the additional time it seeks does not prejudice the opposing party for two reasons. First, the additional time is necessary because Defendant waited until November of 2003, to designate a Third Party Defendant who it claims is the ultimate responsible party, and that Third Party Defendant has not yet provided any of the parties with necessary discovery that will define what additional discovery is necessary. Second, the additional time is necessary due to the fact that Plaintiff has only just this past March undergone surgery for the injuries that are the subject of this action. Now that the surgery is completed and the true extent of the damages have been defined physically, it is in all parties and the Court's interest to prepare the case in chief on those facts that could not have been developed before the surgeries had occurred. Defendant will be better off at trial by an efficient presentation of the true fact issues based on this investigation of what all experts have to say about the surgeries and what they uncovered as to Plaintiff's true condition.

13. Plaintiff Claudia Gonzalez requests that discovery deadlines be extended to August 16th, 2004, and that trial setting be continued to November, 2004, in order that Plaintiff Claudia Gonzalez to can more likely complete her medical treatment before the time of trial and provide expert testimony at trial that is definitive and less conjectural. A continued trial after additional

discovery will make the trial on this matter more efficient, quicker, completely dispositive, and thereby in the best interests of the Court and all parties.

Plaintiff requests this matter be set for hearing, and that upon hearing, discovery and trial setting be extended as deemed necessary by the Court, and for such other and further relief as the Court may deed justified.

                        RESPECTFULLY SUBMITTED,

**R.W. ARMSTRONG & ASSOCIATES**
2600 Old Alice Road, Suite A
Brownsville, Texas 78521
Telephone: (956) 546-5556
Facsimile: (956) 546-0470

BY: _____
R.W. Armstrong
Texas Bar No. 01323500

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CLAUDIA GONZALEZ | § § | |
| VS. | § § | |
| STAPLES THE OFFICE SUPERSTORE D/B/A STAPLES THE OFFICE SUPERSTORE EAST, INC. | § § § § | CIVIL ACTION NO. B-03-125 |
| VS. | § § § | |
| UNITED DOOR SERVICE | § | |

## AFFIDAVIT OF RONALD W. ARMSTRONG

**STATE OF TEXAS** {
{
**COUNTY OF CAMERON** {

BEFORE ME, the undersigned authority, on this day personally appeared **RONALD W. ARMSTRONG**, known to me to be the person whose name is subscribed hereto, who being first duly sworn in the manner provided by law, on oath, stated as follows:

"My name is **RONALD W. ARMSTRONG**. I am counsel of record for Plaintiff Claudia Gonzalez in the above-captioned and numbered action. I am licensed to practice law in the State of Texas and before this Court.

"All of the representations made by me in the accompanying OPPOSED MOTION FOR CONTINUANCE AND TO EXTEND DISCOVERY DEADLINE AND TRIAL SETTING are true and correct by my personal knowledge. In my opinion, under the circumstances of this case as well as the exigencies caused by the other matters I have needed to handle on behalf of

Plaintiff Claudia Gonzalez and all of my other clients, I believe that I have been diligent in the preparation of this case for trial."

                                                                                           R.W. Armstrong, *Affiant*

      SUBSCRIBED AND SWORN TO BEFORE ME by the said Ronal W. Armstrong, this the 5th day of May, 2004.

                                                                                           NOTARY PUBLIC in and for the State of Texas
My Commission Expires: 5-23-05

GISELA VEGA
Notary Public, State of Texas
My Commission Expires 05-23-05

## CERTIFICATE OF SERVICE

I hereby certify that Plaintiff Claudia Gonzalez's **Opposed Motion For Continuance and to Extend Discovery Deadline And Trial Setting** was on this the 5TH day of May, 2004, served via US Mail and facsimile to wit:

Hon. Melvin A. Krenek
**Krenek & Heinmeyer, P.C.**
9601 McAllister Freeway, Suite 1110
San Antonio, Texas 78216
(210) 342-1266

Hon. Sarah A. Nicolas
**Rodriguez, Colvin, & Chaney L.L.P.**
1201 East Van Buren
Brownsville, Texas 78520
(956) 541-2170

_____
R. W. Armstrong

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| CLAUDIA GONZALEZ | § § |
| VS. | § § |
| STAPLES THE OFFICE SUPERSTORE D/B/A STAPLES THE OFFICE SUPERSTORE EAST, INC. | § § § § CIVIL ACTION NO. B-03-125 |
| VS. | § § § |
| UNITED DOOR SERVICE | § |

**CERTIFICATE OF CONFERENCE**

Plaintiff's attorney, R.W. Armstrong has conferred with attorney Frederick Saporsky II, attorney for the Third Party Defendant UNITED DOOR SERVICE, who agreed with and supported the MOTION FOR CONTINUANCE, as UNITED DOOR SERVICE was recently joined as a Third Party Defendant, and the necessary Discovery has yet to be implemented and completed. Plaintiff's attorney has additionally conferred with attorney Sarah A. Nicolas the attorney for Defendant STAPLES THE OFFICE SUPERSTORE D/B/A STAPLES THE OFFICE SUPERSTORE EAST, INC., and she is in opposition of the Motion for Continuance and to Extend Discovery Deadline and Trial Setting.

RESPECTFULLY SUBMITTED,

R.W. ARMSTRONG & ASSOCIATES
2600 Old Alice Road, Suite A
Brownsville, Texas 78521
Telephone: (956) 546-5556
Facsimile: (956) 546-0470

By: _____
R.W. Armstrong
Attorney for Plaintiff
Texas Bar No. 01323500