

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CLAUDIA GONZALEZ | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-03-125 |
| | § | |
| STAPLES THE OFFICE SUPERSTORE | § | |
| d/b/a STAPLES THE OFFICE SUPERSTORE | § | |
| EAST, INC. | § | |

---

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR CONTINUANCE AND TO EXTEND DISCOVERY DEADLINE AND TRIAL SETTING

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, STAPLES THE OFFICE SUPERSTORE d/b/a STAPLES THE OFFICE SUPERSTORE EAST, INC., Defendant in the above-entitled and numbered cause, and files this its Opposition to Plaintiff's Motion for Continuance and to Extend Discovery Deadline and Trial Setting, and in support thereof shows the Court as follows:

### I.

### INTRODUCTION

This lawsuit arises out of injuries allegedly sustained by Plaintiff, Claudia Gonzalez, when she was exiting Staples The Office Superstore in Brownsville, Texas. Plaintiff alleges that the automatic sliding door hit her, causing injuries to her. *See* Plaintiff's Original Petition. Plaintiff's Motion for Continuance is without merit and should be denied because Plaintiff has failed to exercise diligence in the prosecution of this case in the following ways:

1. Plaintiff's counsel failed to meet and confer prior to deadline for filing the Joint Discovery/Case Management Plan;

*Defendant's Opposition to Motion for Continuance*                                    Page 1

2.  Plaintiff, without any justification or good cause, has failed to designate any retained expert witnesses by the February 9, 2004 deadline set forth in the Court's order and still, as of this date, has not designated any such witnesses;

3.  Plaintiff, without any justification or good cause, has failed to identify any witnesses who may offer testimony under Rules 702, 703 or 705;

4.  Plaintiff failed to adequately respond to discovery requests and then failed to appear at this Court's hearing on Defendant's Motion to Compel Discovery;

5.  Plaintiff has failed to diligently conduct discovery, evidenced by the untimely service of her first set of interrogatories and requests for production, the responses to which are not due until after the deadline set by the Court for the completion of all discovery;

6.  Plaintiff has further failed to diligently conduct discovery, having just recently requested the deposition of one individual identified by Defendant in its Rule 26(a) Initial Disclosures more than six months ago; and,

7.  Plaintiff has further failed to diligently conduct discovery, not having sought any discovery from Third Party Defendant United Door Service, despite the fact that United Door Service was identified by Defendant more than six months ago and the Court entered an order allowing United Door's joinder to this action shortly thereafter.

Simply, Plaintiff is attempting to circumvent this Court's Order, which provided for various deadlines, including the discovery deadline and the deadline by which to designate expert witnesses. Plaintiff has failed to meet those deadlines and now seeks to continue the trial date and discovery deadline with the hope that she can remedy these fatal defects.

Based on the foregoing, Defendant Staples requests that Plaintiff's Motion for Continuance be denied.

## II.

## ANALYSIS

As suggested by Plaintiff in her own motion, Plaintiff bears the burden of proving that she has been diligent in preparing this case for trial, including seeking the discovery necessary to the prosecution of her case. *See, e.g., STMicroelectronics, Inc. v. Motorola, Inc.*, 307 F. Supp. 2d 845, 850-851 (E.D. Texas 2004) *and cases cited therein*; *see also* F.R.C.P. 16(b) (scheduling order shall not be modified except upon a showing of good cause). "A party seeking leave to amend a court's scheduling order must show 'good cause.' The 'good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *See id.* at 850 (citations omitted). Additionally, "a party's failure to meet a deadline due to mere inadvertence 'is tantamount to no explanation at all.'" *See id.* (citations omitted).

As summarized above and discussed in more detail herein, Plaintiff has failed to diligently prepare this case and, accordingly, Plaintiff's Motion for Continuance should be denied. *See Dorsey v. Scott Wetzel Servs., Inc.*, 84 F.3d 170, 171 (5th Cir. 1996) (whether to grant motion for continuance is a procedural matter within the court's discretion).

**A.    *Plaintiff's Claims Are Based On A "Defect" Theory, Which Will Require Expert Testimony, For Which Plaintiff Has Failed To Designate Any Expert Witnesses.***

In order to prove her case, Plaintiff will have to prove that a condition on Defendant Staples' premises posed an unreasonable risk of harm, Defendant Staples knew or should have know of that risk of harm, Defendant Staples breached its duty of ordinary care by either failing to remedy or warn of the condition, and Plaintiff's injuries

were proximately caused by Defendant Staples' breach. *See H.E.Butt Grocery Co. v. Resendez*, 988 S.W.2d 218, 219 (Tex. 1999). In Plaintiff's Original Petition, Plaintiff alleges that Defendant failed to warn of "the defective condition of the automatic sliding doors," failed to warn of a danger that could occur if Plaintiff attempted to exit through the sliding doors, failed to inspect the automatic sliding doors so as to discovery the dangerous condition, and failed to correct a known dangerous condition. *See* Plaintiff's Original Petition at pp. 2-3, attached hereto as Exhibit "A."

As evidenced by Plaintiff's own petition, the basis for her suit is that the automatic sliding doors in question were in a "defective condition." Determining whether or not this is true requires testimony regarding how the doors were supposed to function and how, based on the evidence, the doors did in fact function at the time in question. The design and operation of automatic sliding doors such as those at issue in this case are subject to various standards, including ANSI (American National Standards Institute), UL (Underwriters Laboratories, Inc.) and AAADM (American Association of Automatic Door Manufacturers) standards. Any testimony regarding the design or operation of the automatic sliding doors at issue in this case would require reference to and understanding of these standards, as well as the engineering behind the doors, all of which requires expert testimony. In light of this necessary testimony, however, Plaintiff has failed to designate any experts to discuss the door at issue. *See* Plaintiff's Rule 26(a) Initial Disclosures, served January 26, 2004, attached hereto as Exhibit "B."[1] The deadline for such designations was February 9, 2004.

---

[1] *See also* Plaintiff's Rule 26(a) Initial Disclosures, served April 20, 2004, attached hereto as Exhibit "C." Although these "disclosures" were not made pursuant to the Federal Rules, but instead track the state disclosure requirement, and they were made after the Court ordered expert designation deadline, still no experts are identified.

**B.**    ***Plaintiff Has Failed To Identify Any Witness That May Offer Testimony Under Rules 702, 703 or 705, Including Her Own Treating Physicians To Testify Regarding Her Injuries.***

In addition, Plaintiff has failed to designate any experts at all to discuss Plaintiff's injuries. Aside from the fact that Plaintiff has not identified any "retained experts," Plaintiff has not even identified her own treating physicians as persons who may present expert testimony under Rule 702, 703 or 705, as required by Rule 26(a)(2)(A). *See id.* Plaintiff's failure to timely designate any expert witnesses to discuss Plaintiff's alleged injuries, which Plaintiff claims are complex and serious, is not due to any legitimate excuse or good cause, but instead is the result of neglect and failure to diligently prosecute this action.

**C.**    ***Discovery Requests Recently Served By Plaintiff Are Not Timely, Nor Did Plaintiff Timely Seek The Deposition Of Or Discovery From Individuals And Entities Identified By Defendant In Discovery More Than Six Months Prior To Bringing The Motion For Continuance.***

Contrary to claims made in Plaintiff's Motion for Continuance, Plaintiff has not timely served discovery requests on Defendant in this case. Plaintiff served her first set of discovery requests on Defendant, via facsimile, on April 28, 2004. Pursuant to Federal Rules of Civil Procedure 5(b)(2)(D), 6(e), 33(b)(3), and 34(b), therefore, Defendant Staples' responses are due on or before Tuesday, June 1st. [2] The Court ordered deadline for completion of discovery, however, is May 28, 2004. Thus, Plaintiff's discovery requests are not timely. *See, e.g., Williams v. Little Rock Mun. Waterworks*, 155 F.R.D. 188, 189 (E.D. Ark. 1993) (motion to compel denied where party seeking discovery served requests so that responses were due after discovery deadline, because deadline in court's scheduling order was intended to prevent last minute discovery and disputes).

---

[2] Rules 33 and 34 provide for responses within thirty days after service of the requests. Rule 6(e) states that an additional three days are added to the response time when service is made by electronic means, pursuant to Rule 5(b)(2)(D). Thus, the response deadline would be May 31, 2004 (already past the Court ordered deadline), which is Memorial Day. Thus, pursuant to Rule 6(a), the deadline is June 1, 2004.

In addition, it was only during the week of April 27th that Plaintiff's counsel requested the deposition of the individual who was the store manager at the time of the incident, Mr. Rick Balli. As was relayed to Plaintiff's counsel's staff at that time, Defendant no longer employs Mr. Balli.[3] However, Defendant's counsel nevertheless requested the last known address for Mr. Balli from Defendant and has provided it in a timely fashion to Plaintiff's counsel. Nonetheless, Plaintiff could have requested this deposition well prior to the time it was requested, and the delay in securing this deposition should not constitute a basis for granting a Motion for Continuance. *See* Affidavit of Sarah A. Nicolas at ¶ 4.

Furthermore, United Door Service was identified to Plaintiff in October, 2003, when Defendant timely served its Initial Disclosures pursuant to Rule 26. Even Plaintiff admits in her own motion that United Door Service was added to the case on November 6, 2003, more than six months ago. And yet, Plaintiff has not undertaken to secure any discovery from United Door Service. As with the failure to secure the deposition of the former store manager, Plaintiff's failure to secure discovery from United Door Service should not constitute a basis for granting a Motion for Continuance.

C.    *Plaintiff's Alleged Injuries Do Not Require A Continuance Of The Trial And Plaintiff's Failure To Secure Evidence Regarding Her Medical Condition Does Not Warrant Further Discovery.*

Plaintiff also argues that a continuance of the trial date is necessary because she underwent surgery early this year and is still under care of a physician for those alleged injuries. Defense counsel knows of no case in which it is held that a plaintiff must have completed all medical treatment and reached maximum medical improvement before trial commences. In fact, there is no reason why Plaintiff could not have secured the necessary evidence regarding her condition by way of testimony regarding future

---

[3] It is not the case, as stated in Plaintiff's Motion, that Plaintiff was told the individual has been relocated to another store. *See* Affidavit of Sarah A. Nicolas at ¶ 4. In fact, Plaintiff's counsel's staff was informed that Defendant's counsel did not know the whereabouts of Mr. Balli, but that efforts would be undertaken to locate him. Plaintiff's counsel has now been provided his last known address.

medical consequences and expenses.[4] Of course, as previously mentioned, Plaintiff might now be precluded from doing so due to her failure to designate any experts or identify any individuals expected to offer expert testimony. Plaintiff's failure to secure such evidence is not due to any good cause, however, and accordingly does not support a continuance of the trial date or relief from the deadlines imposed by the Court.

### III.

### CONCLUSION

Because Plaintiff's Motion for Continuance is nothing more than an attempt to overcome the fact that discovery has not been diligently conducted, Plaintiff's Motion for Continuance should be denied. Defendant Staples stands to suffer great prejudice if Plaintiff's Motion is granted, as Defendant Staples has diligently undertaken discovery and is diligently preparing this case for disposition, either on motions or at trial.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Staples prays that this Honorable Court deny Plaintiff's Opposed Motion for Continuance and to Extend Discovery Deadline and Trial Setting, and for such other and further relief to which it may show itself justly entitled to receive.

---

[4] Defendant reserves its right to challenge any such evidence if offered at trial by Plaintiff.

Respectfully submitted,

RODRIGUEZ, COLVIN, CHANEY & SAENZ,
L.L.P.

By: _Norton A. Colvin, Jr._____

Norton A. Colvin, Jr.
State Bar No. 04632100
Federal Admissions No. 1918
        Sarah A. Nicolas
State Bar No. 24013543
Federal Admissions No. 32122
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
(956) 542-7441
Fax (956) 541-2170
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was

served upon all counsel of record, to-wit:

Ronald W. Armstrong
Law Offices of Ronald W. Armstrong
State Bar No. 01323500
2600 Old Alice Road, #A
Brownsville, Texas 78521

Melvin A. Krenek
Krenek and Heinemeyer
9601 McAllister Freeway, Suite 110
San Antonio, Texas 78216-4605

by certified mail, return receipt requested, hand delivery, and/or facsimile transmission

pursuant to the Federal Rules of Civil Procedure, on this the 11th day of May, 2004.

_Sarah A. Nicolas_____

Sarah A. Nicolas

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

CLAUDIA GONZALEZ            §
                           §
     VS.                   §          CIVIL ACTION NO. B-03-125
                           §
STAPLES THE OFFICE SUPERSTORE §
d/b/a STAPLES THE OFFICE SUPERSTORE §
EAST, INC.                 §

**ORDER DENYING PLAINTIFF'S OPPOSED MOTION FOR CONTINUANCE
AND TO EXTEND DISCOVERY DEADLINE AND TRIAL SETTING**

CAME ON BEFORE THE COURT Plaintiff's Opposed Motion for Continuance and to Extend Discovery Deadline and Trial Setting, and the Court finds that the same should be DENIED.

IT IS THEREFORE, ORDERED Plaintiff's Opposed Motion for Continuance and to Extend Discovery Deadline and Trial Setting is here by DENIED.

SIGNED FOR ENTRY this _____ day of _____, 2004.

_____
JUDGE PRESIDING

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CLAUDIA GONZALEZ | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-03-125 |
| | § | |
| STAPLES THE OFFICE SUPERSTORE | § | |
| d/b/a STAPLES THE OFFICE SUPERSTORE | § | |
| EAST, INC. | § | |

---

**AFFIDAVIT OF SARAH A. NICOLAS IN SUPPORT OF DEFENDANT'S
OPPOSITION TO PLAINTIFF'S MOTION FOR CONTINUANCE**

---

| | | |
|---|---|---|
| STATE OF TEXAS | § | KNOW ALL MEN BY THESE |
| COUNTY OF CAMERON | § | PRESENTS: |

BEFORE ME, the undersigned authority, in the State of Texas, on this day personally appeared SARAH A. NICOLAS, known to me as the person whose name is subscribed to the foregoing Affidavit, and who, being by me first duly sworn, on her oath deposed and stated as follows:

"My name is SARAH A. NICOLAS. I am over 18 years of age and competent to make this affidavit.

I am an attorney with the firm of Rodriguez, Colvin, Chaney & Saenz, L.L.P., attorneys of record for Defendant Staples The Office Superstore d/b/a Staples The Office Superstore East, Inc. in the above referenced matter. In connection with our representation of Defendant, I have personal knowledge of the following facts.

1.    Plaintiff's Original Petition is attached hereto as Exhibit "A."

2.    Attached hereto as Exhibit "B" is a true and correct copy of Plaintiff's Rule 26(a) Initial Disclosures, served January 26, 2004.

3.    Attached hereto as Exhibit "C" is a true and correct copy of Plaintiff's Rule 26(a) Initial Disclosures, served April 20, 2004.

4,    I was first contacted by Plaintiff's counsel's staff regarding the deposition of Rick Balli, the store manager at the time of the incident, during the week of April 27, 2004. At that time, I informed the staff person that Mr. Balli was no longer the manager at the location in question, and that I did not know if Mr. Balli was even still with the company. I immediately contacted my client to ascertain Mr. Balli's whereabouts. Because Mr. Balli is no longer with the company, it took a

---

*Affidavit of Sarah A. Nicolas in Support of Defendant's Opposition to Motion for Continuance*                    Page 1

little more than one week to locate his last known address, which has been provided to Plaintiff's counsel.

FURTHER AFFIANT SAYETH NAUGHT.

Executed this ___11th___ day of ___May_____, 2004.

_Sarah A. Nicolas_____

Sarah A. Nicolas

      SUBSCRIBED AND SWORN TO BEFORE ME the undersigned authority, on this the ___11th___ day of ___May_____, 2004.

_Merriwood Ferguson_____

Notary Public
State of Texas

MERRIWOOD FERGUSON
Notary Public
State of Texas
My Comm. Exp. 11-22-2005

CLAUDIA GONZALEZ §  IN CAM  ON COUNTY
§
V. §
§  FILED FOR RECORD
§
STAPLES THE OFFICE SUPERSTORE § COURT AT LAWARO. OCLOCK___M
d/b/a STAPLES THE OFFICE §
SUPERSTORE EAST, INC. §  JUN 1 0 2003
§  CAMERON COUNTY, TEXAS
§  JOE G. RIVERA

**PLAINTIFF'S ORIGINAL PETITION**  CAMERON COUNTY CLERK
By Mayra Mar/Deputy

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **CLAUDIA GONZALEZ**, hereinafter referred to as Plaintiff, complaining

of **STAPLES THE OFFICE SUPERSTORE d/b/a STAPLES THE OFFICE SUPERSTORE**

**EAST, INC.,** hereinafter referred to as Defendant, and for such cause of action, would

respectfully show unto the Court and the Jury as follows:

A. DISCOVERY CONTROL PLAN

Plaintiff intends to conduct discovery under Level 2 of Texas Rule of Civil Procedure

190.

B. PARTIES

Plaintiff, **CLAUDIA GONZALEZ**, is an individual residing in Brownsville, Cameron

County, Texas.

Defendant, **STAPLES THE OFFICE SUPERSTORE d/b/a STAPLES THE OFFICE**

**SUPERSTORE EAST, INC.,** is a corporation authorized to conduct business in the State of

Texas and may be served with process through its registered agent for service at CT

Corporation System, 350 N. St. Paul St., Dallas, Texas 75201.

---

Plaintiff's Original Petition

2003-CCL-0573C

EXHIBIT
A

## C. VENUE

This Court has venue is this lawsuit in that the events made the basis of this suit occurred in substantial part or in whole in Cameron County.

## D. FACTS

On Saturday September 1, 2001, Plaintiff entered the premises of the Defendant located in Brownsville, Texas, at 2436 Pablo Kisel Blvd., to shop for and return items. The Plaintiff had visited with the customer service department and was exiting the store through the automatic doors located at the front of the store. As Plaintiff was exiting through the automatic sliding doors, the doors came off their rails, released a greasy substance and collided into Plaintiff.

## E. NEGLIGENCE

The occurrence made the basis of this suit and the resulting injuries and damages were proximately caused by the negligent conduct of Defendant. Defendant, its agents, servants, and employees negligently and willfully allowed the dangerous condition to remain and exist. On the occasion in question, Defendant and its agents, servants, and employees, who were at all times acting in the course and scope of their employment, committed negligence toward Plaintiff in the following respects:

    a. In failing to warn of the defective condition of the automatic sliding doors.

    b. By negligently or willfully failing to warn Plaintiff of the danger that could occur if the Plaintiff attempted to exit through the said automatic sliding doors.

    c. In failing to inspect the automatic sliding doors so as to discover the dangerous condition.

---

Plaintiff's Original Petition                                                                 Page 2

d. In failing to correct a known dangerous condition that existed on the premises of the store.

Plaintiff further alleges that the condition of the sliding doors had continued for such a period of time that it should have been noticed and corrected if Defendant, its agents, servants, and employees had exercised ordinary care in the maintenance of the doors in question.

Each of the foregoing negligent acts or omissions, whether taken singularly or in any combination, was a proximate cause of Plaintiff's injuries and damages which are in excess of the minimal jurisdictional limits of this court.

### F. PREMISES LIABILITY

By failing to properly maintain the automatic sliding doors and not warning Plaintiff of the dangers of said doors, Defendant breached its duty of care towards Plaintiff. Plaintiff held the legal status of an invitee as a shopper in the store. As such, Defendant had a duty to abate any danger posed by the automatic sliding doors, as Defendant knew, or through reasonable inspection should have known, that the automatic sliding doors presented an unreasonable danger to anyone entering or exiting the store. The failure of Defendant to exercise reasonable care in the reducing or eliminating the danger was the proximate cause of Plaintiff's injuries and damages.

### G. DAMAGES

As a direct and proximate result of Defendant's negligence, Plaintiff has suffered the following injuries and damages:

1.    Physical pain and suffering in the past;

2.    Physical pain and suffering, which is probable for the future;

3.    Mental anguish in the past;

4.    Mental anguish, which is probable for the future;

5.    Medical costs for the past;

6.    Medical costs, which are probable for the future;

7.    Damages for physical impairment;

8.    Lost wages in the past;

9.    Loss of wage earning capacity in the future;

10.    Any other damages which Plaintiff can show herself entitled to receive.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, **CLAUDIA GONZALEZ**, prays that judgment be entered against the Defendant, **STAPLES THE OFFICE SUPERSTORE d/b/a STAPLES THE OFFICE SUPERSTORE EAST, INC.**, for and amount not to exceed the jurisdictional limits of this Court, plus interest thereon at the legal rate, for pre-judgment and post-judgment interest as allowed by law, for costs of court, and for such other relief, general or specific, legal or equitable, to which Plaintiff may show herself justly entitled.

Respectfully submitted,

BY:_____

Reynaldo G. Garza III (Trey)
Attorney At Law
State Bar No. 24008806
680 E. St. Charles, Suite 110
Brownsville, Texas 78520
(956) 574-9502 Tel.
(956) 574-9506 Fax.

Plaintiff's Original Petition                                          Page 4



## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CLAUDIA GONZALEZ | § | |
| | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-03-125 |
| | § | |
| | § | |
| STAPLES THE OFFICE SUPERSTORE | § | |
| d/b/a STAPLES THE OFFICE SUPERSTORE | § | |

## PLAINTIFFS CLAUDIA GONZALEZ' RULE 26(a) INITIAL DISCLOSURES

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, CLAUDIA GONZALEZ, Plaintiff in the above numbered and styled cause of action, and makes these disclosures in accordance with Rule 26 (a)(1) of the Federal Rules of Civil Procedure. Plaintiff Claudia Gonzalez makes the following disclosures subject to and without waiving its right to protect from disclosure (a) any and all communications protected from disclosure by the attorney-client privilege, (b) any and all work-product conclusions, opinions, or legal theories of the Plaintiff's attorneys or other representative concerning this litigation, and (c) any and all confidential information until a suitable protective order is entered to protect the confidentiality of such information available to it at the time disclosure was required by the Federal Rules of Civil Procedure. Plaintiff's investigation in continuing and incomplete.

**Rule 26 (a)(1)(A)**    The name, and if known, the address and telephone number of each individual likely to have discoverable information relevant to disputed facts alleged with particularity in the pleading, indentifying the subjects of the information.



EXHIBIT
B

**Responses**

Claudia Gonzalez
1618 Harvard Avenue
Brownsville, Texas 78520
(956) 982-1078
Plaintiff's health care provider

Bliss Clark, M.D.
Rio Grande Orthopedic Center
And their Custodian of Records
1601 Treasure Hills Boulevard
Harlingen, Texas 78550
Plaintiff's health care provider

Michael Melton, D.C.
Brownsville Chiropractic Clinic
And their Custodian of Records
55 West Elizabeth
Brownsville, Texas 78520
(956)548-1980
Plaintiff's health care provider

Dr. Madhaven Pisharodi
And their Custodian of Records
942 Wildrose Lane
Brownsville, Texas 78520
(956) 541-6725
Plaintiff's health care provider

Brownsville Open MRI
And their Custodian of Records
908 Paredes Line Road
Brownsville, Texas 78520
(956) 541-4488
Plaintiff's health care provider

United Door Service
Concourse Building
1 Copley Parway, Suite 212
Morrisville, NC 27560
Company performed maintenance on the door in questioned in this lawsuit.

Rick Balli (Manager)
Staples the Office Superstore
2436 Pablo Kisel
Brownsville, Texas 78521
(956)541-1500

**Rule 26 (a)(1)(B)**   A copy of, or a description by category and the location of, all documents, data compilations, and tangible things in the possession, custody, or control of the party and that the disclosing party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment;

### Response

Plaintiff is continuing its investigation of this matter.  If Plaintiff identifies other documents that are not privileged, that the Plaintiff may use to support its claims or defenses in this matter, the Plaintiff will supplement this response.

**Rule 26 (a)(1)(C)**   A computation of any category of damages claimed by the disclosing party, making available for inspection and copying, as under Rule 34, the document or other evidentiary materials, not privileged or protected from disclosure, on which such computation is based including materials bearing the nature and extent of injuries suffered;

### Response

Plaintiff is still undergoing medical treatment at this time, and no approximate total or computation can clearly and accurately be reached at this time.  Plaintiff will supplement this response, pursuant to the Federal Rules of Civil Procedure.

**Rule 26 (a)(1)(D)**    For inspection and copying as under Rule 34, any insurance agreements under which any person carrying on an insurance business may be liable to satisfy part or all of judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment;

**Response**

Plaintiff is awaiting the production of any applicable insurance agreement from the Defendant. Upon receipt, Plaintiff will supplement this response.

**Rule 26 (a)(2)(A)**    In addition to the disclosures required to paragraph (1) a party shall disclose to other parties the identity of any other person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rule of Evidence.

**Response**

No experts have been retained at this time. Plaintiff reserves the right to supplement after further discovery and ongoing medical treatment is completed.

**Rule 26 (a)(2)(B)**    Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involved in giving expert testimony, be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefore; the data or other information considered by the witness in forming the

opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications

of the witness, including a list of all publications authored by the witness within the preceding

ten years; the compensation to be paid for the study of the testimony; and a listing of any other

cases in which the witness has testified as an expert at trail or by deposition within the preceding

four years.


**Response**

Plaintiff reserves its right to supplement this request with the report of their experts

pursuant to the provisions of Rule 26(e) 1-2, of the Federal Rules of Civil Procedure.


RESPECTFULLY SUBMITTED,

**R.W. ARMSTRONG & ASSOCIATES**
2600 Old Alice Road, Suite A
Brownsville, Texas 78521
Telephone:    (956) 546-5556
Facsimile:    (956) 546-0470
BY: _____
R.W. Armstrong


### CERTIFICATE OF SERVICE

I hereby certify that **Plaintiff Claudia Gonzalez' Initial Disclosures** were on this the

26TH day of January, 2004, served via Certified Mail to:

Hon. Sarah A. Nicolas
**Rodriguez, Colvin, & Chaney L.L.P.**
1201 East Van Buren
Brownsville, Texas 78520


_____
R. W. Armstrong



# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CLAUDIA GONZALEZ | § | |
| | § | |
| VS. | § | |
| | § | |
| STAPLES THE OFFICE SUPERSTORE | § | |
| D/B/A STAPLES THE OFFICE | § | CIVIL ACTION NO. B-03-125 |
| SUPERSTORE EAST, INC. | § | |
| | § | |
| VS. | § | |
| | § | |
| UNITED DOOR SERVICE | § | |

## PLAINTIFFS CLAUDIA GONZALEZ' RULE 26(a) INITIAL DISCLOSURES

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, CLAUDIA GONZALEZ, Plaintiff in the above numbered and styled cause of action, and makes these disclosures in accordance with Rule 26 of the Federal Rules of Civil Procedure. Plaintiff Claudia Gonzalez makes the following disclosures subject to and without waiving her right to protect from disclosure (a) any and all communications protected from disclosure by the attorney-client privilege, (b) any and all work-product conclusions, opinions, or legal theories of the Plaintiff's attorneys or other representative concerning this litigation, and (c) any and all confidential information until a suitable protective order is entered to protect the confidentiality of such information available to it at the time disclosure was required by the Federal Rules of Civil Procedure. Plaintiff's investigation is continuing and incomplete.

(a)     the correct names of the parties to the lawsuit;

**Responses**

> Claudia Gonzalez
> 1618 Harvard Avenue
> Brownsville, Texas 78520



EXHIBIT
C

*Plaintiff Claudia Gonzalez' Initial Disclosures*                                          *Page 1*

(956) 982-1078
Plaintiff

Bliss Clark, M.D.
Rio Grande Orthopedic Center
And their Custodian of Records
1601 Treasure Hills Boulevard
Harlingen, Texas 78550
Plaintiff's health care provider

Michael Melton, D.C.
Brownsville Chiropractic Clinic
And their Custodian of Records
55 West Elizabeth
Brownsville, Texas 78520
(956)548-1980
Plaintiff's health care provider

Dr. Madhaven Pisharodi
And their Custodian of Records
942 Wildrose Lane
Brownsville, Texas 78520
(956) 541-6725
Plaintiff's health care provider

Brownsville Open MRI
And their Custodian of Records
908 Paredes Line Road
Brownsville, Texas 78520
(956) 541-4488
Plaintiff's health care provider

United Door Service
Concourse Building
1 Copley Parway, Suite 212
Morrisville, NC 27560
Company performed maintenance on the door in questioned in this lawsuit.

Rick Balli (Manager)
Staples the Office Superstore
2436 Pablo Kisel
Brownsville, Texas 78521
(956)541-1500

(b)      the name, address, and telephone number of any potential parties;

**Response**

Plaintiff is unaware of any potential parties at this time.

(c)     the legal theories, and in general, the factual bases of the responding party's claims or defenses;

**Response**

On Saturday September 1, 2001, Plaintiff Claudia Gonzalez, entered the premises of Defendant STAPLES, INC., D/B/A STAPLES OFFICE SUPERSTORE located in Brownsville, Texas, at 2436 Pablo Kisel Blvd., to shop and return items. The Plaintiff CLAUDIA GONZALEZ had visited with customer service and was exiting the store through the automatic doors in front of the Defendant STAPLES, INC., D/B/A STAPLES OFFICE SUPERSTORE. As Plaintiff Claudia Gonzalez was exiting through the automatic sliding doors, the sliding doors collided into the Plaintiff,, causing one of the doors to fall off of the railing and fall to the ground; the Plaintiff has incurred personal injuries caused by the defective automatic sliding doors.

The occurrence made the basis of this suit and the resulting injuries and damages were proximately caused by the negligent conduct of Defendant, STAPLES, INC., D/B/A STAPLES OFFICE SUPERSTORE, and third party Defendant UNITED DOOR SERVICE. Defendants, their agents, servants, and employees negligently and willfully allowed this dangerous condition to remain and exist. On the occasion in question, Defendants and their agents, servants, and employees, who were at all times acting in the course and scope of their employment, were guilty of negligence toward the Plaintiff in the following respects:

a.      in failing to warn of the defective condition of the automatic sliding doors.

b.    by negligently or willfully failing to warn Plaintiff of the danger that could

occur if the plaintiff attempted to exit through the said automatic sliding

doors.

c.    in failing to inspect the automatic sliding doors so as to discover the

dangerous condition.

d.    in failing to correct a known dangerous condition that existed on the premises of

the store.

Plaintiff further alleges that the condition of Defendants' had continued for such a period

of time that it should have been noticed and corrected if Defendants, their agents, servants, and

employees had exercised ordinary care in the maintenance of the doors in question.

Each of the foregoing negligent acts and omissions, whether taken singularly or in any

combination, was a proximate cause of Plaintiff's injuries and damages which are in excess of

the minimal jurisdictional limits of this court.

(d)    the amount and any method of calculating economic damages;

**Response**

As Discovery is ongoing, the Plaintiff is unable to provide a complete listing of all medical

expenses.  Plaintiff will supplement a response to this request, pursuant to the Federal Rules of

Civil Procedure.

(e)    the name, address, and telephone number of persons having knowledge of relevant facts,

and a brief statement of each identified persons' connection with the case;

**Response**

Claudia Gonzalez
1618 Harvard Avenue
Brownsville, Texas 78520
(956) 982-1078

Bliss Clark, M.D.
Rio Grande Orthopedic Center
And their Custodian of Records
1601 Treasure Hills Boulevard
Harlingen, Texas 78550
Plaintiff's health care provider

Michael Melton, D.C.
Brownsville Chiropractic Clinic
And their Custodian of Records
55 West Elizabeth
Brownsville, Texas 78520
(956)548-1980
Plaintiff's health care provider

Dr. Madhaven Pisharodi
And their Custodian of Records
942 Wildrose Lane
Brownsville, Texas 78520
(956) 541-6725
Plaintiff's health care provider

Brownsville Open MRI
And their Custodian of Records
908 Paredes Line Road
Brownsville, Texas 78520
(956) 541-4488
Plaintiff's health care provider

United Door Service
Concourse Building
1 Copley Parway, Suite 212
Morrisville, NC 27560
Company performed maintenance on the door in questioned in this lawsuit.

Rick Balli (Manager)
Staples the Office Superstore
2436 Pablo Kisel
Brownsville, Texas 78521
(956)541-1500

Valley Baptist Medical Center
And their custodian of records
2101 Pease Street
Harlingen, Texas 78505

(f)     for any testifying expert:

    (1)     the expert's name, address, and telephone number;

    (2)     the subject matter on which the expert will testify;

    (3)     the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to the control of the responding party, documents reflecting such information;

    (4)     if the expert is retained by, employed by, or otherwise subject to the control of the responding party:

        (A)   all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

        (B)   the expert's current resume and bibliography;

**Response:**

The Plaintiff has not retained an expert at this time.  Plaintiff will supplement a response to this request, pursuant to the Texas Rules of Civil Procedure.

(g)     any discoverable indemnity and insuring agreements;

**Response:**

Plaintiff has no documents pursuant to this request.

(h)     any discoverable settlement agreements;

**Response:**

Plaintiff has no documents pursuant to this request.

(i)     any discoverable witness statements;

*Plaintiff Claudia Gonzalez' Initial Disclosures*                                                *Page 6*

**Response:**

Plaintiff has no documents pursuant to this request.

(j)     in a suit alleging mental injury and damages from the occurrence that is the subject of the

       case, all medical records and bills that are reasonably related to the injuries or damages

       asserted or, in lieu thereof, an authorization permitting the disclosure of such medical

       records and bills;

(k)    in a suit alleging physical or mental injury and damages from the occurrence that is the

       subject of the case, all medical records and bills obtained by the responding party by

       virtue of an authorization furnished by the requesting party.

**Response**

Plaintiff reserves its right to supplement this request with the report of their experts pursuant to

the provisions of Rule 26(e) 1-2, of the Federal Rules of Civil Procedure.

As Discovery is ongoing, Plaintiff will supplement a response to this request, pursuant to the

Federal Rules of Civil Procedure.

As medical treatment is ongoing, Plaintiff will supplement medical and billing records pursuant

to the Federal Rules of Civil Procedure.


                            RESPECTFULLY SUBMITTED,

                            **R.W. ARMSTRONG & ASSOCIATES**
                            2600 Old Alice Road, Suite A
                            Brownsville, Texas 78521
                            Telephone:    (956) 646-5556
                            Facsimile:     (956) 546-0470
                            BY: _____
                                R.W. Armstrong

# CERTIFICATE OF SERVICE

I hereby certify that **Plaintiff Claudia Gonzalez' Answers to Third Party Defendant's Requests for Disclosures** were on this the **20TH** day of April, 2004, served via Certified Mail to:

Hon. Melvin A. Krenek
**Krenek & Heinmeyer, P.C.**
9601 McAllister Freeway, Suite 1110
San Antonio, Texas 78216

Hon. Sarah A. Nicolas
**Rodriguez, Colvin, & Chaney L.L.P.**
1201 East Van Buren
Brownsville, Texas 78520

_____
R. W. Armstrong