IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 12 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| CLAUDIA GONZALEZ | § | |
| | § | |
| VS. | § | |
| | § | |
| STAPLES THE OFFICE SUPERSTORE | § | |
| D/B/A STAPLES THE OFFICE | § | CIVIL ACTION NO. B-03-125 |
| SUPERSTORE EAST, INC. | § | |
| | § | |
| VS. | § | |
| | § | |
| UNITED DOOR SERVICE | § | |

**PLAINTIFF CLAUDIA GONZALEZ REPLY TO DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION FOR CONTINUANCE
AND TO EXTEND DISCOVERY DEADLINE AND TRIAL SETTING**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, CLAUDIA GONZALEZ, Plaintiff in the above numbered and styled cause of action, and files this her REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR CONTINUANCE AND TO EXTEND DISCOVERY DEADLINE AND TRIAL SETTING, and for good cause would respectfully show the Court the following:

1.      It is not disputed, and counsel for plaintiff readily and sadly admits to the Court that the office of counsel for Plaintiff did not handle this case the way plaintiff deserved. Through a series of missteps that might be called a perfect storm of small errors in calendaring and the failure of clerks to be cognizant of service deadlines depending on the manner of service in this Court, Plaintiff needs more time to adequately prepare for trial.

2.      However, contrary to Defendant's argument in opposition to this motion for additional time, which is nothing more than a bald attempt to achieve a procedural victory in the face of a clear case of substantive negligence at one of its hundreds of retail stores, it is not the case that Plaintiff has not been diligent in preparing this case for trial. Granted, there have been some missteps, to say the least, and counsel for Plaintiff in no way seeks to minimize the importance and seriousness it takes to respect the rules of procedure and orders issued by this Court.

3.      However, one must keep in mind the fact that excusable neglect does give him a party the right to seek an extension of time even when it does not meet a discovery deadline, under Rule 6 (b) of the Federal Rules of civil procedure. *Lujan v. National Wildlife Federation,* 497 U.S. 871, 896, 110 S.Ct. 3177, 3192 (1990). The determination of excusable neglect is discretionary. *Davidson v. Keenan,* 740 F.2d 129, 132 (2d Cir. 1984). Excusable neglect is not limited strictly to omissions caused by circumstances beyond the movant's control. *Pioneer Investment Services Co. v. Brunswick Associates,* 507 U.S. 380, 392, 113 S.Ct. 1489, 1496 (1993).

4.      To obtain an extension, the moving party should show that (1) the danger of prejudice to the non-movant is not great; (2) the proceedings will not be delayed or adversely impacted; (3) the movant has a reasonable basis for the delay; and (4) the movant acted in good faith when it did not comply with the deadline. See, *Pioneer,* 5078 U.S. at 395, 113 S.Ct. at 1498; *Lewis v. Herrman's Excavating, Inc.,* 200 F.R.D. 657, 659 (D. Kan. 2001).

5.      **There is No Prejudice to Non-Movants.** An extension of the discovery deadline does not prejudice Defendant or the Third Party Defendant because they have a similar interest in preparing a case for trial, which is efficient and has streamlined as possible. Indeed, it is submitted that if this Court does not grant an extension of the discovery deadline, the trial will be much longer, much more expensive and less efficient than if Plaintiff is given the time requested, which is not to exceed the trial date already established for August, 2004.

6.      Contrary to the representations/unsupported argument of Defendant, Plaintiff can take this case to trial without designated experts. This is not a case that involves a subject matter, which is beyond the comprehension of the typical juror. Likewise, the case can be presented

based only on percipient witnesses and general opinion witnesses. Admittedly, and that is why Plaintiff seeks the ability to designate experts, the trial will be much more expeditious and efficient if all of the groundwork that would otherwise have to be presented by testimony can be packaged into the form of an expert's opinion.

7.     **The Proceedings Will Not Be Adversely Impacted.** The proceedings will not be adversely impacted because plaintiff is not seeking a continuance and an extension of the discovery deadline beyond the trial date already established. It would be nice, and plaintiff would not reject the Court's extending by a short time the trial date already established, but it is not necessary. All Plaintiffs is asking is for the chance to use the time between now and a month before trial to make this case as effective and efficient as possible.

8.     **Plaintiff Has a Reasonable Basis for the Delay.** Plaintiff has a reasonable basis for the delay because even if plaintiff had satisfied all of its deadlines under the current discovery order in place, it nonetheless would be before this Court seeking a continuance and an extension of the discovery deadline. The fact is that as has already been briefed and discussed, Plaintiff is still under medical treatment. Most critically, after the deadline for designation of experts had expired, Plaintiff, for medical reasons and not in any way because of the posture of this lawsuit, was forced to change doctors and undergo surgical procedures that had not been foreseen by previous medical professionals treating her. Her condition had worsened and it is understood changed to such a degree that different medical treatment by a position with different expertise was required. Therefore, even if Plaintiff had filed a written designation of experts naming previous treating positions as for experts, Plaintiff would be before this Court anyway seeking to have Dr. Bliss Clark designated as a new expert even though the deadline had expired due to the fact that his actually opening her up in surgery and treating her makes him the best judge of her injuries, because of her injuries, and her prognosis.

9.     **Plaintiff Acted in Good Faith.** The last thing counsel for Plaintiff could have wanted is to be before this Court today making this motion. Counsel for Plaintiff, and most assuredly Plaintiff herself did not intentionally and flagrantly intend to violate this Court's order or the

discovery schedule set out in it. Because of a new filing clerk who misfiled matters before they were calendared, and because a paralegal was not proficient and knowledgeable about the service requirements for discovery served by fax, counsel for Plaintiff unknown Willie and unintentionally ended up violating this Court order and indeed not even attending a hearing that he did not know had been calendared.

10. Additionally, Plaintiff submits that it has dealt with Defendant and its counsel in good faith to its detriment. As evidenced by the Affidavit of Anthony Villareal, a paralegal with counsel for Plaintiff, counsel for Defendant made representations to Plaintiff concerning the location and status of a critical witness, the former manager of the store where the accident occurred. Consistently, when Plaintiff sought to arrange for that manager's deposition, Defendant advised Plaintiff that the manager had been transferred to another location. It was not until yesterday, apparently in preparation for this hearing, that Defendant provided a letter to Plaintiff stating that as it turns out the former manager is not even employed by Defendant any longer and that Defendant has no idea of his current location. Accordingly, especially in view of the fact that the written discovery propounded by Plaintiff did indeed violate timing restrictions, Plaintiff has initiated and had issued subpoenas duces tecum to all other parties in order to, among other things, determine the location and obtain the testimony of this critical witness that Defendant sandbagged Plaintiff about.

11. For all the foregoing reasons, Plaintiff strenuously argues and asks the Court within its discretion to grant the relief sought. It is being requested in good faith and subject to the apology of Plaintiff to all other parties and the Court. Counsel for Plaintiff is willing to shoulder any sanctions that would protect Plaintiff from any acts or omissions by her counsel. She deserves her day in court, it respectfully is submitted.

RESPECTFULLY SUBMITTED,

**R.W. ARMSTRONG & ASSOCIATES**

2600 Old Alice Road, Suite A
Brownsville, Texas 78521
Telephone: (956) 546-5556
Facsimile: (956) 546-0470

BY: _____
R.W. Armstrong
Texas Bar No. 01323500
U.S. Federal Bar Number 2237

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CLAUDIA GONZALEZ | § | |
| | § | |
| VS. | § | |
| | § | |
| STAPLES THE OFFICE SUPERSTORE | § | |
| D/B/A STAPLES THE OFFICE | § | CIVIL ACTION NO. B-03-125 |
| SUPERSTORE EAST, INC. | § | |
| | § | |
| VS. | § | |
| | § | |
| UNITED DOOR SERVICE | § | |

---

### AFFIDAVIT OF RONALD W. ARMSTRONG

---

**STATE OF TEXAS**     {
                       {
**COUNTY OF CAMERON** {

BEFORE ME, the undersigned authority, on this day personally appeared **RONALD W. ARMSTRONG**, known to me to be the person whose name is subscribed hereto, who being first duly sworn in the manner provided by law, on oath, stated as follows:

"My name is **RONALD W. ARMSTRONG**. I am counsel of record for Plaintiff Claudia Gonzalez in the above-captioned and numbered action. I am licensed to practice law in the State of Texas and before this Court.

"All of the representations made by me in the accompanying **REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR CONTINUANCE AND TO EXTEND DISCOVERY DEADLINE AND TRIAL SETTING** are true and correct by my personal knowledge. In my opinion, under the circumstances of this case as well as the

exigencies caused by the other matters I have needed to handle on behalf of Plaintiff Claudia Gonzalez and all of my other clients, I believe that I have been diligent in the preparation of this case for trial."

R.W. Armstrong, *Affiant*

SUBSCRIBED AND SWORN TO BEFORE ME by the said Ronal W. Armstrong, this the 12th day of May 2004.

NOTARY PUBLIC in and for the State of Texas
My Commission Expires: 5-23-05



GISELA VEGA
Notary Public, State of Texas
My Commission Expires 05-23-05

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CLAUDIA GONZALEZ | § § | |
| VS. | § § | |
| STAPLES THE OFFICE SUPERSTORE D/B/A STAPLES THE OFFICE SUPERSTORE EAST, INC. | § § § § | CIVIL ACTION NO. B-03-125 |
| VS. | § § | |
| UNITED DOOR SERVICE | § § | |

## AFFIDAVIT OF DON ANTHONY VILLARREAL

**STATE OF TEXAS**   {
                    {
**COUNTY OF CAMERON** {

BEFORE ME, the undersigned authority, on this day personally appeared **DON ANTHONY VILLARREAL**, known to me to be the person whose name is subscribed hereto, who being first duly sworn in the manner provided by law, on oath, stated as follows:

"My name is **DON ANTHONY VILLARREAL**. I am employed by counsel of record R. W. Armstrong as a paralegal. I have been assigned the handling of certain aspects of this case, and have relevant knowledge of the facts contained herein

"I have discussed the deposition of the store manager Mr. Balli, an employee of the Defendant Staples, on two different occasions, with Attorney Sarah Nicolas. In the first discussion with Sarah Nicolas, had told me that she notify the Defendant Staples, although she was unsure of the witness' availability due to the fact that he had been reassigned to a different

store, to the best of her knowledge. This conversation transpired around the second week of April, and as such Defendant has received notice of our intention and necessity to take the manager deposition. The second time I spoke with Ms. Nicolas, she told me that she had contacted representatives of the Defendant Staples, and was awaiting dates of availability as to the taking of his deposition. The third time I received any information regarding the taking of this deposition, it was through a letter sent to our office, after the opposition to our Motion for Continuance was filed.

I testify that the foregoing testimony was true and accurate to the best of my knowledge, and that I have relevant knowledge of the facts contained therein."

Don Anthony Villarreal, *Affiant*

SUBSCRIBED AND SWORN TO BEFORE ME by the said Ronal W. Armstrong, this the 12 day of May, 2004.

NOTARY PUBLIC in and for the State of Texas
My Commission Expires: 5-23-05

GISELA VEGA
Notary Public, State of Texas
My Commission Expires 05-23-05

## CERTIFICATE OF SERVICE

I hereby certify that Plaintiff Claudia Gonzalez's REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR CONTINUANCE AND TO EXTEND DISCOVERY DEADLINE AND TRIAL SETTING was on this the 12TH day of May, 2004, served via personal service or telefax to wit:

Hon. Melvin A. Krenek
**Krenek & Heinmeyer, P.C.**
9601 McAllister Freeway, Suite 1110
San Antonio, Texas 78216
(210) 342-1266

Hon. Sarah A. Nicolas
**Rodriguez, Colvin, & Chaney L.L.P.**
1201 East Van Buren
Brownsville, Texas 78520
(956) 541-2170

_____
R. W. Armstrong