IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 1 3 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| CLAUDIA GONZALEZ | § | |
| | § | |
| VS. | § | |
| | § | |
| STAPLES THE OFFICE SUPERSTORE | § | |
| D/B/A STAPLES THE OFFICE | § | CIVIL ACTION NO. B-03-125 |
| SUPERSTORE EAST, INC. | § | |
| | § | |
| VS. | § | |
| | § | |
| UNITED DOOR SERVICE | § | |

**PLAINTIFFS CLAUDIA GONZALEZ NOTICE OF SUPOENA DUCES TECUM
EXHIBIT "A"**

**DEFINITIONS**

1.      "Person" means any natural person, firm, corporation, partnership, limited partnership, proprietorship, joint venture, organization, group of natural persons or other associations separately identifiable whether or not such association has a separate legal existence in its own right.

2.      "You," "your," and "Defendant" refer to Defendant United Door Service, its directors, officers, employees, agents and representatives, including attorneys, jointly and severally.

3.      "Plaintiff" refers to Claudia Gonzalez, and any of her agents, and representatives, including attorneys, jointly and severally.

4.      "Possession," means possession, custody, or control of an item that you either have physical possession of the item or have a right to possession of the item that is equal to or superior to that of the person who has physical possession of the item.

6.      "Document" means all original written, recorded, stenographic, electronic or magnetic matter whatsoever and all non-identical copies thereof, including, but not limited to, papers, books, records, checks, letters, photographs, videotapes, and other audio or visual aids, tangible things,

correspondence, communications, memoranda, notes, records of telephone or other conversations, or of conferences or of other meetings, receipts, contracts, agreements, plans, specifications, and all things similar to any of the foregoing, however denominated.

7.    "Document" includes all copies of any above-defined document where the original is not in your possession, custody, or control, and all copies of any above-defined document where such copy is not an identical copy of an original or whether such copy contains any commentaries or notation whatsoever that does not appear on the original or other copy.

8.    The term "Document" is also defined to include tangible things by which human communication is transmitted or stored, including but not limited to, letters, reports, memoranda, studies, books, drawings, photographs, publications, diaries, contracts, drafts of contracts, ledgers, telegrams, correspondence, books of account, balance sheets, journals, minutes, resolutions, interoffice communications, bulletins: notices, summaries, calendars, notes, stock certificates, stock restrictions, receipts, vouchers, magnetic or phonographic recordings, video tapes, printouts of any type of data stored on any computer hard drives), diskette(s), tape(s), and/or CD-ROMS, printouts of any type of e-mail transmissions, models, prototypes, statements, invoices, tickets, itineraries, canceled checks, computer printouts, flow charts, consents, exhibits, amendments, proposals, copies of documents with notations thereon, or copies or reproductions of any of the foregoing now in the possession, care, custody, or control (actual or conservator) of Deponent.

If any document(s) is withheld from production under claim of privilege, then state with respect to each such document:

1.    the information or material responsive to the request which has been withheld;
2.    the request to which the information or material relates; and
3.    the privilege or privileges asserted.

Request is hereby made pursuant to the Federal Rules of Civil Procedure that you identify the information and material withheld under claim of privilege within the period specified by law for the assertion of any right or intention to withhold any document(s) from production that;

1.    Describes the information or material withheld that, without revealing the privileged information itself or otherwise waiving the privilege, enables the requesting arty to assess the applicability of the privilege, and;

2.  asserts a specific privilege for each item or group of items withheld.

## PERSONS TO PRODUCE

1.  All persons with relevant knowledge of all insurance contracts that exist now and on the date of the incident, subject of this suit, between Defendant United Door Service and their insurance companies, to include, but not limited to policies, limits, and scopes of coverage.

2.  All persons knowledgeable of safety procedures in effect on the premises of Staples, on September 1, 2001.

3.  All persons with relevant knowledge of all related aspects of selection and installation of the subject doors, on Defendant Staples' premises, and the Third Party Defendants obligations to selection and installation of said doors, if any.

4.  All persons with relevant knowledge of the control of subject doors.

5.  All persons with relevant knowledge of the maintenance of the subject doors.

6.  All persons with relevant knowledge of the components, materials, and schematics of the subject doors, to include the following:

    (a)  the materials used to compose the subject doors;
    (b)  the blueprints of the subject doors;
    (c)  the operating procedures of the subject doors;
    (d)  the opening and closing procedure of the subject doors; and
    (e)  the pressure and speed at which the doors open and close.

7.  All persons with relevant knowledge of the materials used in the flooring surrounding the subject doorway, on Defendant Staples premises, and requirements, recommendations, and specifications, if any, made by the Defendant United Door Service.

8.  All persons with relevant knowledge of the operation of the subject doors.

9.  All persons with relevant knowledge of the maintenance, servicing and repair of the subject door, to include all of the following aspects:

    (a)  the necessary dates and guidelines (if applicable) of any and all required or suggested servicing or inspection to the subject doors;
    (b)  each and every time the subject doors were serviced;
    (c)  each person, company, corporation, or other entity responsible for the maintenance, servicing, and repair of the subject doors; and
    (d)  who is responsible for contracting any agency, person, company, corporation, or other entity outside of Defendant Staples' employment parameter for servicing, maintenance, or repair on the subject doors, at the time of the incident, subject of this suit, to present date.

10. All persons with relevant knowledge of all correspondence between Defendant United Door Service and their insurance companies in relation to the incident, subject of this suit.

11. All persons with relevant knowledge of the dates the subject doors were installed.

12. All persons with personal knowledge of the manufacturer of the subject doors.

13. All persons with personal knowledge of any warnings posted by the installers or manufacturers of the subject doors, and warnings posted by the Defendant Staples.

14. All persons with relevant knowledge of similar suits, within the Defendant United Door Service's Corporation, regarding door systems or incidents, similar to the doors and incident, subject of this lawsuit.

15. All persons with relevant knowledge of the occurrence on September 1, 2001, regarding the current lawsuit, to include the following:

   (a)   all persons who administered aid or attention to the Plaintiff Claudia Gonzalez;
   (b)   all persons who witnessed the incident, subject of this suit;
   (c)   all persons now employed, or employed on the date of the incident, with knowledge of the subject incident;
   (d)   all persons who have seen any documents or tangible evidence regarding the incident, subject of this suit, to include but not limited to, photographs, accident reports, claims, videotapes, schematics, drawings, or other documents or tangible evidence; and
   (e)   all persons with relevant knowledge of the employees working for the Defendant Staples on the date of the incident, subject of this suit, and their qualifications to handle incidents, similar to that which is the subject

*4*

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| CLAUDIA GONZALEZ | § | |
| | § | |
| VS. | § | |
| | § | |
| STAPLES THE OFFICE SUPERSTORE | § | |
| D/B/A STAPLES THE OFFICE | § | CIVIL ACTION NO. B-03-125 |
| SUPERSTORE EAST, INC. | § | |
| | § | |
| VS. | § | |
| | § | |
| UNITED DOOR SERVICE | § | |

**PLAINTIFFS CLAUDIA GONZALEZ NOTICE OF SUPOENA DUCES TECUM
EXHIBIT "B"**

## DEFINITIONS

1.    "Person" means any natural person, firm, corporation, partnership, limited partnership, proprietorship, joint venture, organization, group of natural persons or other associations separately identifiable whether or not such association has a separate legal existence in its own right.

2.    "You," "your," and "Defendant" refer to Defendant United Door Service, its directors, officers, employees, agents and representatives, including attorneys, jointly and severally.

3.    "Plaintiff" refers to Claudia Gonzalez, and any of her agents, and representatives, including attorneys, jointly and severally.

4.    "Possession," means possession, custody, or control of an item that you either have physical possession of the item or have a right to possession of the item that is equal to or superior to that of the person who has physical possession of the item.

6.    "Document" means all original written, recorded, stenographic, electronic or magnetic matter whatsoever and all non-identical copies thereof, including, but not limited to, papers, books, records, checks, letters, photographs, videotapes, and other audio or visual aids, tangible things,

correspondence, communications, memoranda, notes, records of telephone or other conversations, or of conferences or of other meetings, receipts, contracts, agreements, plans, specifications, and all things similar to any of the foregoing, however denominated.

7.    "Document" includes all copies of any above-defined document where the original is not in your possession, custody, or control, and all copies of any above-defined document where such copy is not an identical copy of an original or whether such copy contains any commentaries or notation whatsoever that does not appear on the original or other copy.

8.    The term "Document" is also defined to include tangible things by which human communication is transmitted or stored, including but not limited to, letters, reports, memoranda, studies, books, drawings, photographs, publications, diaries, contracts, drafts of contracts, ledgers, telegrams, correspondence, books of account, balance sheets, journals, minutes, resolutions, interoffice communications, bulletins: notices, summaries, calendars, notes, stock certificates, stock restrictions, receipts, vouchers, magnetic or phonographic recordings, video tapes, printouts of any type of data stored on any computer hard drives), diskette(s), tape(s), and/or CD-ROMS, printouts of any type of e-mail transmissions, models, prototypes, statements, invoices, tickets, itineraries, canceled checks, computer printouts, flow charts, consents, exhibits, amendments, proposals, copies of documents with notations thereon, or copies or reproductions of any of the foregoing now in the possession, care, custody, or control (actual or conservator) of Deponent.

If any document(s) is withheld from production under claim of privilege, then state with respect to each such document:

1.    the information or material responsive to the request which has been withheld;
2.    the request to which the information or material relates; and
3.    the privilege or privileges asserted.

Request is hereby made pursuant to the Federal Rules of Civil Procedure that you identify the information and material withheld under claim of privilege within the period specified by law for the assertion of any right or intention to withhold any document(s) from production that;

1.    Describes the information or material withheld that, without revealing the privileged information itself or otherwise waiving the privilege, enables the requesting arty to assess the applicability of the privilege, and;

2. asserts a specific privilege for each item or group of items withheld.


## DOCUMENTS TO PRODUCE

1. All documents related to all insurance contracts that exist now and on the date of the incident, subject of this suit, between Defendant United Door Service and their insurance companies, to include, but not limited to policies, limits, and scopes of coverage.

2. All documents, drawings, schematics, photographs, videos, or other tangible evidence related to safety procedures in effect on the premises of Staples, on September 1, 2001, and obligations, suggestions, or recommendations regarding such safety procedures.

3. All documents, drawings, schematics, photographs, videos, or other tangible evidence related to all related aspects of selection and installation of the subject doors,  on Defendant Staples' premises.

4. All documents, drawings, schematics, photographs, videos, or other tangible evidence related to control of subject doors.

5. All documents, drawings, schematics, photographs, videos, or other tangible evidence related to the maintenance of the subject doors.

6. All documents, drawings, schematics, photographs, videos, or other tangible evidence related to the components, materials, and schematics of the subject doors, to include the following:

   (a) the materials used to compose the subject doors;
   (b) the blueprints of the subject doors;
   (c) the operating procedures of the subject doors;
   (d) the opening and closing procedure of the subject doors; and
   (e) the pressure and speed at which the doors open and close.

7. All documents, drawings, schematics, photographs, videos, or other tangible evidence related to the materials used in the flooring surrounding the subject doorway, on Defendant Staples premises.

8. All documents, drawings, schematics, photographs, videos, or other tangible evidence related to the operation of the subject doors.

9. All documents, drawings, schematics, photographs, videos, or other tangible evidence related to the maintenance, servicing and repair of the subject door, to include all of the following aspects:

   (a) the necessary dates and guidelines (if applicable) of any and all required or suggested servicing or inspection to the subject doors;
   (b) each and every time the subject doors were serviced;
   (c) each person, company, corporation, or other entity responsible for the

maintenance, servicing, and repair of the subject doors; and

(d)     who is responsible for contracting any agency, person, company, corporation, or other entity outside of Defendant United Door Service's or Defendant Staples' employment parameter for servicing, maintenance, or repair on the subject doors, at the time of the incident, subject of this suit, to present date.

10.    All documents, drawings, schematics, photographs, videos, or other tangible evidence related to all correspondence between Defendant United Door Service and their insurance companies in relation to the incident, subject of this suit.

11.    All documents, drawings, schematics, photographs, videos, or other tangible evidence related to the dates the subject doors were installed.

12.    All documents, drawings, schematics, photographs, videos, or other tangible evidence related to the manufacturer of the subject doors.

13.    All documents, drawings, schematics, photographs, videos, or other tangible evidence related to any warnings posted by the installers or manufacturers of the subject doors, and/ or warnings posted by the Defendant Staples or the Defendant United Door Service, to include, but not limited to suggested warnings.

14.    All documents, drawings, schematics, photographs, videos, or other tangible evidence related to similar suits, within the Defendant United Door Service, regarding door systems or incidents, similar to the doors and incident, subject of this lawsuit.

15.    All documents, drawings, schematics, photographs, videos, or other tangible evidence related to the occurrence on September 1, 2001, regarding the current lawsuit, to include the following:

(a)     documents, drawings, schematics, photographs, videos, or other tangible evidence related to first aid or attention administered to the Plaintiff Claudia Gonzalez;

(b)     documents, drawings, schematics, photographs, videos, or other tangible evidence related to of all witnesses, whether employed by the Defendant or not;

(c)     documents, drawings, schematics, photographs, videos, or other tangible evidence related to of each and every employee on the clock for the Defendant Staples' the date of the incident, subject of this suit;

(d)     documents, drawings, schematics, photographs, videos, or other tangible evidence related to the incident, subject of this suit; and

(e)     documents, drawings, schematics, photographs, videos, or other tangible evidence related to the qualifications and/or requirements of all Staples' employees regarding incidents such as that subject of this suit.

## Issued by the

# UNITED STATES DISTRICT COURT

**SOUTHERN**      **DISTRICT OF**      **TEXAS**

Claudia Gonzalez

     V.

Staples The Office Superstore
d/b/a Staples The Office Superstore
East, Inc.

     V.

United Door Services

## SUBPOENA IN A CIVIL CASE

(DUCES TECOM).

CASE NUMBER: B-03-125

TO: **Third-Party United Service**

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. by providing the agent or employee having the most personal knowledge about each of the matters set out in Exhibit "A" attach hereto

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| 2600 Old Alice Ste. A<br>Brownsville, TX 78521 | May 28Th & Continues<br>day to day until complete |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

     See Exhibit "B"

| PLACE | DATE AND TIME |
|---|---|
| 2600 Old Alice Suite A<br>Browsville, TX 78521 | May 28TH & Continues<br>day to day until complete |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

     Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>RW Armstrong Attorney For Plaintiff | DATE<br>05/11/04 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

     RW Armstrong
     2600 Old Alice Ste. A
     Browsville, Tx 78521      (See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

If action is pending in district other than district of issuance, state district under case number.