**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
FILED

JUN 0 7 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| CLAUDIA GONZALEZ | § | |
| | § | |
| VS. | § | |
| | § | |
| STAPLES THE OFFICE SUPERSTORE | § | |
| D/B/A STAPLES THE OFFICE | § | CIVIL ACTION NO. B-03-125 |
| SUPERSTORE EAST, INC. | § | |
| | § | |
| VS. | § | |
| | § | |
| UNITED DOOR SERVICE | § | |

## PLAINTIFF CLAUDIA GONZALEZ' MOTION FOR LEAVE TO FILE PLAINTIFF'S SECOND AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, CLAUDIA GONZALEZ, Plaintiff in the above numbered and styled cause of action, and files this **MOTION FOR LEAVE TO FILE PLAINTIFF'S SECOND AMENDED PETITION**, pursuant to Rule 15, Federal Rules of Civil Procedure, would respectfully show the Court the following:

### Procedural History

1.    Plaintiff Claudia Gonzalez filed this cause in the Cameron County Court at Law No. 3. The Defendant STAPLES removed this cause to the United States District Court on the 16th of July 2003. Reynaldo G. Garza, Jr. withdrew and this Court substituted R.W. Armstrong, on or about the 28 day of August 2003.

2.    Defendant STAPLES THE OFFICE SUPERTORE d/b/a STAPLES THE OFFICE SUPERTORE EAST, INC., filed their answer on the 3rd day of July 2003.

3.    On the 6th day of November 2003, Defendant STAPLES THE OFFICE SUPERTORE d/b/a STAPLES THE OFFICE SUPERTORE EAST, INC., filed their Third Party Petition joining Third Party Defendant in the above numbered and styled cause of action.

4.     On the 17th day of February 2004, UNITED DOOR SERVICE, Third Party Defendant in the above numbered and styled cause of action, filed the Third Party Defendant's Original Answer.

5.     On the 22nd day of April 2004, CLAUDIA GONZALEZ, Plaintiff filed her Motion for Leave to File Plaintiff's First Amended Petition.

6.     On the 5th of May of 2004, Plaintiff Claudia Gonzalez filed Plaintiff's Opposed Motion for Continuance and to Extend Discovery Deadline and Trial Setting.

7.     On the 11th day of May 2004, Defendant STALES THE OFFICE SUPERSTORE d/b/a STAPLES THE OFFICE SUPERSTORE EAST, INC. filed its' Defendant's Opposition to Plaintiff's Motion for Continuance and to Extend Discovery Deadline and Trial Setting.

8.     On the 12th day of May 2004, Plaintiff CLAUDIA GONZALEZ filed Plaintiff Claudia Gonzalez' Reply to Defendant's Opposition to Plaintiff's Motion for Continuance and to Extend Discovery Deadline and Trial Setting.

9.     On the 17th day of May 2004, the Honorable United States Magistrate Judge John Wm Black entered the Order Granting Plaintiff's Motion for Leave to file Plaintiff's First Amended Petition.

10.    On the 19th day of May 2004, the Honorable United States Magistrate Judge John Wm Black entered the Order Respecting Hearing Concerning Plaintiff Claudia Gonzalez' Motion for Continuance and to Extend Discovery Deadline and Trial Setting, designating new expert deadlines, discovery deadlines, and the pre-trial conference and trial date.

## Grounds for Amendment

11.    The Court should allow the filing of Plaintiff Claudia Gonzalez' Second Amended Petition because this Pleading seeks clarify the negligence and damages for which the Plaintiff is seeking compensation and judgment.  Through the scope and course of Discovery, the Plaintiff has accrued surgical, pharmaceutical, medical, rehabilitation, and consultation discovery, along with learning about the physical, mental and permanent injuries suffered by plaintiff in this incident. Plaintiff is entitled to the proper and just trying of this cause before the Court, and as

such a proper listing of her hospitalization, surgical, medical, and rehabilitation expenses will indicate that her damages far exceed those previously listed in the Plaintiff's First Amended Petition.

12.     Furthermore, Plaintiff Claudia Gonzalez' Second Amended Petition seeks to clarify and correct allegations previously outlined in the Plaintiff's First Amended Petition, filed with the Court on April 22, 2004.  The Plaintiff's First Amended Petition alleged, *"the sliding doors struck the Plaintiff, causing the doors to fall off their railing and collide into the Plaintiff again while falling to the ground"*.  Plaintiff Claudia Gonzalez' Amended Petition seeks to correct and clarify this issue as Plaintiff alleges that one of the doors struck her, and "broke out", a feature which causes the door to fall off their respective railing, but prevents them from falling to the ground.  In addition, the Plaintiff, although incorrectly interpreted in the filing of the Plaintiff's First Amended Petition, did not fall to the floor as a result of the collision with the door. Corrections and clarifications of allegations previously outlined in prior pleadings should be permissible, ***Associated Musicians v. Parker Meridien Hotel***, 145 F.3d 85, 89-90 (2d Cir. 1998) and ***Wilwording v. Swenson***, 502 f. 2d 844, 847 n.4 (8th Cir. 1974).

13.     In addition, Plaintiff requests permission to file her Second Amended Petition for the sake of completeness and clarification in it's allegations of Defendant STAPLES THE OFFICE SUPERTORE d/b/a STAPLES THE OFFICE SUPERTORE EAST, INC.'s negligence. Through course and scope of discovery, and the Plaintiff's investigation of the doors, security and sensor systems, and safety standards related to the doors, subject of this suit, and the standards with which the manufacturers and associations with which the doors systems are affiliated, it has become increasing clear, where information was at one time unbeknown to the Plaintiff, that the Defendant was negligent in numerous aspects. Specifically no new accounts of negligence, aside from the addition of *res ipsa loquitor* have been made.  In addition the Plaintiff has restated previously made allegations of negligence pled by the Defendant STAPLES THE OFFICE SUPERSTORE d/b/a STAPLES THE OFFICE SUPERSTORE EASE, INC. in their Third Party Petition, however these are not new or unreasonable allegations, and are not

unexpected. The Plaintiff will be prejudiced in the event that these allegations are not brought to light, so that they may be raised at such a time of trial.

14.    Defendant STAPLES THE OFFICE SUPERTORE d/b/a STAPLES THE OFFICE SUPERTORE EAST, INC. and Third Party Defendant UNITED DOOR SERVICE will not be surprised or prejudiced by Plaintiff Claudia Gonzalez Amended Petition because it does not allege causes of action which have not previously been raised, or which could have reasonably or expectedly been raised, but merely seeks to clarify and delineate Plaintiff's First Amended Petition in an attempt to make the causes of action and damages more consistent with the evidence obtained in trial preparation. Furthermore, Plaintiff Claudia Gonzalez' Second Amended Petition seeks clarify the amount of damages sought by the Plaintiff, as the Discovery process has produced surgical, pharmaceutical, medical, rehabilitation, and consultation expenses, physical and mental damages, and permanent injuries in an amount far above that previously listed in the Plaintiff's First Amended Petition.

15.    Plaintiff Claudia Gonzalez is filing her Second Amended Petition contemporaneously with this Motion.

### Prayer

16.    For these reasons, Plaintiff Claudia Gonzalez requests this Court to grant its Motion for Leave To File Plaintiff's Second Amended Petition, and that the Defendant STAPLES THE OFFICE SUPERTORE d/b/a STAPLES THE OFFICE SUPERTORE EAST, INC., be cited to appear and answer herein and that upon a final trial of this cause Plaintiff be awarded any and all relief, to which she may be justly entitled.

RESPECTFULLY SUBMITTED,

**R.W. ARMSTRONG & ASSOCIATES**
2600 Old Alice Road, Suite A
Brownsville, Texas 78521
Telephone:    (956) 546-5556
Facsimile:    (956) 546-0470
BY:    _____
         R.W. Armstrong
         Federal Bar Number: 2237

## CERTIFICATE OF SERVICE

I hereby certify that **Plaintiff Claudia Gonzalez' Motion for Leave To File Plaintiff's Second Amended Petition** was on this the 4TH day of June 2004, served via facsimile (original to follow in US Mail) to counsel of record:

Hon. Melvin A. Krenek
**Krenek & Heinmeyer, P.C.**
9601 McAllister Freeway, Suite 1110
San Antonio, Texas 78216
(210) 342-1266

Hon. Sarah A. Nicolas
**Rodriguez, Colvin, & Chaney L.L.P.**
1201 East Van Buren
Brownsville, Texas 78520
(956) 541-2170

_____
R. W. Armstrong


## CERTIFICATE OF CONFERENCE

Plaintiff's attorney, R.W. Armstrong has conferred with attorney of counsel for the Defendant STAPLES THE OFFICE SUPERSTORE, Sarah Nicolas, who after discussing the Plaintiff's Motion for Leave to File Plaintiff's Second Amended Petition with the Defendant STAPLES THE OFFICE SUPERSTORE, is in opposition of said Motion for Leave. Additionally, attorney Armstrong has conferred with Melvin Krenek, attorney for the Third Party Defendant UNITED DOOR SERVICE, who is not opposed to Plaintiff's filing of the Plaintiff's Second Amended Petition.

RESPECTFULLY SUBMITTED,
**R.W. ARMSTRONG & ASSOCIATES**
2600 Old Alice Road, Suite A
Brownsville, Texas 78521
Telephone: (956) 546-5556
Facsimile: (956) 546-0470

By: _____
R.W. Armstrong