42

United States District Court
Southern District of Texas
FILED

JUN 0 7 2004

Michael N. Milby
Clerk of Court

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| CLAUDIA GONZALEZ | § | |
| | § | |
| VS. | § | |
| | § | |
| STAPLES THE OFFICE SUPERSTORE | § | |
| D/B/A STAPLES THE OFFICE | § | CIVIL ACTION NO. B-03-125 |
| SUPERSTORE EAST, INC. | § | |
| | § | |
| VS. | § | |
| | § | |
| UNITED DOOR SERVICE | § | |

## PLAINTIFF CLAUDIA GONZALEZ' SECOND AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **CLAUDIA GONZALEZ**, Plaintiff herein and files this her Plaintiff's Second Amended Petition, complaining of Defendants, **STAPLES THE OFFICE SUPERSTORE D/B/A STAPLES OFFICE SUPERSTORE EAST, INC.,** and for cause of action, Plaintiff **CLAUDIA GONZALEZ** would respectfully show the Court and Jury the following:

### PARTIES

1.    Plaintiff **CLAUDIA GONZALEZ** is an individual residing in Brownsville, Cameron County, Texas. Defendant **STAPLES THE OFFICE SUPERSTORE D/B/A STAPLES OFFICE SUPERSTORE EAST, INC.,** has been served and has answered herein. Third Party Defendant **UNITED DOOR SERVICE** has been served and has answered herein.

### NATURE OF ACTION

2.    This is an action in tort for injuries suffered by Plaintiff **CLAUDIA GONZALEZ** while

on the premises of **STAPLES THE OFFICE SUPERSTORE D/B/A STAPLES OFFICE SUPERSTORE EAST INC.**, on September 1, 2001.

## FACTS

3.    On Saturday September 1, 2001, Plaintiff **CLAUDIA GONZALEZ**, entered the premises of Defendant **STAPLES THE OFFICE SUPERSTORE D/B/A STAPLES OFFICE SUPERSTORE EAST INC.,** located in Brownsville, Texas, at 2436 Pablo Kisel Blvd., to shop and return items.  The Plaintiff **CLAUDIA GONZALEZ** had visited with customer service and was exiting the store through the automatic doors in front of the Defendant **STAPLES THE OFFICE SUPERSTORE D/B/A STAPLES OFFICE SUPERSTORE EAST INC**.  As the Plaintiff **CLAUDIA GONZALEZ** was exiting through the automatic sliding doors, the sliding doors struck the Plaintiff, causing the doors to "break off" or "break out".

## NEGLIGENCE

4.    a. The occurrence made the basis of this suit and the resulting injuries and damages were proximately caused by the negligent conduct of Defendants, **STAPLES THE OFFICE SUPERSTORE D/B/A STAPLES OFFICE SUPERSTORE EAST INC.,** their agents, servants, and employees negligently and willfully allowed this dangerous condition to remain and exist.  On the occasion in question, Defendants and their agents, servants, and employees, who were at all times acting in the course and scope of their employment, were guilty of negligence toward the Plaintiff in the following respects:

      i.      in failing to warn of the defective condition of the automatic sliding doors.

      ii.      by negligently or willfully failing to warn Plaintiff of the danger that could occur if the plaintiff attempted to exit through the said automatic sliding doors.

      iii.     in failing to inspect the automatic sliding doors so as to discover the dangerous condition.

iv.  in failing to correct a known dangerous condition that existed on the premises of the store.

v.  In failing to provide inspection and essential lubrication, adjustment, and repair and replacement of components as required, on all automatic doors located on the premises of **STAPLES THE OFFICE SUPERSTORE D/B/A STAPLES OFFICE SUPERSTORE EAST INC.**

vi.  In failing to exercise ordinary care in performing required and necessary maintenance and service on the automatic doors at issue in this case.

Plaintiff further alleges that the condition of the doors in question maintained by the Defendant **STAPLES THE OFFICE SUPERSTORE D/B/A STAPLES OFFICE SUPERSTORE EAST INC.**, had continued for such a period of time that it should have been noticed and corrected if Defendants, their agents, servants, and employees had exercised ordinary care in the maintenance of the doors in question. Each of the foregoing negligent acts and omissions, whether taken singularly or in any combination, was a proximate cause of Plaintiff's injuries and damages, which are in excess of the minimal jurisdictional limits of this court.

## RES IPSA LOQUITUR

5.  Plaintiff further alleges *res ipsa loquitur*, in that, had the Defendant **STAPLES THE OFFICE SUPERSTORE D/B/A STAPLES OFFICE SUPERSTORE EAST INC.**, not been negligent and grossly negligent the incident, subject of this suit would not have occurred.

## PREMISES LIABILITY

6.  By failing to properly maintain the automatic sliding doors and not warning her of the dangers of said doors, Defendant **STAPLES THE OFFICE SUPERSTORE D/B/A STAPLES OFFICE SUPERSTORE EAST INC.**, breached its duty of care towards Plaintiff. Plaintiff held the legal status of an invitee as a shopper in the store. *Atchison, Topeka and Santa Fe Railway Company v. Smith*, 563 S.W.2d 660, 666 (Tex. App.—Waco 1978, writ ref'd n.r.e.) As

such, Defendant had a duty to abate any the danger posed by the automatic sliding doors, as Defendant knew, or through reasonable inspection should have known, that the automatic sliding doors presented an unreasonable danger to anyone entering or leaving the store. *Motel 6 G.P. Inc. v. Lopez,* 929 S.W.2d 1, 3-4 (Tex. 1996). The failure of Defendant to exercise reasonable care in reducing or eliminating the danger was the proximate cause of Plaintiff's injuries, for which she seeks recovery herein.

## LOSS OF EARNING CAPACITY

7.      Plaintiff Claudia Gonzalez has lost the use of her right shoulder, right arm and right hand, as she once had, and suffers from pain and discomfort due to back injuries sustained and aggravated as a result of the incident, subject of this suit, and has circumstantially been unable to work, since the date of the incident, subject of this suit.

## DAMAGES

8.      As a result of the negligent conduct of Defendant **STAPLES THE OFFICE SUPERSTORE D/B/A STAPLES OFFICE SUPERSTORE EAST INC.,** Plaintiff **CLAUDIA GONZALEZ** suffered severe bodily injuries to her neck, right shoulder, right hip, right arm, back and entire body in general. Plaintiff **CLAUDIA GONZALEZ** has experienced physical pain and mental anguish and will, in reasonable probability, continue to suffer as a result of her injuries. Plaintiff has sustained a number of doctor's and medical expenses, to include hospital and surgical expenses. Plaintiff is also undergoing physical therapy and rehabilitation and will incur additional reasonable expenses for necessary medical care and attention in the future. By reason of the above and foregoing, Plaintiff has suffered damages in the amount of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that Defendant be cited to appear and answer herein and that upon a final trial of this cause, Plaintiff have:

a. Judgment against Defendant **STAPLES THE OFFICE SUPERSTORE D/B/A STAPLES OFFICE SUPERSTORE EAST INC.,** in the amount of $500,000.00, along with pre- and post-judgment interest provided by law;

b. Costs of court, and;

c. Such other and further relief to which Plaintiff may be justly entitled.

RESPECTFULLY SUBMITTED,

**R. W. ARMSTRONG & ASSOCIATES**
2600 Old Alice Road, Suite A
Brownsville, Texas 78521
Telephone: (956) 546-5556
Telecopier: (956) 546-0470

By:_____
R. W. Armstrong
Federal Bar No. 2237

### Certificate of Service

I, R.W. Armstrong, hereby certify that a true and correct copy of the *Plaintiff Claudia Gonzalez' Second Amended Petition* was on this the 4TH day of June, 2004, sent to the following counsel via facsimile (original file stamped copy to follow via U.S. mail):

Hon. Melvin A. Krenek
**KRENEK & HEINMEYER P.C.**
9601 McAllister Freeway, Suite 1110
San Antonio, Texas 7821
(210) 342-1266

Hon. Norton Colvin
**RODRIGUEZ, COLVIN, & CHANEY L.L.P**
1201 East Van Buren
Brownsville, Texas 78520
(956) 541-2170

_____
R.W. Armstrong