United States District Court
Southern District of Texas
FILED

JUN 1 6 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| CLAUDIA GONZALEZ | § |
| | § |
| VS. | § CIVIL ACTION NO. B-03-125 |
| | § |
| STAPLES THE OFFICE SUPERSTORE | § |
| d/b/a STAPLES THE OFFICE SUPERSTORE | § |
| EAST, INC. | § |

## DEFENDANT'S SECOND SUPPLEMENTAL RULE 26(a) DISCLOSURES AND DESIGNATION OF EXPERT WITNESSES

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, STAPLES THE OFFICE SUPERSTORE d/b/a STAPLES THE OFFICE SUPERSTORE EAST, INC., Defendant in the above-entitled and numbered cause, and makes these disclosures in accordance with Rule 26(a) of the Federal Rules of Civil Procedure. Defendant makes the following disclosures subject to and without waiving its right to protect from disclosure (a) any and all communications protected from disclosure by the attorney-client privilege, (b) any and all work-product conclusions, opinions, or legal theories of Defendant's attorneys or other representative concerning this litigation, and (c) any and all confidential information until a suitable protective order is entered to protect the confidentiality of such information. Moreover, Defendant makes these disclosures with the best information available to it at the time disclosure was required by the Federal Rules of Civil Procedure. Defendant reserves the right to amend or supplement these disclosures as may be allowed by applicable Federal Rules of Civil Procedure or order of this Court.

**Rule 26(a)(2)(A)**   In addition to the disclosures required to paragraph (1), a party shall disclose to other parties the identity of any other person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.

## SUPPLEMENTAL RESPONSE:

1.      Defendant reserves the right to cross-examine any witnesses and expert witnesses who are allowed to express opinions in Plaintiff's case in chief, if any, and to elicit opinions from them during same without agreeing with or vouching for any or all opinions such persons may have. Defendants specifically do not waive any and all objections it has to any of the persons designated as witnesses or expert witnesses by Plaintiff being permitted to express opinions in this case.

2.      Defendant designates and reserves the right to call as expert witnesses, without agreeing with or vouching for their opinions, any and all treating physicians of Plaintiff and all witnesses and expert witnesses designated by Plaintiff, if any. Specifically, but without limitation, Defendant reserves the right to call the following treating physicians:

   Dr. Madhaven Pisharodi
   842 Wild Rose Lane
   Brownsville, TX
   (956) 541-6725

3.      In addition to the foregoing, Defendant designates the following persons who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence:

   Loren Slaybaugh
   136 Dixie Avenue
   Lake Placid, FL  33852
   (863) 699-1729

   Martin R. Steiner, M.D.
   Houston Neurology Associates
   8200 Wednesbury Lane, Suite 111
   Houston, TX  77074-2002
   (713) 777-4122

   Daniel Backlas, M.D.
   Knapp Medical Center
   Department of Radiology
   Weslaco, TX  78596
   (956) 969-5175

**Rule 26(a)(2)(B)**          Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefore; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

**RESPONSE:**

1.  The report of Loren Slaybaugh is attached hereto as Exhibit "A." Included with the report is Mr. Slaybaugh's curriculum vitae. Mr. Slaybaugh will be compensated $150 per hour for his work time, and $100 per hour for his travel time. Defendant has not yet received any charges for Mr. Slaybaugh's study and testimony. When such a bill is received, it will be produced. In addition, Mr. Slaybaugh is preparing a list of any other cases in which he has testified as an expert at trial or by deposition within the preceding four years.

2.  Martin R. Steiner, M.D. is unable to provide a report at this time. First, Defendant contends that it should not be required to produce a report from Dr. Steiner at this time, as Plaintiff has failed to timely designate any expert or provide a report regarding Plaintiff's alleged back injury. Because Plaintiff has made no such disclosure at this time, Defendant is not under an obligation to provide Dr. Steiner's Report. Furthermore, Dr. Steiner will not provide a report at this time due to the fact that the MRI films depicting Plaintiff's alleged back injury cannot be located. Plaintiff testified at deposition that the MRI studies taken prior to the incident were thrown away, and that the MRI studies taken after the incident are either in her possession or the possession of her treating physician, Dr. Helson Pacheco. However, Plaintiff has produced no such MRI studies, nor has Dr. Pacheco produced any such MRI studies in response to a subpoena.

    The foregoing notwithstanding, Defendant is cognizant of the Court's orders in this case, as well as the agreement of counsel dated June 3, 2004 (a copy of which is attached hereto as Exhibit "B"). Therefore, Defendant states as follows:

    Plaintiff has alleged, *inter alia*, that she underwent lumbar surgery as a result of this incident. During discovery in this cause, Plaintiff has identified physicians

she claims treated her as a result of this incident. Plaintiff's records have been obtained from each of these physicians who reside in the United States, by subpoena. However, Plaintiff has not executed the authorization required in order to secure records from the physicians in Mexico, from whom she claims to have received treatment.

The foregoing notwithstanding, it is expected that Dr. Steiner will testify regarding Plaintiff's alleged injuries to the cervical and lumbar spine areas, and the extent, duration and severity thereof. It is expected that Dr. Steiner will testify that the injury allegedly suffered by Plaintiff was pre-existing at the time of the incident. Dr. Steiner will also testify regarding the records and testimony of Dr. Madhaven Pisharodi (upon conclusion of his deposition), which is expected to support to opinion that Plaintiff's alleged injury was pre-existing. Finally, Dr. Steiner may review the recommendations made by the treating physicians for the care of the alleged injury, including any surgical intervention, and whether those recommendations were appropriate.

Dr. Steiner's curriculum vitae was previously produced. In addition, no charges have as yet been billed to Defendant for Dr. Steiner's study and testimony. When such a bill is received, it will be produced.

3. Daniel Backlas, M.D.'s report is attached hereto as Exhibit "C." Dr. Backlas' curriculum vitae was previously produced. The compensation to be paid to Dr. Backlas is included with Exhibit "C."

Defendant reserves the right to amend and/or supplement this designation as provided in Federal Rule of Civil Procedure 21(e)(1)-(2). Defendant also reserves the right to amend and/or supplement this report to contradict or rebut evidence offered in the future by Plaintiff on the same subject matter.

Respectfully submitted,

RODRIGUEZ, COLVIN, CHANEY & SAENZ, LLP

By: _____
Norton A. Colvin, Jr.
State Bar No. 04632100
Federal Admissions No. 1918
    Sarah A. Nicolas
State Bar No. 24013543
Federal Admissions No. 32122
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
(956) 542-7441
Fax (956) 541-2170
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served upon all counsel of record, to-wit:

> Ronald W. Armstrong
> Law Offices of Ronald W. Armstrong
> State Bar No. 01323500
> 2600 Old Alice Road, #A
> Brownsville, Texas 78521
>
> Melvin A. Krenek
> Law Offices of Krenek & Heinemeyer, P.C.
> 9601 McAllister Freeway
> Suite 1110
> San Antonio, Texas 78216

by certified mail, return receipt requested, hand delivery, and/or facsimile transmission pursuant to the Federal Rules of Civil Procedure, on this the 16th day of June, 2004.

_____
Sarah A. Nicolas

Expert's Report

June 15, 2004

By

Loren Slaybaugh
136 Dixie Ave
Lake Placid, FL 33852

Tel. 863-699-1739

For

Sarah A. Nicolas
Rodriguez, Colvin, Chaney & Saenz, L.L.P.
1201 East Van Buren
P.O. Box 2155
Brownsville, Texas 78522

In

Claudia Gonzalez vs. Staples vs. United Door Service
Civil Action No. B-03-125

This is the report of my opinion, the inspection of the doors at the Staples store located at 2436 Pablo Kisel Blvd., Brownsville, Texas on June 10, 2004 and the review of the following documents and videos.

1. Deposition of Claudia Gonzalez taken on April 5 & 6, 2004.
2. Report of plaintiff expert Warren Davis.
3. Page/line summary of deposition testimony of Claudia Gonzalez.
4. Surveillance video of the front entrance Automatic Doors Sept. 1, 2001 at the time of the alleged accident.
5. Service reports of United Door Service.



The alleged accident happened on Sept 1, 2001 at the Staples store located at 2436 Pablo Kisel Blvd., Brownsville, TX. Claudia Gonzalez was preparing to exit the store through the bi-parting automatic sliding doors at the front of the store. When she approached the inner set of doors three other people were entering the store on her left and they passed each other just inside the store. As she approached the doors on the right side of the opening, approximately one foot from the doors, the door started to close. She hit the right closing door with her right shoulder causing the door to disengage from the door carrier and swing open. As this door swings open it hits the fixed outside panel causing it to swing open. When the panel swings open the door immediately stops closing.

I inspected the doors on June 10, 2004. The equipment was an inside sliding Bi-Parting pair of automatic doors. The doors are Dor-O-Matic Astro Slide electro mechanical sliding door with two infrared safety beams mounted at 22" and 54" high in the breakaway side panels. The activating system is a pair of BEA (eagle) motion detectors mounted one on each side at the door header at the center of the opening.

The operation of the doors is as follows:
When you approach the door, approx. 54" from the door the motion detector senses the person and the doors start to open and stay open until the person has passed through the doors. If you stop in the door opening the photo beams hold the door open. There is a time delay in the control box that holds the door open after you have left either of the detector systems. This allows you to pass from one detector to the other without the door closing.

All Automatic sliding doors are designed to break open and swing to the full open position with a maximum force of 50 pounds applied to the leading edge of the door in any position of it's opening. This is an exit code requirement and is also recommended by the ANSI 156.10 standard. (American National Standards Institute).

I inspected the doors according to the AAADM inspection procedure. (AAADM American Association of Automatic Door Manufacturers) which is the same as ANSI 156.10 standard for power operated pedestrian doors (American National Standards Institute).

The doors met all the recommended standards of ANSI 156.10 and AAADM except for the time delay. The standard says the time delay should be 1 ½ seconds minimum for the door to remain open after the person leaves any of the detection areas before the doors are allowed to close. I inspected the doors to have only ½ second time delay.

From the service ticket of United Door Service, who serviced the door involved in the accident of August 21, 2001. After the doors were serviced and four days before the accident, the BEA (eagle) was replaced on the approach side of the door.
They should have inspected the door according to ANSI standard A1 156.10 for proper door operation and if they had, they would have found that the time delay did not meet

the standard. They should have adjusted it to meet or exceed the 1-½ second time delay listed in the standard.

It is my opinion with a reasonable degree of engineering certainty, that had the time delay been set at the proper setting the accident would not have happened. When Claudia Gonzalez approached the door and lost the signal from the motion detector, the ½ second time delay was not long enough for her to reach the safety beams before the door started to close, thus causing the accident.


Loren Slaybaugh

*/signature/*

# CURRICULUM VITAE

**LOREN SLAYBAUGH**
2733 E. Waterview Drive, Avon Park, Florida 33825
Phone 863-471-9414
Fax # 863-471-9413

## EDUCATION

Bachelor of Science – Mechanical Engineering

## MEMBERSHIP & SOCIETIES

American Society of Mechanical Engineers

AAADM (American Association of Automatic Door Manufacturers)
I am a Certified Trainer for Training Inspectors
And I am a Certified Inspector

National Fire Protection Association

Builders Hardware Manufacturers Association (BHMA) Committees for
ANSI Standards on Automatic Doors, Door Closers and other hardware items

Manufacturers advisor to Underwriters Laboratories for establishing and
Revising Standards and requirements for Automatic Doors

## PATENTS

Hold numerous patents in Design of Automatic doors
And other commercial door hardware products

## BUSINESS EXPERIENCE

Present    **LOREN SLAYBAUGH**
Design Engineering/Consultant and Commercial Automatic Door Expert
Give expert testimony in liability litigations, accident reconstruction and
product training of Attorneys.

9 Years    **President**
Dor-O-Matic Products Corporation
6800 Industrial Loop, Greendale, Wisconsin 53129

Responsible for automatic door manufacturing, design, and plant operations,
expert testimony in all liability litigations, accident reconstruction, and
product training for Attorneys.

-1-

| | |
|---|---|
| 15 Years | **Senior Vice-President of Engineering**<br>Dor-O-Matic<br>Harwood Heights, IL |

Responsible for all engineering of products for the corporation. These Products consist of all types of automatic door operators, manual door controls, pivots and assorted hardware and panic devices. Expert witness in all the corporations liability litigations.

| | |
|---|---|
| 2 Years | **Vice-President of Manufacturing**<br>Hardware Designers, Inc., Mt. Kisco, NY |

Responsible for all manufacturing of the company such as production, Shipping, receiving, quality control, inventory control, production control, Engineering, tooling and purchasing.

| | |
|---|---|
| 2 Years | **Plant Manager**<br>National Hardware, Inc., Ozone Park, Queens, NY. |

Directed all manufacturing of the company with full responsibility of Production control, shipping, quality control, receiving, engineering, tooling and personnel.

| | |
|---|---|
| 2 Years | **Partner**<br>C & S Research, Greenwich, CT. |

Manufacturing and engineering consulting business. We designed and developed products, manufacturing processes and automation equipment for industry. Designed commercial automatic doors.

| | |
|---|---|
| 2 Years | **Assistant Director of Product Engineering**<br>Eaton, Yale & Towne, Inc., Rye, NY. |

Assisted in the direction of all engineering functions related to the design, Development, and modeling of all products marketed by the Lock and Hardware division. The products consisted of cylindrical locks, Pad-locks Automotive locks, mortise locks, all types of combination and auxiliary locks, door closers, door holders, panic hardware, automatic door operators with all types of auxiliary electrical controls, electronic detection and control devices, and many types of ceramic products.

| | |
|---|---|
| 8 Years | **Manager and Chief Engineer**<br>Norton Door closer Company, Division of Yale & Towne, Inc., Berrian Springs, MI. Automatic Door Division<br><br>Responsible for the Engineering, Manufacturing and Sales of the Division |
| 7 Years | **Project Engineer**<br>Ronan & Kunzl, Marshall, MI.<br><br>Assigned to the automatic door and manual door closer division as a Design Engineer. I was responsible for designing automatic door operators And door closers. |

**RODRIGUEZ, COLVIN, CHANEY & SAENZ, L.L.P.**
ATTORNEYS AT LAW
A REGISTERED LIMITED LIABILITY PARTNERSHIP

EDUARDO ROBERTO RODRIGUEZ
NORTON A. COLVIN, JR.
MITCHELL C. CHANEY
MARJORY C. BATSELL
JAIME A. SAENZ*
JOSEPH A. (TONY) RODRIGUEZ
ALISON D. KENNAMER
LECIA L. CHANEY

OF COUNSEL
BENJAMIN S. HARDY (1912-1993)
ORRIN W. JOHNSON
NEIL E. NORQUEST
CHRIS A. BRISACK
RAYMOND A. COWLEY‡

4900 NORTH 10TH STREET
BUILDING A-2
McALLEN, TEXAS 78504
TELEPHONE (956) 686-1287
TELECOPIER (956) 686-6197
www.rcclaw.com

LAURA J URBIS
R PATRICK RODRIGUEZ
ROSAMARIA VILLAGÓMEZ-VELA
TERI L DANISH
SARAH A. NICOLAS
SHAWN MATHIS ISBELL
CHRISTOPHER E. MOORE
LINDA L MALONEY

*BOARD CERTIFIED IN PERSONAL
INJURY TRIAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

‡BOARD CERTIFIED IN LABOR AND
EMPLOYMENT LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

June 3, 2004

**Via Hand Delivery**
Ron W. Armstrong
R. W. Armstrong & Associates
2600 Old Alice Road, Suite A
Brownsville, Texas 78521

RE:   *Claudia Gonzalez v. Staples*

Dear Mr. Armstrong:

This letter will confirm that we have agreed to extend your deadline to provide a written report from Dr. Betancourt until Monday, June 7. In exchange for this extension, you have agreed to extend our deadline to designate experts and provide reports from experts regarding the alleged back injury suffered by your client, as well as the allegations related to the door in question. Our deadline for these designations and reports will be June 16, 2004. These extensions are based on six additional days for both parties.

If this letter accurately reflects our agreement, please sign below. It is intended that this letter will comply with the applicable Federal Rules of Civil Procedure regarding written stipulations governing discovery.

Very truly yours,

RODRIGUEZ, COLVIN, CHANEY & SAENZ, LLP

Sarah A. Nicolas

_____
Ron W. Armstrong

**EXHIBIT B**

RECEIVED
MAR 1 9 2004
RODRIGUEZ, COLVIN & CHANEY

March 16, 2004

Sarah A. Nicolas
Rodriguez, Colvin Chaney & Saenz, L.L.P.
1201 East Van Buren
P. O. Box 2155
Brownsville, Texas 78522

Re: Claudia Gonzalez

Dear Ms. Nicolas:

I have reviewed an MRI of the right shoulder dated 9/24/01 from Brownsville Open MRI, pertaining to Claudia Gonzalez. Mild degenerative changes are present at the acromioclavicular joint, with mild down-tilting of the acromion process. There is a subdeltoid bursa. This is a chronic finding, not related to trauma. There is no evidence of rotator cuff injury.

IMPRESSION: No evidence of acute injury.

I have reviewed an MRI of the cervical spine dated 9/24/01 from Brownsville Open MRI. I agree with the findings of a mild asymetrical disc bulge at C6-7, measuring approximatly 1mm. The study is otherwise unremarkable. There is no evidence of acute trauma.

This report is subject to amendment or supplementation based on any new information that may become available.

Please call if you have any questions.

Sincerely,

*Daniel R. Backlas, M.D.*

Daniel R. Backlas, M.D.
Chief of Radiology, Knapp Medical Center
Former section chief of Musculoskeletal Radiology at
Tulane University Medical Center

EXHIBIT
C

# CURRICULUM VITAE

## DANIEL R. BACKLAS, M.D.
SS# 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

**DATE AND PLACE OF BIRTH:**

March 2, 1952
Buffalo, New York

**MARITAL STATUS:**

Married

**EDUCATION AND TRAINING:**

B.S., University of Florida, Gainsville, Florida, June 1974

M.D., University of Madrid, Madrid, Spain, June 1982

Internship: Transitional Program in Surgery and Medicine
State University of New York
Buffalo, New York
June 1982 - June 1983

Residency: (PGY II-IV), Radiology, Assistant Clinical Instructor
State University of New York
Buffalo, New York
July 1983 - June 1986

Fellowship: (PGY), CT, Angiography and Interventional Radiology
Buffalo General Hospital
State University of New York
July 1986 - January 1988

**LICENSURE:**

Louisiana License #07839R
Texas License #H3642
New York License #185337-1
New Jersey License #MA46102

**CERTIFICATION:**

ECFMG #331-272-5
FLEX. Medical Licensing Board of New Jersey #520302014
American Board of Radiology
Radiation Safety Officer
    Veterans Administration Hospital, Biloxi, Mississippi
    Knapp Medical Center, Weslaco, Texas

## Daniel R. Backlas, M.D.

**APPOINTMENT:**

Associate Staff, Department of Radiology
McAllen Medical Center
January 1988 - August 1988

Assistant Professor of Radiology
Tulane University, New Orleans, LA
September 1988 - December 1990

Chief of Radiology/Nuclear Medicine (Representing Tulane University)
Veterans Administration Hospital, Biloxi, Mississippi
January 1990 - November 1990

Section Chief of Musculoskeletal Radiology
Tulane Medical Center, New Orleans, LA
September 1988 - December 1990

Associate Staff, Department of Radiology
Rio Grande Regional Hospital
December 1990 - January 1992

Associate Staff, Department of Radiology
Valley Regional Hospital, Brownsville, Texas
March 1992 - July 31, 1992

Chief of Radiology
Knapp Medical Center, Weslaco, Texas
August 1992 - Present

**SOCIETY MEMBERSHIP:**

American College of Radiology
Radiological Society of North America
Texas Medical Association
Hidalgo-Starr Counties Medical Society
Texas Radiological Society

March 16, 2004
DANIEL R. BACKLAS, M.D.           TAX No. 130   0225
RADIOOOGIST, KNAPP MED. CTR.

Sarah A. Nicolas
Rodriguez, Colvin, Chaney & Saenz, L.L.P.                PO3448
P. O. Box 2155
Brownsville, Texas 78522

Re: Claudia Gonzalez


Dear Ms Nicolas:

I have reviewed imaging study on   CLAUDIA GONZALEZ
Please accept my bill in tha amount of  $800.00           .

Please send check to:  Daniel R. Backlas, M.D.
                       Mail Boxes Etc.
                       4121 North 10th Street, #201
                       McAllen, Texas 78504
Thank you.

*ENTERED APR 3 0 2004*

*RECEIVED MAR 1 9 2004 RODRIGUEZ, COLVIN & CHANEY*

Daniel R. Backlas, M.D.
Radiologist, Knapp Med. Ctr.