United States District Court
Southern District of Texas
FILED

JUN 21 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CLAUDIA GONZALEZ | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-03-125 |
| | § | |
| STAPLES THE OFFICE SUPERSTORE | § | |
| d/b/a STAPLES THE OFFICE SUPERSTORE | § | |
| EAST, INC. | § | |

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, STAPLES THE OFFICE SUPERSTORE d/b/a STAPLES THE OFFICE SUPERSTORE EAST, INC., Defendant in the above-entitled and numbered cause, and files this its Opposition to Plaintiff's Motion for Leave to File Second Amended Petition, and in support thereof shows the Court as follows:

### I.

### INTRODUCTION

This lawsuit arises out of injuries allegedly sustained by Plaintiff, Claudia Gonzalez, when she was exiting Staples The Office Superstore in Brownsville, Texas. Plaintiff alleges that the automatic sliding door hit her, causing injuries to her. *See* Plaintiff's Original Petition. This lawsuit was originally filed in State Court on June 10, 2003, although Plaintiff was represented by counsel for almost two years prior to that date.

After multiple attempts to file a First Amended Petition, all of which were procedurally defective, this Court on May 17, 2004 granted Plaintiff's Motion for Leave to File First Amended Petition, even though that Motion had been stricken. Plaintiff has

now filed the Motion for Leave to File Second Amended Petition, which seeks to increase the amount of damages sought by Plaintiff. Plaintiff also seeks to add an allegation of *res ipsa loquitor*.

Defendant Staples is opposed to Plaintiff's current motion for the reason that the facts surrounding Plaintiff's alleged injuries and damages have been known since before the suit was filed. In addition, although Plaintiffs have produced some discovery in response to this Court's order granting Defendant's Motion to Compel regarding interrogatories, none of that discovery supports this amendment. Furthermore, Defendant and Plaintiff have also met and conferred on a possible Motion to Compel the Production of Documents, in response to which Defendant produced certain records. Again, none of those records support an amendment of the damages sought by Plaintiff.

Further amendment of the damages sought by Plaintiff would be a surprise and prejudicial to Defendant, especially now that this case is a short seven weeks from jury selection. Plaintiff has not provided discovery, either in the form of interrogatory responses or the production of documents, which supports such an amendment.

As to the addition of a *res ipsa loquitor* allegation, Texas Supreme Court case law has held that under facts as in this case, where a contractor was on site a short time prior to the incident for the purpose of servicing the instrumentality at issue, there is no evidence to support recovery based on a *res ipsa loquitor* theory. Accordingly, that allegation should not be allowed.

## II.

## ANALYSIS

Federal Rule of Civil Procedure 15 allows for liberal amendment of pleadings *unless* there is a good reason to deny leave, such as bad faith, dilatory motive, or undue prejudice to the opposing party. Moreover, it is within the Court's discretion whether

or not to allow the amendment. *See Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139-142 (5th Cir. 1993). Defendant Staples respectfully requests that this Court exercise its discretion and deny Plaintiff's Motion for Leave to File Second Amended Petition.

A. *Plaintiff Has Known the Facts Supporting Her Claims Since Prior To The Time The Case Was Filed And, Accordingly, The Amendment Should Not Be Allowed.*

In *Wimm v. Jack Eckerd Corp.*, the plaintiffs were aware of the facts supporting the amendment before the case was initiated, though they chose not to allege those facts until nine months after the action was initiated. *See id.* at 141. Similarly, here, Plaintiff has known of her alleged injuries since the time of the incident. Additionally, the surgery she underwent on her back, allegedly as a result of this incident, was performed in February 2002. And yet, it is now June 2004 before Plaintiff seeks to include additional medical expenses in her request for damages. Even Plaintiff's shoulder surgery, also allegedly caused by the incident, was performed six months ago – ample to time in which to seek to amend her petition.

Moreover, Plaintiff's counsel has indicated informally that, in fact, he intends to allege more than $500,000 in damages, which would require another amendment of the petition. Plaintiff's counsel attributes this to just having sought and received certain medical records and bills, none of which have been produced to Defendant.

With such little time before trial, this Court should disallow Plaintiff's amendment to increase the amount of damages sought. In the face of new damages allegations, without any supporting discovery, Defendant is faced with the very real possibility of having to reopen fact discovery, including the Plaintiff's deposition, in order to ascertain the basis for the allegation of additional damages. Defendant respectfully requests that this Court close the door on this and future amendments, so that proper preparations may be made for trial.

B. ***An Amendment At This Late Stage Would Prejudice Defendant's Ability To Prepare And Present Motion A for Summary Judgment In Accordance With This Court's Deadline.***

In addition, the Court in *Wimm* considered the procedural posture of the case, which was at the summary judgment stage. This Court has imposed a deadline of June 28, 2004 for the filing of all dispositive motions, including motions for summary judgment. As in *Wimm*, Plaintiff's attempt to amend her petition in such close time to that deadline places Defendant at a disadvantage. Defendant will be forced in one short week to reassess Plaintiff's allegations and reevaluate whether to file a motion for summary judgment and on what grounds.

C. ***Res Ipsa Loquitor Is Not A Proper Allegation In This Case And, Accordingly, The Amendment Should Not Be Allowed.***

In addition to increasing the amount of damages sought, Plaintiff seeks to include a *res ipsa loquitor* allegation. However, the facts of this case do not support such an allegation. In *Marathon Oil Co. v. Sterner*, 632 S.W.2d 571, 573-74 (Tex. 1982), the plaintiff sought to recover on a theory of negligence and *res ipsa loquitor*. The plaintiff was employed by Marathon Oil, where he was working on a vessel. At that time, he inhaled fumes of an unknown origin, which caused illness. The plaintiff plead *res ipsa loquitor*, alleging that the vessel was within the control of his employer, Marathon, and, absent negligence, his illness would not have occurred. *See id.*

However, a week prior to the time when the plaintiff inhaled the fumes, a contractor was on site servicing the vessel in question. The Texas Supreme Court held, accordingly, that there was no evidence that Marathon had control of the vessel. *See id.* at 574. State alternatively, "[w]here the plaintiff's evidence only shows it is equally probable that the negligence was that of another, the court must direct the jury that plaintiff has not proved his case." *Id.* The plaintiff's allegations of *res ipsa loquitor* were thus denied.

In this case, it is undisputed that a contractor was on site at the Staples location to service the door in question a short four days prior to the incident. Thus, under *Marathon Oil*, it is equally probable that the negligence was that of another, namely Third Party Defendant United Door Service. This Court would be within its power to disallow the pleading of *res ipsa loquitor*, where the undisputed evidence is that an entity other than Defendant was on site servicing the door in question just prior to the alleged incident.

### III.

### CONCLUSION

Plaintiff has known the facts surrounding this case from before the suit was filed and, yet, has failed to allege them. Allowing Plaintiff to amend her petition at this late date would necessarily prejudice Defendant, as trial preparations are well underway and dispositive motions are due in one week. For these reasons, Plaintiff should not be allowed to amend her petition.

Based on the foregoing, Defendant respectfully requests that Plaintiff's Motion to File Second Amended Petition be denied.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant prays that this Honorable Court deny Plaintiff's Motion for Leave to File Second Amended Petition, and for such other and further relief to which it may show itself justly entitled to receive.

Respectfully submitted,

RODRIGUEZ, COLVIN, CHANEY & SAENZ, LLP

By: _____
Norton A. Colvin, Jr.
State Bar No. 04632100
Federal Admissions No. 1918
Sarah A. Nicolas
State Bar No. 24013543
Federal Admissions No. 32122
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
(956) 542-7441
Fax (956) 541-2170
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served upon all counsel of record, to-wit:

> Ronald W. Armstrong
> Law Offices of Ronald W. Armstrong
> 2600 Old Alice Road, #A
> Brownsville, Texas 78521
>
> Melvin A. Krenek
> Krenek and Heinemeyer
> 9601 McAllister Freeway, Suite 110
> San Antonio, Texas 78216-4605

by certified mail, return receipt requested, hand delivery, and/or facsimile transmission pursuant to the Federal Rules of Civil Procedure, on this the 21st day of June, 2004.

_____
Sarah A. Nicolas