IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUL 27 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| CLAUDIA GONZALEZ | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-03-125 |
| | § | |
| STAPLES THE OFFICE SUPERSTORE D/B/A STAPLES THE OFFICE SUPERSTORE EAST, INC. | § § § | |
| | § | |
| VS. | § | |
| | § | |
| UNITED DOOR SERVICE | § | |

**DEFENDANT/THIRD PARTY DEFENDANT'S ORIGINAL THIRD-PARTY PETITION**

TO THE HONORABLE JUDGES OF THE U.S. DISTRICT COURT, FOR THE SOUTHERN DISTRICT OF TEXAS:

Now comes, UNITED DOOR SERVICE, Defendant/Third-Party Defendant/Third-Party Plaintiff herein, and files this, its Original Third Party Petition, complaining of A-1 AUTOMATIC DOOR SYSTEMS, Third-Party Defendant herein, and in support thereof would show unto the Court as follows:

I.

PARTIES, JURISDICTION AND VENUE

1.01  Plaintiff, CLAUDIA GONZALEZ, is an individual residing in Brownsville, Cameron County, Texas.

1.02  Defendant, STAPLES THE OFFICE SUPERSTORE D/B/A STAPLES THE OFFICE SUPERSTORE EAST, INC. is a foreign corporation incorporated in the State of Delaware, with its principal place of business in Massachusetts.

1.03  Third-Party Defendant, UNITED DOOR SERVICE, is a foreign corporation, incorporated in the State of North Carolina, with its principal place of business in North Carolina.

1.04  A-1 AUTOMATIC DOOR SYSTEMS is a Texas corporation with its principal place of business in San Antonio, Texas. Third-Party Defendant may be served with process by serving its

President, Larry Mangum, at its principal place of business, 110 Blanco Road, San Antonio, Texas.

1.05   Venue in this action is proper in Cameron County, Texas, as all of the events, or a substantial part of the events, made the basis of this lawsuit occurred in Cameron County, Texas

## II.

## FACTS

2.01   Plaintiff alleges that, as she was exiting the Staples Store in Brownsville, Texas, the automatic sliding doors collided into Plaintiff. Both Defendant, STAPLES, and Third-Party Defendant, UNITED DOOR SERVICE, have denied Plaintiff's allegations.

2.02   UNITED DOOR SERVICE contracted with Third-Party Defendant, A-1 AUTOMATIC DOOR SYSTEMS, to provide maintenance and repair of the doors at the Staples Store, under United Door's contract with Staples.

## III.

## CAUSES OF ACTION

3.01   UNITED DOOR SERVICE asserts, to the extent that Plaintiff has suffered or injuries for which she is entitled to compensation, and to the extent that STAPLES is entitled to indemnity or contribution, all of which UNITED DOOR SERVICE denies, UNITED DOOR SERVICE would show that A-1 AUTOMATIC DOOR SYSTEMS had inspected and repaired the doors in question approximately four days prior to the accident which is the subject of this suit and that if there was any negligence involved in such inspection and repair, proximately causing any injuries to the Plaintiff, then said negligence was that of Third-Party Defendant, A-1 AUTOMATIC DOOR SYSTEMS, and not that of UNITED DOOR SERVICE.

3.02   UNITED DOOR SERVICE thus asserts that, pursuant to Sect. 33.004, Texas Civil Practice and Remedies Code, Third-Party Defendant, A-1 AUTOMATIC DOOR SYSTEMS, is a responsible third party from whom UNITED DOOR SERVICE is entitled to seek a determination by the jury of Third-Party Defendant's comparative responsibility and, from whom UNITED

DOOR SERVICE is entitled to contribution and/or indemnity as to any damages awarded to Plaintiff or Third-Party Plaintiff in this action.

IV.

## DAMAGES

4.01  UNITED DOOR SERVICE asks that, to the extent that any damages are awarded to Plaintiff in this action, it be granted judgment for contribution and/or indemnity against Third-Party Defendant, A-1 AUTOMATIC DOOR SYSTEMS, for damages in such an amount as may be found by a jury.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant/Third Party Defendant/Third-Party Plaintiff, UNITED DOOR SERVICE, prays that Third Party Defendant, A-1 AUTOMATIC DOOR SYSTEMS, be cited to appear and answer the allegations herein, that Third-Party Defendant's percentage of responsibility for causing or contributing to cause in any way the harm for which recovery of damages is sought by Plaintiff be determined by the Jury; and, in the unlikely event any recovery is had against UNITED DOOR SERVICE, that UNITED DOOR SERVICE in turn have judgment for contribution in whole or in part from Third-Party Defendant, A-1 AUTOMATIC DOOR SYSTEMS, and UNITED DOOR SERVICE further prays for such other and further relief, both general or special, to which it may show itself justly entitled.

Respectfully submitted,
KRENEK & HEINEMEYER, P.C.
9601 McAllister Freeway, Suite 1110
San Antonio, Texas 78216
(210) 342-1080; FAX (210) 342-1266

By: /s/ Melvin A. Krenek
MELVIN A. KRENEK
Texas State Bar No. 11725000
Federal Admissions No. 12242
ATTORNEY FOR DEFENDANT/THIRD PARTY
DEFENDANT/THIRD-PARTY PLAINTIFF,
UNITED DOOR SERVICE

## CERTIFICATE OF SERVICE

    I DO HEREBY CERTIFY that I have served a true and correct copy of the above and foregoing instrument by Certified Mail, Return Receipt Requested, on all counsel of record, to-wit:

Mr. Ronald Armstrong
R. W. ARMSTRONG & ASSOCIATES
2600 Old Alice Road, Suite A
Brownsville, Texas 78521
(956) 546-5556; FAX (956) 546-0470
ATTORNEY FOR PLAINTIFF

Mr. Norton A. Colvin, Jr.
Ms. Sarah A. Nicolas
RODRIGUEZ, COLVIN & CHANEY, L.L.P.
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
(956) 542-7441; FAX: (956) 541-2170
ATTORNEYS FOR DEFENDANT/THIRD PARTY PLAINTIFF

on this the 22 day of _____ July _____, 2004.

                                                                   MELVIN A. KRENEK