United States District Court
Southern District of Texas
FILED

MAR 1 5 2005

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CLAUDIA GONZALEZ | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-03-125 |
| | § | |
| STAPLES THE OFFICE SUPERSTORE d/b/a STAPLES THE OFFICE SUPERSTORE EAST, INC., ET. AL. | § § § § | |
| VS. | § | |
| UNITED DOOR SERVICE | § | |
| VS. | § | |
| A-1 AUTO DOOR SYSTEMS, INC. | § | |

**DEFENDANT'S STAPLES THE OFFICE SUPERSTORE D/B/A STAPLES THE OFFICE SUPERSTORE EAST, INC.
MOTION TO EXCLUDE PLAINTIFF'S EXPERT
DR. ALEJANDRO BETANCOURT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, STAPLES THE OFFICE SUPERSTORE d/b/a STAPLES THE OFFICE SUPERSTORE EAST, INC., Defendant in the above-entitled and numbered cause, and files this its Motion to Exclude Plaintiff's Expert Dr. Alejandro Betancourt, and in support thereof shows the Court as follows:

**I.**

**BACKGROUND**

This lawsuit arises out of injuries allegedly sustained by Plaintiff, Claudia Gonzalez, when she was exiting Staples The Office Superstore in Brownsville, Texas. Plaintiff alleges that the automatic sliding door hit her, causing injuries to her. *See*

Plaintiff's Original Petition. This case is currently set for jury selection on October 6, 2005. The parties discovery deadline is June 1, 2005.

On October 23, 2003, this Court entered a Scheduling Order setting a Plaintiff's expert designation and report deadline of February 9, 2004. On February 9, 2004, Plaintiff failed to designate any experts in compliance with the Federal Rules of Civil Procedure. Thereafter, Plaintiff filed a Motion for Continuance and to Extend Discovery Deadline, which this Court granted after a hearing held on May 13, 2004. Plaintiff was given a second opportunity to designate experts and provide expert reports to Defendant and Third Party Defendants' attorneys until June 1, 2004. *See Court Docket Entry No. 39.*

On June 1, 2004, Plaintiff filed her Supplemental Disclosures identifying experts for the first time pursuant to Rule 26(a)(2)(A) and (B). *See Exhibit A, Plaintiff Claudia Gonzalez Supplemental Disclosures.* At that time, Plaintiff designated various experts including Dr. Alejandro Betancourt pursuant to Rule 26(a)(2)(A) & (B). In her Disclosure responses, Plaintiff further indicated that all expert reports were attached as exhibits including Dr. Betancourt's. However, Plaintiff failed to produce an expert report by Dr. Betancourt, a neurosurgeon designated to opine specifically on Plaintiff's alleged back injuries[1]. In fact, on several occasions after Plaintiff's designation, an assistant to Plaintiff's counsel communicated to counsel for Staples that he was aware that Dr.

---

[1] Plaintiff designated an additional physician, Dr. Bliss Clark, to opine on Plaintiff's alleged shoulder injury.

Betancourt's report had not been produced and represented that it would be tendered in the near future.

Subsequently, on October 21, 2004, this Honorable Court entered a new Agreed Scheduling Order requiring Plaintiff's to file her designation of testifying experts and serve on all parties the materials required by Fed. R. Civ. P. 26(a)(2)(B) by <u>March 1, 2005</u>.  *See Agreed Scheduling Order, attached hereto as Exhibit B.*  Plaintiff was therefore given a **third** opportunity to cure her expert designation and required to serve Dr. Betancourt's expert report on all parties by March 1, 2005 at the very latest.  As of the filing of said Motion, Plaintiff has yet to produce an expert report by Dr. Betancourt in support of his opinions to be expressed at trial and the basis and reasons thereof as required by Rule 26 and this Court's October 2004 Agreed Scheduling Order.

## II.

## ANALYSIS

Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure requires that, persons retained or specifically employed to provide expert testimony in the case, must prepare a detailed and complete written report, stating the testimony the witness is expected to present during direct examination, together with reasons therefore.  *Fed. R. Civ. P. 26(a)(2)(B)*.  The report, which is intended to set forth the substance of the direct examination, should be written in a manner that reflects the testimony to be given by the witness and it must be signed by the witness.  *See Fed. R. Civ. P. 26, Adv. Comm. Notes*, ¶16.  Further, Rule 37(c) of the Federal Rules of Civil Procedure provides an incentive for full disclosure; namely that a party will not ordinarily be permitted to use on direct examination any expert testimony no so disclosed.  *Id.*  The purpose of requiring a report

is to eliminate unfair surprise to the opposing party. *Sylla-Sawdon v. Uniroyal Goodrich Tire Co.*, 47 F.3d 277, 284 (8th Cir. 1995).

Plaintiff has failed to meet the expert disclosure requirements set forth in Rule 26. Defendant Staples stands to suffer great prejudice and unfair surprise if Dr. Betancourt is allowed to testify absent a detailed statement of his qualifications and opinions and basis thereof. Moreover, Defendant Staples stands to be prejudiced if required to tender a report by its medical expert by the Defendant's **April 1, 2005** deadline without the benefit of the Plaintiff's expert report. Dr. Betancourt's expert report is particularly crucial to Defendant's expert's analysis in light of the fact that the films of an MRI conducted of Plaintiff in 1999 in Monterrey, Mexico are no longer available for any of the Defendants' review. *See Negative Deposition of Films attached hereto as Exhibit C*. Interestingly, the 1999 MRI films presumably reviewed by Dr. Betancourt were hand delivered by Plaintiff and last in the possession of Dr. Betancourt's previous employer, Dr. Helson Pacheco. Plaintiff testified that Dr. Pacheco's office "threw them away in the garbage when Dr. Pacheco left town." *See Deposition of Claudia Gonzalez 69:9-10; 69:18-25; 70-1-5 attached hereto as Exhibit D*.

Rule 26 imposes a duty on Plaintiff to disclose information regarding expert testimony to allow the opposing parties a reasonable opportunity to prepare for effective cross examination and arrange for expert testimony from their witnesses. *See Fed. R. Civ. P. 26, Adv. Comm. Notes*, ¶16. In the instant case, there is no Court Order or written stipulation waiving the requirement for a written report. Therefore, Defendant moves this honorable Court to exclude any and all expert testimony by Dr. Betancourt from the trial in this case as Defendant has not been afforded a reasonable opportunity to prepare for effective cross-examination or a fair basis to arrange for its expert testimony on the specific issue of Plaintiff's alleged back injury. *LTD v. Fayda Intern, Inc.*, 856 F. Supp. 856 (D. Del 1994) (failure to provide expert report warranted trial court's refusal to

allow expert to testify at trial). The exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless. *Fed. R. Civ. P. 37(c)(1)*; *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003). Moreover, Plaintiff's failure to provide expert reports warrants exclusion of the expert's testimony particularly in light of Defendant's current expert designation of <u>April 1, 2005.</u>

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendant, STAPLES THE OFFICE SUPERSTORE d/b/a STAPLES THE OFFICE SUPERSTORE EAST, INC., requests that this honorable Court grant its Motion To Exclude Plaintiff's Expert Dr. Alejandro Betancourt and enter an Order precluding Plaintiff from introducing and using any expert testimony by Dr. Betancourt at trial, as well as all other relief Defendant STAPLES THE OFFICE SUPERSTORE d/b/a STAPLES THE OFFICE SUPERSTORE EAST, INC. is justly entitled.

Respectfully submitted,

RODRIGUEZ, COLVIN, CHANEY & SAENZ, L.L.P.

By: _____
    Norton A. Colvin, Jr.
State Bar No. 04632100
Federal Admissions No. 1918
    RosaMaria Villagomez-Vela
State Bar No. 24008210
Federal Admissions No. 22983
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
(956) 542-7441
Fax (956) 541-2170
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF CONFERENCE

I hereby certify that I have attempted to confer with Plaintiff's counsel by telephone regarding the substance of this motion. Plaintiff's counsel has not responded to my call and, therefore, I assume he is opposed to this motion.

_____
RosaMaria Villagomez-Vela

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served upon all counsel of record, to-wit:

>Ronald W. Armstrong
>Law Offices of Ronald W. Armstrong
>State Bar No. 01323500
>2600 Old Alice Road, #A
>Brownsville, Texas 78521
>*Attorney for Plaintiff*
>
>Robert A. Allen
>P.O. Box 101507
>San Antonio, Texas 78201
>*Attorney for A-1 Auto Door Service*
>
>Monte English
>English & Clemmons, LLP
>555 N. Carancahua, Ste 1500
>Corpus Christi, Texas 78478
>*Attorney for United Door*

by certified mail, return receipt requested, hand delivery, and/or facsimile transmission pursuant to the Federal Rules of Civil Procedure, on this the 15th day of March, 2005.

_____
RosaMaria Villagomez-Vela