United States District Court
Southern District of Texas
FILED

JUN 1 5 2005

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CLAUDIA GONZALEZ | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-03-125 |
| | § | |
| STAPLES THE OFFICE SUPERSTORE | § | |
| d/b/a STAPLES THE OFFICE SUPERSTORE | § | |
| EAST, INC. | § | |

**DEFENDANT'S FIRST SUPPLEMENTAL RULE 26(a) DISCLOSURES
AND DESIGNATION OF EXPERT WITNESSES**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, STAPLES THE OFFICE SUPERSTORE d/b/a STAPLES THE OFFICE SUPERSTORE EAST, INC., Defendant in the above-entitled and numbered cause, and makes these disclosures in accordance with Rule 26(a) of the Federal Rules of Civil Procedure. Defendant makes the following disclosures subject to and without waiving its right to protect from disclosure (a) any and all communications protected from disclosure by the attorney-client privilege, (b) any and all work-product conclusions, opinions, or legal theories of Defendant's attorneys or other representative concerning this litigation, and (c) any and all confidential information until a suitable protective order is entered to protect the confidentiality of such information. Moreover, Defendant makes these disclosures with the best information available to it at the time disclosure was required by the Federal Rules of Civil Procedure. Defendant reserves the right to amend or supplement these disclosures as may be allowed by applicable Federal Rules of Civil Procedure or order of this Court.

**Rule 26(a)(2)(A)** In addition to the disclosures required to paragraph (1), a party shall disclose to other parties the identity of any other person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.

## SUPPLEMENTAL RESPONSE:

1. Defendant reserves the right to cross-examine any witnesses and expert witnesses who are allowed to express opinions in Plaintiff's case in chief, if any, and to elicit opinions from them during same without agreeing with or vouching for any or all opinions such persons may have. Defendants specifically do not waive any and all objections it has to any of the persons designated as witnesses or expert witnesses by Plaintiff being permitted to express opinions in this case.

2. Defendant designates and reserves the right to call as expert witnesses, without agreeing with or vouching for their opinions, any and all treating physicians of Plaintiff and all witnesses and expert witnesses designated by Plaintiff, if any.

3. In addition to the foregoing, Defendant designates the following persons who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence:

>Danny Degott
>Technical Advisor
>Dor-O-Matic
>7350 West Wilson Avenue
>Harwood Heights, IL 60706
>(708) 867-2901
>
>Martin R. Steiner, M.D.
>Houston Neurology Associates
>8200 Wednesbury Lane, Suite 111
>Houston, TX 77074-2002
>(713) 777-4122
>
>Daniel Backlas, M.D.
>Knapp Medical Center
>Department of Radiology
>Weslaco, TX 78596
>(956) 969-5175

**Rule 26(a)(2)(B)** Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefore; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

**RESPONSE:**

Defendant contends that it should not be required to produce reports at this time, as Plaintiff has failed to timely designate any experts or provide reports therefore. Under Federal Rule of Civil Procedure 26(a)(2)(C), it is expected that "if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party," then the expert disclosure will be made within thirty days after the disclosure by Plaintiff. Because Plaintiff has made no such disclosure at this time, Defendant is not under an obligation to provide information regarding its experts.

The foregoing notwithstanding, Defendant is cognizant of the Court's order of October 27, 2003, requiring Defendant to designate experts no later than March 9, 2004. Therefore, Defendant states as follows:

1.  Danny Degott is unable to provide a report at this time. Plaintiff has not designated any experts to testify regarding liability or the alleged premises defect. Without knowing the substance of Plaintiff's defect allegation, Defendant cannot contradict or rebut that allegation.

    The foregoing notwithstanding, Mr. Degott is expected to testify regarding the functioning of the automatic sliding door system in use at Defendant. Specifically, Mr. Degott is expected to testify that the design of the door system is mandated by various standards, including ANSI 156.10 and AADAM, and that the door operated in accordance with those standards at the time of the incident.

Defendant reserves the right to amend and/or supplement this designation as provided in Federal Rule of Civil Procedure 21(e)(1)-(2). Defendant also reserves the right to amend and/or supplement this report to contradict or rebut evidence offered in the future by Plaintiff on the same subject matter.

2. Martin R. Steiner, M.D. is unable to provide a report at this time. Plaintiff has alleged, *inter alia*, that she underwent lumbar surgery as a result of this incident. During discovery in this cause, Plaintiff has identified physicians she claims treated her as a result of this incident. Plaintiff's records have been obtained from each of these physicians; however, none of the records are those of a physician who performed such surgery. Therefore, Dr. Steiner is unable to prepare a report until such time as the physician who performed surgery is identified and those records are received. Plaintiff's deposition is noticed to commence on March 25, 2004.

   The foregoing notwithstanding, it is expected that Dr. Steiner will testify regarding Plaintiff's alleged injuries to the cervical and lumbar spine areas, and the extent, duration and severity thereof. Dr. Steiner may also form an opinion regarding whether these injuries were pre-existing at the time of the incident. Finally, Dr. Steiner may review the recommendations made by the treating physicians for the care of the alleged injuries, including any surgical intervention, and whether those recommendations were appropriate.

   Dr. Steiner's curriculum vitae is provided herewith. In addition, no charges have as yet been billed to Defendant for Dr. Steiner's study and testimony. When such a bill is received, it will be produced. Finally, a listing of all cases in which Dr. Steiner has provided testimony by deposition or at trial will be produced.

   Defendant reserves the right to amend and/or supplement this designation as provided in Federal Rule of Civil Procedure 21(e)(1)-(2). Defendant also reserves the right to amend and/or supplement this report to contradict or rebut evidence offered in the future by Plaintiff on the same subject matter.

3. Daniel Backlas, M.D. is unable to provide a report at this time. Plaintiff has alleged, *inter alia*, that she underwent lumbar surgery as a result of this incident. During discovery in this cause, Plaintiff has identified physicians she claims treated her as a result of this incident. Plaintiff's records have been obtained from each of these physicians; however, none of the records are those of a physician who performed such surgery. Therefore, Dr. Backlas is unable to prepare a report until such time as the physician who performed surgery is identified and those records are received. Plaintiff's deposition is noticed to commence on March 25, 2004.

   The foregoing notwithstanding, Dr. Backlas is expected to testify regarding the x-rays and MRIs performed upon Plaintiff and the results thereof. In particular, Dr. Backlas is expected to testify regarding the pre-existing nature of Plaintiff's alleged injuries to the shoulder, cervical spine and lumbar spine areas. As has been previously stated, Dr. Backlas cannot make an accurate report, however,

until all treating physicians are identified and their records, including x-ray and MRI films, are received.

Dr. Backlas' curriculum vitae is provided herewith. In addition, no charges have as yet been billed to Defendant for Dr. Backlas' study and testimony. When such a bill is received, it will be produced. Finally, a listing of all cases in which Dr. Backlas has provided testimony by deposition or at trial will be produced.

Defendant reserves the right to amend and/or supplement this designation as provided in Federal Rule of Civil Procedure 21(e)(1)-(2). Defendant also reserves the right to amend and/or supplement this report to contradict or rebut evidence offered in the future by Plaintiff on the same subject matter.

Respectfully submitted,

RODRIGUEZ, COLVIN, CHANEY &
SAENZ, L.L.P.

By: _____
Norton A. Colvin, Jr.
State Bar No. 04632100
Federal Admissions No. 1918
Sarah A. Nicolas
State Bar No. 24013543
Federal Admissions No. 32122
RosaMaria Villagomez-Vela
State Bar No. 24008210
Federal Admissions No. 22983
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
Tel: (956) 542-7441
Fax: (956) 541-2170
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was previously served by certified mail, return receipt requested, hand delivery, and/or facsimile transmission pursuant to the Federal Rules of Civil Procedure on March 24, 2004 upon all counsel of record, to-wit:

> Ronald W. Armstrong
> Law Offices of Ronald W. Armstrong
> State Bar No. 01323500
> 2600 Old Alice Road, #A
> Brownsville, Texas 78521
>
> Melvin A. Krenek
> Law Offices of Krenek & Heinemeyer, P.C.
> 9601 McAllister Freeway
> Suite 1110
> San Antonio, Texas 78216

By copy hereof, I hereby certify that a true and correct copy of this document is being served by certified mail, return receipt requested, hand delivery, and/or facsimile transmission pursuant to the Federal Rules of Civil Procedure on this 15th day of June, 2005 upon all additional counsel of record, to-wit:

> Robert A. Allen
> Allen, Stein & Durbin, PC.
> 6243 IH-10 West, 7th Floor
> P.O. Box 101507
> San Antonio, Texas 78201
> *Attorney for A-1 Auto Door Service*
>
> Monte English
> English & Clemmons, LLP
> 555 N. Carancahua, Ste 1500
> Corpus Christi, Texas 78478
> *Attorney for United Door*

RosaMaria Villagomez Vela