United States District Court
Southern District of Texas
FILED

JUN 1 5 2005

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CLAUDIA GONZALEZ | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-03-125 |
| | § | |
| STAPLES THE OFFICE SUPERSTORE | § | |
| d/b/a STAPLES THE OFFICE SUPERSTORE | § | |
| EAST, INC. | § | |

## DEFENDANT'S SECOND SUPPLEMENTAL RULE 26(a) DISCLOSURES AND DESIGNATION OF EXPERT WITNESSES

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, STAPLES THE OFFICE SUPERSTORE d/b/a STAPLES THE OFFICE SUPERSTORE EAST, INC., Defendant in the above-entitled and numbered cause, and makes these disclosures in accordance with Rule 26(a) of the Federal Rules of Civil Procedure. Defendant makes the following disclosures subject to and without waiving its right to protect from disclosure (a) any and all communications protected from disclosure by the attorney-client privilege, (b) any and all work-product conclusions, opinions, or legal theories of Defendant's attorneys or other representative concerning this litigation, and (c) any and all confidential information until a suitable protective order is entered to protect the confidentiality of such information. Moreover, Defendant makes these disclosures with the best information available to it at the time disclosure was required by the Federal Rules of Civil Procedure. Defendant reserves the right to amend or supplement these disclosures as may be allowed by applicable Federal Rules of Civil Procedure or order of this Court.

**Rule 26(a)(2)(A)** In addition to the disclosures required to paragraph (1), a party shall disclose to other parties the identity of any other person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.

**SUPPLEMENTAL RESPONSE:**

1.  Defendant reserves the right to cross-examine any witnesses and expert witnesses who are allowed to express opinions in Plaintiff's case in chief, if any, and to elicit opinions from them during same without agreeing with or vouching for any or all opinions such persons may have. Defendants specifically do not waive any and all objections it has to any of the persons designated as witnesses or expert witnesses by Plaintiff being permitted to express opinions in this case.

2.  Defendant designates and reserves the right to call as expert witnesses, without agreeing with or vouching for their opinions, any and all treating physicians of Plaintiff and all witnesses and expert witnesses designated by Plaintiff, if any. Specifically, but without limitation, Defendant reserves the right to call the following treating physicians:

    Dr. Madhaven Pisharodi
    842 Wild Rose Lane
    Brownsville, TX
    (956) 541-6725

3.  In addition to the foregoing, Defendant designates the following persons who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence:

    Loren Slaybaugh
    136 Dixie Avenue
    Lake Placid, FL 33852
    (863) 699-1729

    Martin R. Steiner, M.D.
    Houston Neurology Associates
    8200 Wednesbury Lane, Suite 111
    Houston, TX 77074-2002
    (713) 777-4122

    Daniel Backlas, M.D.
    Knapp Medical Center
    Department of Radiology
    Weslaco, TX 78596
    (956) 969-5175

**Rule 26(a)(2)(B)**     Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefore; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

**RESPONSE:**

1. The report of Loren Slaybaugh is attached hereto as Exhibit "A." Included with the report is Mr. Slaybaugh's curriculum vitae. Mr. Slaybaugh will be compensated $150 per hour for his work time, and $100 per hour for his travel time. Defendant has not yet received any charges for Mr. Slaybaugh's study and testimony. When such a bill is received, it will be produced. In addition, Mr. Slaybaugh is preparing a list of any other cases in which he has testified as an expert at trial or by deposition within the preceding four years.

2. Martin R. Steiner, M.D. is unable to provide a report at this time. First, Defendant contends that it should not be required to produce a report from Dr. Steiner at this time, as Plaintiff has failed to timely designate any expert or provide a report regarding Plaintiff's alleged back injury. Because Plaintiff has made no such disclosure at this time, Defendant is not under an obligation to provide Dr. Steiner's Report. Furthermore, Dr. Steiner will not provide a report at this time due to the fact that the MRI films depicting Plaintiff's alleged back injury cannot be located. Plaintiff testified at deposition that the MRI studies taken prior to the incident were thrown away, and that the MRI studies taken after the incident are either in her possession or the possession of her treating physician, Dr. Helson Pacheco. However, Plaintiff has produced no such MRI studies, nor has Dr. Pacheco produced any such MRI studies in response to a subpoena.

    The foregoing notwithstanding, Defendant is cognizant of the Court's orders in this case, as well as the agreement of counsel dated June 3, 2004 (a copy of which is attached hereto as Exhibit "B"). Therefore, Defendant states as follows:

    Plaintiff has alleged, *inter alia*, that she underwent lumbar surgery as a result of this incident. During discovery in this cause, Plaintiff has identified physicians

she claims treated her as a result of this incident. Plaintiff's records have been obtained from each of these physicians who reside in the United States, by subpoena. However, Plaintiff has not executed the authorization required in order to secure records from the physicians in Mexico, from whom she claims to have received treatment.

The foregoing notwithstanding, it is expected that Dr. Steiner will testify regarding Plaintiff's alleged injuries to the cervical and lumbar spine areas, and the extent, duration and severity thereof. It is expected that Dr. Steiner will testify that the injury allegedly suffered by Plaintiff was pre-existing at the time of the incident. Dr. Steiner will also testify regarding the records and testimony of Dr. Madhaven Pisharodi (upon conclusion of his deposition), which is expected to support to opinion that Plaintiff's alleged injury was pre-existing. Finally, Dr. Steiner may review the recommendations made by the treating physicians for the care of the alleged injury, including any surgical intervention, and whether those recommendations were appropriate.

Dr. Steiner's curriculum vitae was previously produced. In addition, no charges have as yet been billed to Defendant for Dr. Steiner's study and testimony. When such a bill is received, it will be produced.

3. Daniel Backlas, M.D.'s report is attached hereto as Exhibit "C." Dr. Backlas' curriculum vitae was previously produced. The compensation to be paid to Dr. Backlas is included with Exhibit "C."

Defendant reserves the right to amend and/or supplement this designation as provided in Federal Rule of Civil Procedure 21(e)(1)-(2). Defendant also reserves the right to amend and/or supplement this report to contradict or rebut evidence offered in the future by Plaintiff on the same subject matter.

Respectfully submitted,

RODRIGUEZ, COLVIN, CHANEY & SAENZ, LLP

By: *RosaMaria Villagomez-Vela for*
Norton A. Colvin, Jr. *by RMV*
State Bar No. 04632100
Federal Admissions No. 1918
Sarah A. Nicolas
State Bar No. 24013543
Federal Admissions No. 32122
RosaMaria Villagomez-Vela
State Bar No. 24008210
Federal Admissions No. 22983
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
Tel: (956) 542-7441
Fax: (956) 541-2170
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was previously served by certified mail, return receipt requested, hand delivery, and/or facsimile transmission pursuant to the Federal Rules of Civil Procedure on April 1, 2005 upon all counsel of record, to-wit:

>Ronald W. Armstrong
>Law Offices of Ronald W. Armstrong
>State Bar No. 01323500
>2600 Old Alice Road, #A
>Brownsville, Texas 78521

>Melvin A. Krenek
>Law Offices of Krenek & Heinemeyer, P.C.
>9601 McAllister Freeway
>Suite 1110
>San Antonio, Texas 78216

By copy hereof, I hereby certify that a true and correct copy of this document is being served by certified mail, return receipt requested, hand delivery, and/or facsimile transmission pursuant to the Federal Rules of Civil Procedure on this ____ day of June, 2005 upon all additional counsel of record, to-wit:

>Robert A. Allen
>Allen, Stein & Durbin, PC.
>6243 IH-10 West, 7th Floor
>P.O. Box 101507
>San Antonio, Texas 78201
>*Attorney for A-1 Auto Door Service*

>Monte English
>English & Clemmons, LLP
>555 N. Carancahua, Ste 1500
>Corpus Christi, Texas 78478
>*Attorney for United Door*

_____
RosaMaria Villagomez-Vela