Case 1:03-cv-00125   Document 100   Filed in TXSD on 07/25/2005   Page 1 of 17

United States District Court
Southern District of Texas
FILED

JUL 2 5 2005

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CLAUDIA GONZALEZ | § § | |
| VS. | § § | CIVIL ACTION NO. B-03-125 |
| STAPLES THE OFFICE SUPERSTORE d/b/a STAPLES THE OFFICE SUPERSTORE EAST, INC., ET. AL. | § § § § § | JURY REQUESTED |
| VS. | § § | |
| UNITED DOOR SERVICE | § § | |
| VS. | § § | |
| A-1 AUTO DOOR SYSTEMS, INC. | § | |

## DEFENDANT STAPLE'S MOTION FOR LEAVE TO FILE AMENDED ANSWER

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW STAPLES THE OFFICE SUPERSTORE d/b/a STAPLES THE OFFICE SUPERSTORE EAST, INC., Defendant/Third Party Plaintiff herein ("Staples"), and files this Motion for Leave to File Amended Answer, requesting that this Court grant it leave to file its amended answer pursuant to Rule 15, Federal Rules of Civil Procedure, and in support thereof would show the Court as follows:

1. On July 3, 2003 Defendant Staples filed its Original Answer in response to Plaintiff's Original Petition in this cause in state court. Since that date, Plaintiff has filed a First and Second Amended Petition.

2.  Defendant requests leave of this Court to amend its answer to comply with the requirements of the Federal Rules of Civil Procedure in order to specifically admit or deny each allegation contained in Plaintiff's Second Amended Petition, to set forth Defendant's affirmative defenses, and to respond to Plaintiff's Second Amended Petition and Contribution Counter-Claim by Third Party Defendant United Door Service.

3.  Defendant would request that this Court grant it leave to file an amended answer, complying with the Federal Rules of Civil Procedure. A copy of the proposed amended answer is attached hereto as Exhibit "A".

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully requests this Court to grant it leave to file its amended answer, and for such other and further relief to which it may show itself justly entitled to receive.

> Respectfully submitted,
>
> RODRIGUEZ, COLVIN, CHANEY & SAENZ, L.L.P.
>
> By: *[signature]*
> Norton A. Colvin, Jr.
> State Bar No. 04632100
> RosaMaria Villagómez-Vela
> State Bar No. 24008210
> 1201 East Van Buren
> Post Office Box 2155
> Brownsville, Texas 78522
> (956) 542-7441
> Fax (956) 541-2170
>
> ATTORNEYS FOR DEFENDANT,
> STAPLES THE OFFICE SUPERSTORE d/b/a
> STAPLES THE OFFICE SUPERSTORE
> EAST, INC.

## CERTIFICATE OF CONFERENCE

      The Movant certifies that she in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. Counsel for Plaintiff and for Defendant United Door are not opposed to the filing of said Motion. Counsel has attempted to confer with A-1 Auto Door regarding the substance of this motion but has not been successful. Therefore, the Movant assumes A-1 Auto Door is opposed to this motion.

_____
RosaMaria Villagómez-Vela

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing Defendant's Motion for Leave to File Amended Answer was served upon all counsel of record, to-wit:

>Ron W. Armstrong
>R. W. Armstrong & Associates
>2600 Old Alice Road, #A
>Brownsville, Texas 78521
>Attorney for Plaintiff

>Robert A. Allen
>P.O. Box 101507
>San Antonio, Texas 78201
>Attorney for A-1 Auto Door Systems, Inc.

>Monte English
>English & Clemmons, LLP
>555 N. Carancahua, Suite 1500
>Corpus Christi, Texas 78478
>Attorney for United Door Service

by hand delivery, facsimile transmission, and/or certified mail, return receipt requested, pursuant to the Federal Rules of Civil Procedure, on this the 25" day of July, 2005.

_____
Norton A. Colvin, Jr.

# EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CLAUDIA GONZALEZ | § § | |
| VS. | § § | **CIVIL ACTION NO. B-03-125** |
| STAPLES THE OFFICE SUPERSTORE d/b/a STAPLES THE OFFICE SUPERSTORE EAST, INC., ET. AL. | § § § § § | JURY REQUESTED |
| VS. | § § | |
| UNITED DOOR SERVICE | § § | |
| VS. | § § | |
| A-1 AUTO DOOR SYSTEMS, INC. | § | |

**DEFENDANT/THIRD PARTY PLAINTIFF'S FIRST AMENDED ANSWER
IN RESPONSE TO PLAINTIFF'S SECOND AMENDED PETITION
AND ORIGINAL ANSWER IN RESPONSE TO CONTRIBUTION CLAIM
BY THIRD PARTY DEFENDANT UNITED DOOR SERVICE**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW STAPLES THE OFFICE SUPERSTORE d/b/a STAPLES THE OFFICE SUPERSTORE EAST, INC., Defendant/Third Party Plaintiff herein ("Staples"), and files this its First Amended Answer in Response to Plaintiff's Second Amended Petition and Original Answer in Response to Contribution Counter-Claim by Third Party Defendant United Door Service in the above entitled and numbered cause, and in support thereof would show the Court as follows:

## ANSWER IN RESPONSE TO PLAINTIFF'S SECOND AMENDED PETITION

1.      Defendant admits the allegations contained in Paragraph 1 of Plaintiff's Second Amended Petition.

2.      Defendant admits that Plaintiff has filed an action in tort for alleged injuries which she allegedly sustained on Defendant's premises on September 1, 2001, which allegations Defendant specifically denies. Defendant further denies any remaining allegations contained in Paragraph 2 of Plaintiff's Second Amended Petition.

3.      Defendant admits that Plaintiff was at the Staples store in Brownsville, Texas on September 1, 2001 and was allegedly struck by the automatic doors upon exiting the store. Defendant denies any remaining allegations contained in Paragraph 3 of Plaintiff's Second Amended Petition.

4.      Defendant denies the allegations contained in Paragraph 4 of Plaintiff's Second Amended Petition.

5.      Defendant denies the allegations contained in Paragraph 5 of Plaintiff's Second Amended Petition.

6.      Defendant admits that Plaintiff was an invitee in its store at the time of the alleged incident. Defendant denies all remaining allegations contained in Paragraph 6 of Plaintiff's Second Amended Petition.

7.      Defendant denies the allegations contained in Paragraph 7 of Plaintiff's Second Amended Petition.

8. Defendant denies the allegations contained in Paragraph 8 of Plaintiff's Second Amended Petition.

9. Defendant denies that Plaintiff is entitled to a judgment, damages, costs, pre-judgment interest, post-judgment interest, or any other relief prayed for in the prayer of Plaintiff's Second Amended Petition.

10. Defendant denies each and every allegation contained in Plaintiff's Second Amended Petition not specifically admitted herein.

## ANSWER IN RESPONSE TO CONTRIBUTION COUNTER-CLAIM FILED BY THIRD PARTY DEFENDANT UNITED DOOR SERVICE

11. Defendant denies the allegations contained in Paragraph 5.01 of Third Party Defendant United Door Service's First Amended Original Answer.

## AFFIRMATIVE DEFENSES

12. For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that Plaintiff's claims are barred, in whole or in part, due to the contributory negligence and/or comparative responsibility of Plaintiff in that she failed to exercise ordinary care, caution and prudence to avoid the incident and injuries at issue. Plaintiff's acts and omissions, whether taken together or separately, proximately caused the injuries and damages to Plaintiff which are alleged in Plaintiff's petition.

13. For further answer, if such be necessary Staples asserts that, to the extent Plaintiff has suffered damages or injuries for which she is entitled to compensation, which Staples denies, such injuries or damages are not due to any negligence of Staples, but were instead proximately caused, in whole or in part, by the negligence and/or intentional conduct of Third Party Defendant United Door Service, and/or Third Party Defendant A-1 Auto Door Systems, Inc. in that it failed to exercise ordinary care in performing required maintenance and service on the automatic doors at issue in this case.

14. Staples thus asserts that, pursuant to Texas Civil Practice & Remedies Code Section 33.004, Third Party Defendants United Door Service and A-1 Auto Door Systems are Responsible Third Parties from whom Staples is entitled to seek a determination by the jury of Third Party Defendant's comparative responsibility, and, from whom Staples is entitled to contribution and/or indemnity as to any damages awarded to Plaintiff in this action.

15. For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that if Plaintiff was damaged as alleged, which is not admitted but is expressly denied, such damages were the result of an unavoidable accident.

16. For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that the act or omission of a person other than Defendants was the sole proximate cause of the accident in question.

17. For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that if Plaintiff was injured as alleged, which is not admitted but is expressly denied, such injuries were caused or contributed to, in whole or in part, by a party for whom Defendant is not responsible.

18. For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that the acts or omissions of Plaintiff, United Door Service, A-1 Auto Door Systems, Inc., or other third parties were the sole proximate cause or a new and independent cause of the accident and injuries complained of in this lawsuit.

19. For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that in accordance with Texas Civil Practice and Remedies Code §33.013, a defendant may not be held jointly and severally liable for any amount of damages claimed herein <u>unless</u> the percentage of that defendant's responsibility, when compared with that of each responsible party, settling party and each responsible third party is greater than fifty percent (50%). Accordingly, Defendant specifically denies any claims for the imposition of joint and several liability against it.

20. For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that Plaintiff's alleged injuries, if true, which is not admitted but expressly denied, did not result from any act or omission of Defendant, but rather were the effect of pre-existing or subsequent illnesses, conditions, diseases and/or injuries for which Defendant cannot be held liable.

21. For further answer if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to mitigate the effect of the alleged injuries and damages as required by law.

22. For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that the damages in this case, if any, were proximately caused by the negligence of third parties and any recovery should be barred or diminished under the applicable provisions of the law.

23. For further answer, if such be necessary, and pleading in the alternative, Defendant further invokes the provisions of §33.001 of the Texas Civil Practice & Remedies Code. In this case, Defendant alleges that the negligence of Plaintiff is fifty-one percent (51%) or greater, and therefore, no damages may be recovered from Defendant.

24. For further answer, if such be necessary, and pleading in the alternative, Defendant further specifically denies that it is liable for prejudgment interest in this cause of action as pled by Plaintiff, in a good faith argument for the modification or reversal of existing law.

25. For further answer, if such be necessary, and pleading in the alternative, Defendant further specifically pleads the limitation of recovery of exemplary damages as set forth in Section 41.008, et seq. of the Texas Civil Practice & Remedies Code.

26. For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively denies that it is liable for exemplary damages and pleads affirmatively the provisions of Chapter 41, of the Texas Civil Practices & Remedies Code, including the provisions on applicability, standards for recovery, preclusions, prejudgment interest, and limitations on amount.

27. For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively states that an award of punitive damages in this case would violate the procedural due process guaranteed by the Constitution of the United States. Texas Law, and the instructions given to the jury, are vague and standardless as to whether and how much to punish a defendant, and are likely to produce arbitrary and capricious results. Therefore, any award of punitive damages should be disallowed, or declared null and void.

28. For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that in the event any issue respecting punitive damages is submitted to the jury, Defendant is entitled to have and does hereby request that the jury be instructed that under the principles of state sovereignty and comity as declared by the United States Supreme Court that neither a state court nor a state court jury may impose economic sanctions for alleged violations of state laws with the intent of changing the defendant's conduct in other states. Any such award, or even consideration by the jury, would furthermore violate the commerce clause, and as a specific

consequence (but not limited to same), the jury cannot consider the total sales of this model year vehicle in any State but Texas.

29.     For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that Plaintiff is not entitled to exemplary or punitive damages as alleged, for the reason that exemplary damages are unconstitutional and violative of the provisions of the United States Constitution and the Texas Constitution, including but not limited to the following provisions:

    (a)    <u>Proscription on excessive fines</u>.  U. S. Constitution Amendment 8; Texas Constitution Article I, Section 13.

    (b)    <u>Requirements of Due Process</u>.  U. S. Constitution Amendments 5 and 14; Texas Constitution Article I, Sections 13 and 19.

    (c)    <u>Requirement of Equal Protection Under the Law</u>.  U. S. Constitution Amendments 5 and 14; Texas Constitution Article I, Sections 3 and 3a.

    (d)    <u>Proscription on Ex Post Facto and Retroactive Law</u>.  U. S. Constitution Article I, Section 10; Texas Constitution Article I, Section 16.

    (e)    Such punitive damages are penal in nature.  Under Texas law, they are not tied to any fair, just, and reasonable relation to actual damages.  Consequently, exemplary damages violate the contract clause of the U. S. Constitution, U. S. Constitution Article I, Section 10.

30.     For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that the exemplary damages, if any, assessed in this case be limited in accordance with the guidelines set forth in *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996), and *State Farm v. Campbell*, 123 S.Ct. 1513 (2003), the due process and excessive fines clauses of the United States and Texas Constitutions.

## JURY DEMAND

31. Defendant continues to request trial by jury.

## CROSS-ACTION

32. Staples is a Defendant/Third Party Plaintiff in the above-styled and numbered civil action. Cross-Defendant A-1 Auto Door Systems is a Texas corporation with its principal place of business in San Antonio, Texas. Cross-Defendant has been previously served and answered herein. Service of this Cross-Action may be made by serving a copy on its attorney of record.

33. Jurisdiction and venue over this cross-action is proper, in that it arises out of Plaintiff's claims against the Defendants and Third Party Defendants over whom this Court has jurisdiction in this matter, and it arises in a suit in which Plaintiff has established proper venue, in that Cameron County is the county in which all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred.

34. Subject to its denials of liability and affirmative defenses, Staples contends that in the event the alleged damages suffered by Plaintiff were caused by negligence or other responsible actions or inactions, those damages were caused by the negligence of others, including to the extent found by the jury, A-1 Auto Door Systems, Inc., rather than any negligence on the part of this Defendant.

35. Staples asserts that it is entitled to contribution, or alternatively, indemnification, from Cross-Defendant A-1 Auto Door Systems, Inc., jointly and severally, in accordance with the provisions of Chapter 33 of the Texas Civil Practices & Remedies Code. Staples will thus be entitled to, and therefore sues for, a judgment that Cross Defendant A-1 Auto Door Systems, Inc. be required to pay the amount of any percentage of responsibility apportioned to Staples in any judgment and to indemnify Staples to the extent of same.

36. Staples would further show that Cross-Defendant A-1 Auto Door Systems,

Inc. is a responsible third party from whom Staples is entitled to seek a determination by the jury of A-1 Auto Door Systems, Inc.'s comparative responsibility from whom Staples is entitled to contribution and/or indemnity as to any damages awarded to Plaintiff in this action. To the extent any damages are awarded to Plaintiff in this action, Staples asks that it be granted judgment for contribution and/or indemnity against A-1 Auto Door System, Inc., for damages in such an amount as found by a jury.

WHEREFORE, Staples The Office Superstore d/b/a Staples The Office Superstore East, Inc., Defendant/Third Party Plaintiff and Cross-Plaintiff, respectfully prays that upon final hearing and trial hereof, it be granted judgment in its favor against Plaintiff and not be held liable to any parties hereto, that Plaintiff's Original Petition be dismissed in its entirety; that Defendant have judgment thereon, recovering its attorney's fees; and in the alternative, should judgment be awarded against Staples to any extent, that Staples have judgment on its Cross-Action against Cross-Defendant A-1 Auto Door Systems, Inc. for contribution and/or indemnity as sought herein, together with its costs and reasonable attorney's fees; and for such other and further relief as to which this party may show itself justly entitled to receive.

Respectfully submitted,

RODRIGUEZ, COLVIN, CHANEY &
SAENZ, L.L.P.

By: _____
Norton A. Colvin, Jr. w/ permission Marsitell
State Bar No. 04632100    SBOT04631400
Southern District Admissions No. 1918
RosaMaria Villagomez-Vela
State Bar No. 24008210
Southern District Admissions No. 22983
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
Tel: (956) 542-7441
Fax: (956) 541-2170

**ATTORNEYS FOR DEFENDANT,
STAPLES THE OFFICE SUPERSTORE
d/b/a STAPLES THE OFFICE
SUPERSTORE EAST, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon all counsel of record, to-wit:

>Ron W. Armstrong
>R. W. Armstrong & Associates
>2600 Old Alice Road, #A
>Brownsville, Texas 78521
>*Attorney for Plaintiff*
>
>Robert A. Allen
>P.O. Box 101507
>San Antonio, Texas 78201
>*Attorney for A-1 Auto Door Systems, Inc.*
>
>Monte English
>English & Clemmons, LLP
>555 N. Carancahua, Suite 1500
>Corpus Christi, Texas 78478
>*Attorney for United Door Service*

by certified mail, return receipt requested, facsimile transmission, and/or hand delivery, pursuant to the Federal Rules of Civil Procedure, on this 25th day of July, 2005.

_____
Norton A. Colvin, Jr.